RECEIVED
FEB 13 2002
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEPUTY CLERK

FILED
FEB 19 2002
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| WOMACK+HAMPTON ARCHITECTS, L.L.C., § § § Plaintiff, § § vs. § § METRIC HOLDINGS LIMITED § PARTNERSHIP, CHILES ARCHITECTS, § INC. and TRAMMEL CROW RESIDENTIAL § COMPANY, § § Defendants. § | CIVIL ACTION NO. A 01 CA 591 JN |

**AMENDED ANSWER OF METRIC HOLDINGS LIMITED
PARTNERSHIP AND TRAMMELL CROW RESIDENTIAL
COMPANY TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

COME NOW Metric Holdings Limited Partnership ("Metric") and Trammell Crow Residential Company ("Trammell Crow"), (collectively "Defendants"), and for their Amended Answer to Plaintiff's First Amended Complaint, state as follows:

**First Defense**

Plaintiff has failed to state a claim for attorneys' fees, and its claim for attorneys' fees is barred, pursuant to 17 U.S.C. §§ 412 and 505.

**Second Defense**

Defendant Metric Holdings Limited Partnership has been dissolved and a Certificate of Cancellation was filed December 4, 2000. This court therefore lacks jurisdiction over Metric.

30

## Third Defense

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and so deny them.

2. Defendants deny that Metric may be effectively served with process, and they admit the remaining allegations in paragraph 2.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 and so deny them.

4. Defendants admit the allegations in paragraph 4.

5. Defendants deny that Plaintiff has valid copyright claims against them, but admit that this is an action for copyright infringement, as alleged in paragraph 5.

6. Defendants deny that Plaintiff has valid copyright claims against them, but admit that this Court has jurisdiction over an action alleging copyright infringement, as alleged in paragraph 6.

7. Defendants deny the allegation in paragraph 7 that there was an infringement but otherwise admit the allegations in paragraph 7.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and so deny them.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and so deny them.

10. Defendants admit that Metric began to build an apartment complex in Austin known as The Reserve at North Bend, which had sometimes been referred to as Winfern, in 1998, but otherwise deny the allegations in paragraph 10.

11. Defendants deny the allegations in paragraph 11.

12. Defendants admit that Metric completed construction of an apartment complex in Austin known as The Reserve at North Bend, which had sometimes been referred to as Winfern, in or about 1999, but otherwise deny the allegations in paragraph 12.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and so deny them.

14. In response to paragraph 14, Defendants incorporate herein their responses to the paragraphs referenced in that paragraph, pursuant to Fed. R. Civ. P. 10(c).

15. Defendants deny the allegations in paragraph 15.

16. Defendants deny the allegations in paragraph 16.

17. In response to paragraph 17, Defendants incorporate herein their responses to the paragraphs referenced in that paragraph, pursuant to Fed. R. Civ. P. 10(c).

18. Defendants admit that the entity that became the general partner of Metric requested that Defendant Chiles make use of schematic drawings from Plaintiff in connection with work on The Reserve at North Bend, which had sometimes been referred to as Winfern, but otherwise deny the allegations in paragraph 18.

19. Defendants deny the allegations in paragraph 19.

20. Defendants deny the first and second sentences in paragraph 20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 20 and so deny them.

21. Defendants deny the allegations in paragraph 21.

### Fourth Defense

Plaintiff is barred from raising some or all of the claims in its First Amended Complaint by the applicable statute of limitations.

### Fifth Defense

Plaintiff has been guilty of laches so as to bar the alleged claims it seeks to raise in its First Amended Complaint.

### Sixth Defense

Plaintiff is estopped from making the alleged claims it seeks to raise in its First Amended Complaint, or, alternatively, Plaintiff has waived such alleged claims.

### Seventh Defense

To the extent demonstrated by subsequent discovery, Plaintiff has failed to mitigate the damages allegedly sustained by it and Plaintiff is therefore barred, in whole or in part, from recovery against Defendants.

### Eighth Defense

The actions complained of by Plaintiff were taken in accordance with a contractual license, and with the consent of Plaintiff, and Plaintiff's claims are therefore barred.

### Ninth Defense

The actions complained of by Plaintiff were taken in accordance with an implied license, and with the consent of Plaintiff, and Plaintiff's claims are therefore barred.

WHEREFORE, Defendants Metric Holdings Limited Partnership and Trammell Crow Residential Company pray that Plaintiff's First Amended Complaint be dismissed without costs, for all their costs and attorneys' fees expended, and for such other and further relief as to which they may show themselves to be entitled.

Respectfully submitted,

**GRAVES, DOUGHERTY, HEARON & MOODY**
A Professional Corporation
515 Congress Avenue, Suite 2300
P. O. Box 98
Austin, Texas 78767
Telephone: 512/480-5600
Telecopy: 512/478-1976

By_____
Richard D. Yeomans
State Bar No. 24030014
Donald G. Jones
State Bar No. 10869995

ATTORNEYS FOR DEFENDANTS
METRIC HOLDINGS LIMITED PARTNERSHIP AND
TRAMMELL CROW RESIDENTIAL COMPANY

The undersigned certifies that a copy of the foregoing AMENDED ANSWER OF METRIC HOLDINGS LIMITED PARTNERSHIP AND TRAMMELL CROW RESIDENTIAL COMPANY TO PLAINTIFF'S FIRST AMENDED COMPLAINT has been sent by Facsimile and by First Class Mail on February 15, 2002, to:

Gregory M. Luck, Esq.  
Sankey & Luck, L.L.P.  
600 Travis Street, Ste. 6200  
Houston, Texas 77002

Timothy N. Trop, Esq.  
Trop, Pruner & Hu, P.C.  
8554 Katy Freeway, Suite 100  
Houston, Texas 77024

Richard Harrison, Esq.  
Rick Harrison & Associates  
100 Congress Avenue, Ste. 1550  
Austin, Texas 78701

_____  
Don Jones

U:\DGJones\Trammell-WH\Amended Answer1.wpd, 2/15/2002

6