IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WOMACK+HAMPTON ARCHITECTS, L.L.C. | § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. A 01CA 59 1 JN |
| METRIC HOLDINGS LTD., PARTNER-SHIP; CHILES ARCHITECTS, INC.; TRAMMELL CROW RESIDENTIAL COMPANY; TCR OPERATING COMPANY, INC.; TCR METRIC, L.P.; SOUTH CENTRAL RS, INC.; TCR SOUTH CENTRAL, INC.; TCR SOUTH CENTRAL1995, INC.; TCR SOUTH CENTRAL DIVISION L.P.; TCR METRIC CONSTRUCTION LTD. PARTNERSHIP; GARY CHILES; ROBERT BUZBEE; LEWIS BUNCH; KENNETH J. VALACH; PERRY WILSON; CHRIS WHEELER; J. RONALD TERWILLIGER Individuals Defendants. | § § § § § § § § § § § § § § § § § | JURY TRIAL DEMANDED |

**PLAINTIFF'S REPLY TO TCR DEFENDANTS'
RESPONSE TO PLAINTIFF'S MOTION FOR
<u>PARTIAL SUMMARY JUDGMENT ON THE ISSUE OF DAMAGES</u>**

Plaintiff, Womack+Hampton Architects, L.L.C. (hereinafter "WHA"), herein files its Reply to the Response of the TCR Defendants to Plaintiff's Cross Motion for Summary Judgment on the Issue of Damages.

Plaintiff's Cross Motion was directed to the identical issue as Defendants' earlier Motion: that any damages available in this action are those recoverable under the Copyright Statute and are not, as argued by Defendants, limited to contract damages.

1

/05

As the Movant on its Motion in-chief, Defendants argued the absence of genuine issues of material fact on the precise legal issue that was the subject of Plaintiff's Cross Motion. As such, Defendants cannot now argue that additional discovery is required for its Response. *See Beech Aircraft Corp. v. EDO Corp.*, 990 F.2d 1237, 1245 (Fed. Cir. 1993) (where both parties filed motions for summary judgment on the same issue, "both parties implicitly conceded that there are no material facts in issue regarding the . . . claim"); *Leibovitz v. Paramount Pictures Corp.*, 948 F. Supp. 1214, 1217-18 (S.D.N.Y. 1996).

Defendants' Response is an exercise in misdirection and obfuscation. The premise of Defendants' Response is that Plaintiff has moved for summary judgment on the issue of infringement. Indeed, Defendants' Response addresses no issue but that of infringement. Even a cursory review of Plaintiff's Cross Motion and its proposed Order reveals Defendants' premise to be purely fictional. Though Plaintiff fully intends to move for summary disposition on the issue of infringement at some future date, Plaintiff's Cross Motion is plainly directed to the issue of its entitlement to copyright damages.

Defendants have not addressed the substance of Plaintiff's Cross Motion. As such, Plaintiff's Cross Motion is unopposed and judgment should be entered for Plaintiff as to its entitlement to copyright damages should it prevail on its claims for infringement. "The opposing party cannot rest on its pleadings. It must make an affirmative showing on *all* matters placed in issue by the motion as to which it has the burden of proof at trial." *Federal Civil Procedure Before Trial*, Hon. David Hittner, The Rutter Group, 2001, § 14:144 (emphasis added); see also, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-4 (1986); *Isquith v. Middle*, 847 F.2d 186, 199 (5th Cir. 1988); *International Union, United Mine Workers of America v. Racho Trucking* Co., 897 F.2d 1248, 1254 (3rd Cir. 1990)

2

(summary judgment appropriate when non-movant failed to produce evidence to refute evidence presented by moving party); *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988)(an unopposed motion for summary judgment with a *prima facie* showing that movant is entitled to judgment should be granted.)

## CONCLUSION

Plaintiff's Cross Motion for summary judgment on the issue of Plaintiff's entitlement to copyright damages is not substantively opposed by Defendants. As such, Plaintiff's Cross Motion should be granted.

In their Motion in-chief, Defendants admitted the above fact issues on the issue of those types of damages available to Plaintiff in this action. Should Plaintiff prevail on its copyright claims, Defendants are therefore estopped to assert that they now require discovery on this issue. Defendants' Motion made pursuant to Fed. R. Civ. P., Rule 56(f) should therefore be denied.

Date: 6/25/02

Respectfully submitted,

Gregory M. Luck
Texas State Bar No. 12666380
Thomas W. Sankey
Texas State Bar No. 17635670
SANKEY & LUCK, L.L.P.
6200 Chase Tower, 600 Travis
Houston, Texas 77002
Telephone: (713) 224-1007
Facsimile: (713) 223-7737

3

>Timothy N. Trop
>Texas State Bar No. 20236600
>TROP, PRUNER & HU, P.C.
>8554 Katy Freeway, Suite 100
>Houston, Texas 77024
>Telephone: (713) 468-8880
>Facsimile:  (713) 468-8883
>
>ATTORNEYS FOR PLAINTIFF
>WOMACK+HAMPTON ARCHITECTS, L.L.C.

E:\WOMA\005\Pleadings\Reply to Defendants Response to Motion for Partial MSJ.wpd

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of Plaintiff's Reply to the TCR Defendants' Response to Plaintiff's Motion for Partial Summary Judgment on the Issue of Damages has been served on the following counsel of record via certified mail, return receipt requested, on this the 25th day of June, 2002:

Rick Harrison
Rick Harrison & Associates
100 Congress Ave., Suite 1550
Austin, Texas 78701

Richard D. Yeomans
Graves, Dougherty, Hearon & Moody
515 Congress Ave., Suite 2300
Austin, Texas 78701

                                              Gregory M. Luck