IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
AUG 1 6 2002
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | |
|---|---|
| WOMACK+HAMPTON ARCHITECTS, L.L.C. § § Plaintiff, § § VS. § § METRIC HOLDINGS LTD., PARTNER- § SHIP; CHILES ARCHITECTS, INC.; § TRAMMELL CROW RESIDENTIAL § COMPANY; TCR OPERATING § COMPANY, INC.; TCR METRIC, L.P.; § SOUTH CENTRAL RS, INC.; TCR § SOUTH CENTRAL, INC.; TCR SOUTH § CENTRAL1995, INC.; TCR SOUTH § CENTRAL DIVISION L.P.; TCR METRIC § CONSTRUCTION LTD. PARTNERSHIP; § GARY CHILES; ROBERT BUZBEE; § LEWIS BUNCH; KENNETH J. VALACH; § PERRY WILSON; CHRIS WHEELER; § J. RONALD TERWILLIGER § Individuals § Defendants. § | CIVIL ACTION NO. A 01CA 59 1 JN<br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

### PLAINTIFF, WOMACK+HAMPTON ARCHITECTS, L.L.C.'S ANSWER TO THE COUNTERCLAIMS OF THE TCR DEFENDANTS, SUPPLEMENTAL AFFIRMATIVE DEFENSES AND ADDITIONAL RECITATION OF FACTS

Plaintiff, Womack+Hampton Architects, L.L.C. (hereinafter "WHA"), herein responds to and files its Answer to the Counterclaims of the "TCR Defendants" as set forth in their First Amended Answer, responding to like-numbered paragraphs:

### I.
### DEFENDANTS' COUNTERCLAIM FOR DECLARATORY JUDGMENT

Plaintiff admits that 28 U.S.C. §§ 1338(a) and 2201(a) speak to the issue of jurisdiction.

1

/52

Plaintiff further admits that this Court has jurisdiction over the declaratory judgment counterclaim asserted by Defendants.

**Claim One**

1. Plaintiff admits that it is has made application for registration for, and has registered, architectural works and technical works residing in four (4) works alternatively designated "Cambria Place," "Reserve at Charles Place," "Windfern" and "Reserve at Cheyenne Place." Plaintiff further admits that it has asserted these registrations in its Second Amended Complaint. The remaining allegations set forth in Paragraph 1 are denied.

2. Plaintiff admits that 17 U.S.C. § 101 and 37 C.F.R. § 202.11 speak to the issue of a registration for architectural works, and further admits that a "building" is defined as "a single structure intended for human occupancy." The remaining allegations of Paragraph 2 are denied.

3. Defendants' allegations that Plaintiff submitted "full sets of plans" is vague and incomprehensible and thus Plaintiff is not able to admit or deny, and thus denies same. The remaining allegations of Paragraph 3 are denied.

4. The allegations of Paragraph 4 are denied.

5. Plaintiff admits that the application for registration submitted to the U.S. Copyright Office for the several works identified in Paragraph 1, above, properly identify it as the sole author. The remaining allegations of Paragraph 4 are denied.

6. Plaintiff admits that Defendants purport to seek a declaratory judgment that Plaintiff's registrations for the several works identified in Paragraph 1 are invalid and unenforceable, but denies that there is any factual or legal basis for the entry of such a judgment. The remaining allegations of this Paragraph 6 are denied.

### Claim Two

7.    Plaintiff admits that 37 C.F.R. § 202.11(d)(2) fully sets forth:

"The following structures, features, or works cannot be registered:

                      \*            \*            \*

Standard configurations of spaces, and individual standard features, such as windows, doors and other staple building components."

The remaining allegations of Paragraph 7 are denied.

8.    Plaintiff admits that a justiciable controversy exists between it and the "TCR Defendants." Plaintiff further admits that it has alleged, *inter alia*, that the TCR Defendants are liable for copyright infringement. The phrase "certain floor plan schematic drawings that were associated with the Windfern project" is unintelligible and thus Plaintiff is unable to admit or deny, and thus denies same. The remaining allegations of this Paragraph 8 are denied.

