IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
SEP -10 2002
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | |
|---|---|
| WOMACK+HAMPTON ARCHITECTS, L.L.C. § § Plaintiff, § § VS. § § METRIC HOLDINGS LTD., § PARTNERSHIP; CHILES ARCHITECTS, § INC.; TCR OPERATING COMPANY § INC.; TCR METRIC, L.P.; § SOUTH CENTRAL RS, INC.; TCR § SOUTH CENTRAL, INC.; TCR SOUTH § CENTRAL1995, INC.; TCR SOUTH § CENTRAL DIVISION L.P.; TCR METRIC § CONSTRUCTION LTD. PARTNERSHIP; § GARY CHILES; ROBERT BUZBEE; § LEWIS BUNCH; KENNETH J. VALACH; § PERRY WILSON; CHRIS WHEELER; § J. RONALD TERWILLIGER § Individuals § Defendants. § | CIVIL ACTION NO.A 01CA 59 1 JN<br><br><br><br>JURY TRIAL DEMANDED |

## MOTION FOR LEAVE TO FILE
## PLAINTIFF'S THIRD AMENDED COMPLAINT

Plaintiff WOMACK+HAMPTON ARCHITECTS L.L.C. (hereinafter "Womack+Hampton"), herein moves for leave pursuant to Fed. R. Civ. P., Rule 15 to file its Third Amended Complaint.

On March 22, 2002, Plaintiff added several Trammel Crow related Defendants and after having conducted substantial discovery, have determined that they are organized and operated as a mere tool or business conduit of each other, are the alter egos of each other, or should have their corporate veil pierce, and should be held responsible for the acts of each other so as to

prevent an inequitable result.

## I.
## ARGUMENT

Leave to amend a party's pleading shall be freely given when justice so requires. Fed. R. Civ. P., Rule 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Ynclan v. Department of Air Force*, 943 F.2d 1388, 1391 (5th Cir. 1991). The Supreme Court has identified the following factors in deciding on a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. at 182.

The decision to grant a motion to amend is committed to the sound discretion of the trial court. *Jacobsen v. Osborne et al.*, 133 F.3d 315, 317 (5th Cir. 1998) A motion filed under Rule 15(a) should not be denied unless there is a substantial reason to do so. *Letfall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994).

The 5th Circuit has interpreted the factors articulated in *Foman v. Davis* to emphasize that "the touchstone of the inquiry under Rule 15(a) is whether the proposed amendment would unfairly prejudice [the other party] by denying [the other party] notice of the nature of the complaint." *Lowrey v. Texas A&M University*, 117 F.3d 242, 244 (5th Cir. 1997). In order to justify denial, however, the nonmoving party must do more than merely claim prejudice; "it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely." *Heyl & Patterson*

*Int'l v. F.D. Rich Housing*, 663 F.2d 419, 426 (3rd Cir. 1981).

Leave is herein sought on the grounds that amendment of Plaintiff's Complaint in the manner proposed will promote the overall conduct of the litigation by placing before the Court all parties sharing liability for infringement under theories of direct infringement, contributory infringement, inducement to infringe and/or vicarious liability. Moreover, the amendments proposed in Plaintiff's Third Amended Complaint will not prejudice Defendants.

A copy of Plaintiff's Third Amended Complaint is attached to this Motion.

A proposed Order is submitted concurrently herewith.

                                           Respectfully submitted,

                                           SANKEY & LUCK, L.L.P.

Date: 9/5/02

                                           Gregory M. Luck
                                           State Bar No. 12666380
                                           Thomas W. Sankey
                                           State Bar No. 17635670
                                           Amy E. Hawk
                                           State Bar No. 24032279
                                           600 Travis, Suite 6200
                                           Houston, Texas  77002
                                           (713) 224-1007 - Telephone
                                           (713) 223-7737 - Facsimile

                                           Timothy N. Trop
                                           Trop, Pruner & Hu
                                           8554 Katy Freeway, Suite 100
                                           Houston, Texas 77024
                                           (713) 468-8880 - Telephone
                                           (713) 468-8883 - Facsimile

                                           ATTORNEYS FOR PLAINTIFF
                                           WOMACK+HAMPTON ARCHITECTS, L.L.C.

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h) for the United States District Court for the Western District of Texas, the undersigned does hereby certify that I have sought consent from opposing counsel for Defendants, Metric Holdings, Ltd. Partnership ("Metric"), Chiles Architects, Inc.("Chiles") and Trammel Crow Residential Company ("TCR") concerning the issues raised in this Motion. Counsel for Defendants ("Metric and TCR") indicated that they would oppose Plaintiff's Motion to Amend its Complaint.

_____
Thomas W. Sankey

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of PLAINTIFF'S MOTION FOR LEAVE TO FILE PLAINTIFF'S THIRD AMENDED COMPLAINT and [PROPOSED] ORDER has been served by certified mail, return receipt requested on this ____ day of September, 2002 on the following:

Rick Harrison
Fritz, Byrne, Head & Harrison, L.L.P.
98 San Jacinto, Suite 2000
Austin, Texas 78701

Richard D. Yeomans
Graves, Dougherty, Hearon & Moody
515 Congress Ave., Suite 2300
Austin, Texas 78701

_____
Gregory M. Luck