9.    The allegations of Paragraph 9 are denied.

10.    Plaintiff admits that the "TCR Defendants" purport to seek a declaratory judgment that "the Windfern floor plan schematic drawings are not protectable and were not infringed based on their use in designing the North Bend project," but denies that there exists a factual or legal basis for the entry of such judgment. The remaining allegations of this Paragraph 10 are denied.

## II.
## DEFENDANTS' COUNTERCLAIM FOR ARCHITECTURAL MALPRACTICE AND FOR NEGLIGENT MISREPRESENTATION

11.    Plaintiff admits that TCR 1995 and South Central L.P. purport to bring a counterclaim for malpractice and negligent misrepresentation, but denies that there exists a factual or legal basis for such counterclaims. The remaining allegations of this Paragraph 11 are denied.

12. The allegations of Paragraph 12 are denied.

All allegations set forth in Paragraphs 1-12 not specifically admitted are denied.

Plaintiff denies that Defendants are entitled to any of the relief sought in their PRAYER FOR RELIEF.

## III.
## SUPPLEMENTAL AFFIRMATIVE DEFENSES

1. Defendants' counterclaims for architectural malpractice and negligent misrepresentation are barred by the statute of limitations.

2. This Court lacks subject matter jurisdiction over Defendants' counterclaims for architectural malpractice and negligent misrepresentation.

3. Defendants' counterclaim for architectural malpractice and negligent misrepresentation fails to state a cause of action on which relief may be granted.

4. Plaintiff had no duty to Defendants.

5. Plaintiff did not breach any duty owed to Defendants.

6. Defendants' claims are barred since Defendants were contributorily and/or comparatively negligent.

7. Any negligence by Plaintiff was not a proximate cause of any of Defendants' alleged damages.

## IV.
## SUPPLEMENTAL RECITATIONS

1. On or about May 24, 2002, Plaintiff amended its application for registration for the "Windfern," "Reserve at Cheyenne," "Cambria" and "Reserve at Charles Place." These applications are pending.

4

2. On or about May 10, 2002, Plaintiff made application for registration in the technical drawings set forth in the "Reserve at Cheyenne," "Windfern," "Reserve at Charles Place" and "Cambria." From these applications, Plaintiff has received Registration Nos. VA 1-131-226 and VA 1-131-228, a copy of which are attached hereto. Other applications in the technical drawings of these projects are still pending.

3. On or about May 24, 2002, Plaintiff made application for registration in the architectural works set forth in the "Reserve at Cheyenne," "Windfern," "Reserve at Charles Place" and "Cambria." From these applications, Plaintiff has received Registration No. VA 1-131-227, a copy of which is attached hereto. Other applications in the architectural works of these projects are still pending.

WHEREFORE, Plaintiff prays for judgment that:

(a.) the relief requested by Defendants be denied;

(b.) Plaintiff be awarded its costs and reasonable attorneys' fees; and

c.) Plaintiff be awarded such further relief as may be deemed just and equitable by this Court.

Respectfully submitted,

Gregory M. Luck
Texas State Bar No. 12666380
Thomas W. Sankey
Texas State Bar No. 17635670
SANKEY & LUCK, L.L.P.
6200 Chase Tower, 600 Travis
Houston, Texas 77002
Telephone: (713) 224-1007
Facsimile: (713) 223-7737

TROP, PRUNER & HU, P.C.
Timothy N. Trop
State Bar No. 20236600
8554 Katy Freeway, Suite 100
Houston, Texas 77024
Telephone: (713) 468-8880
Facsimile: (713) 468-8883

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of Plaintiff Womack+Hampton Architects, L.L.C.'s Answer to Counterclaims of the TCR Defendants, Supplemental Affirmative Defenses and Additional Recitation of Facts has been served on the following counsel of record via certified mail, return receipt requested, on this the _16th_ day of August, 2002:

Rick Harrison
Fritz, Byrne, Head & Harrison, L.L.P.
98 San Jacinto, Suite 2000
Austin, Texas 78701

Richard D. Yeomans
Graves, Dougherty, Hearon & Moody
515 Congress Ave., Suite 2300
Austin, Texas 78701

_____
Gregory M. Luck

E:\WOMA\005\Pleadings\Answer to Counterclaims of TCR Defendants.wpd