IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION



FILED

SEP 3 0 2002

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | | |
|---|---|---|
| WOMACK+HAMPTON ARCHITECTS, L.L.C. | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.A 01CA 59 1 JN |
| | § | |
| METRIC HOLDINGS LTD., PARTNERSHIP; CHILES ARCHITECTS, INC.; COMPANY; TCR OPERATING COMPANY, INC.; TCR METRIC, L.P.; SOUTH CENTRAL RS, INC.; TCR SOUTH CENTRAL, INC.; TCR SOUTH CENTRAL1995, INC.; TCR SOUTH CENTRAL DIVISION L.P.; TCR METRIC CONSTRUCTION LTD. PARTNERSHIP; GARY CHILES; ROBERT BUZBEE; LEWIS BUNCH; KENNETH J. VALACH; PERRY WILSON; CHRIS WHEELER; J. RONALD TERWILLIGER Individuals | § | JURY TRIAL DEMANDED |
| Defendants. | § | |

## PLAINTIFF'S THIRD AMENDED COMPLAINT

WOMACK+HAMPTON ARCHITECTS, L.L.C., Plaintiff, brings this action against

METRIC HOLDINGS, LTD PARTNERSHIP; CHILES ARCHITECTS, INC.; TCR SOUTH

CENTRAL 1995, INC., TCR OPERATING COMPANY, INC.; TCR METRIC L.P.; SOUTH

CENTRAL RS, INC.; TCR SOUTH CENTRAL, INC.; TCR SOUTH CENTRAL DIVISION

L.P.; TCR METRIC CONSTRUCTION LTD. PARTNERSHIP; GARY CHILES; ROBERT

BUZBEE; LEWIS BUNCH; KENNETH J. VALACH; PERRY WILSON; CHRIS WHEELER;

and J. RONALD TERWILLIGER,  Defendants, and alleges that:

# I.
# PARTIES

1.      Plaintiff, WOMACK+HAMPTON ARCHITECTS, L.L.C. (hereinafter "WOMACK +HAMPTON") is a limited liability corporation organized under the laws of the State of Texas with its principal place of business in Dallas, Texas.

2.      Defendant, Trammell Crow Residential group of companies

a.      Defendant, METRIC HOLDINGS, LTD. PARTNERSHIP (hereinafter "METRIC") was and/or is a limited partnership organized under the laws of the State of Texas and may be served by serving its legal representative, Richard D. Yeomans, at 515 Congress Avenue, Suite 2300, Austin, Texas 78701.

b.      Defendant, TCR SOUTH CENTRAL 1995, INC. ("TCR 1995") is a corporation organized under the laws of the State of Texas and may be served by serving its registered agent Corporation Service Company d/b/a CSC at 800 Brazos Street, Austin, Texas 78701.  Plaintiff is informed that TCR 1995, is the general partner of METRIC.

c.      Defendant, TCR SOUTH CENTRAL DIVISION L.P. ("TCR SOUTH CENTRAL") is a partnership organized under the laws of the State of Texas. Service on TCR South Central may be accomplished by serving its registered agent, Corporation Service Company, at 800 Brazos, Austin, Texas 78701.

d.      Defendant, TCR METRIC CONSTRUCTION LTD. PARTNERSHIP ("TCR METRIC CONSTRUCTION") is a partnership organized under the laws of the State of Texas. Service on TCR METRIC CONSTRUCTION may be accomplished by serving its registered agent, Corporation Service Company, at 800 Brazos, Austin, Texas 78701.

e.      Defendant, TCR OPERATING COMPANY, INC. ("TCRO") is a corporation organized under the laws of the State of Texas.  Service on TCRO. can be accomplished by serving

its registered agent, Gary Thomas Crum, 11 Greenway Plaza, Suite 1919, Houston, Texas 77046.

      f.     Defendant, TCR METRIC L.P. ("TCR METRIC") is a partnership organized under the laws of the State of Texas.  Service on TCR METRIC can be accomplished by serving its registered agent, Gary Thomas Crum, 11 Greenway Plaza, Suite 1919, Houston, Texas 77046.

      g.     Defendant, SOUTH CENTRAL RS, INC. ("SCRS")is a corporation organized under the laws of the State of Texas.  Service on SOUTH CENTRAL RS, INC. can be accomplished by serving its registered agent, Gary Thomas Crum, 11 Greenway Plaza, Suite 1919, Houston, Texas 77046.

      h.     TCR SOUTH CENTRAL, INC. ("SCRS ") is a corporation organized under the laws of the State of Texas.  Service on TCR SOUTH can be accomplished by serving its registered agent, Gary Thomas Crum, 11 Greenway Plaza, Suite 1919, Houston, Texas 77046.

Each of these entities have or are doing business as Trammell Crow Residential.

3.     Defendant CHILES ARCHITECTS, INC. (hereinafter "CHILES ARCHITECTS") is a corporation organized under the laws of the State of Texas and may be served by serving its legal representative, Rick Harrison, at 100 Congress Avenue, Suite 1550, Austin, Texas 78701.

4.     Defendant, ROBERT BUZBEE ("BUZBEE") is an individual employed by Defendant TCR.  BUZBEE may be served by serving Richard D. Yeomans at 515 Congress Avenue, Suite 2300, Austin, Texas 78701. BUZBEE is or has conducted business and held himself out as a representative of Trammell Crow Residential.

5.     Defendant, GARY CHILES ("CHILES") is the owner of Chiles Architects Inc. and may be served with service at his residence, 3218 Bridle Path, Austin, Texas 78703.

6.     Defendant, LEWIS BUNCH ("BUNCH") is a former employee of TCR and may be served with service at his residence, 6834 Cantrell Road, Little, Rock, Arkansas, 72207.  BUNCH has conducted business and held himself out as am employee of Trammell Crow Residential.

7.     Defendant, KENNETH J. VALACH ("VALACH") is an individual employed by Defendant TCR.  By agreement, VALACH may be served by serving Richard D. Yeomans at 515 Congress Avenue, Suite 2300, Austin, Texas 78701.  VALACH is or has conducted business and held himself out as a representative of Trammell Crow Residential.

8.     Defendant, PERRY WILSON ("WILSON") is an individual employed by TCR.  By agreement, WILSON may be served by serving Richard D. Yeomans, 515 Congress, Suite 2300, Austin, Texas 78701.  WILSON is or has conducted business and held himself out as a representative of Trammell Crow Residential.

9.     Defendant, J. RONALD TERWILLIGER ("TERWILLIGER") is an individual employed by TCR.  TERWILLIGER may be served at his place of business, 2859 Paces Ferry Road, Suite 1100, Atlanta, Georgia, 30339. TERWILLIGER is or has conducted business and held himself out as a representative of Trammell Crow Residential.

10.     Defendant, CHRIS WHEELER ("WHEELER") is an individual formerly employed by Defendant, TCRC.  WHEELER may be served at his place of business,  2859 Paces Ferry Road, Suite 1450, Atlanta, Georgia, 30339. WHEELER is or has conducted business and held himself out as a representative of Trammell Crow Residential.

**II.**
**AUTHORITY OF CORPORATE AND PARTNERSHIP DEFENDANTS'**
**AGENTS, SERVANTS, EMPLOYEES AND REPRESENTATIVES**

11.     Whenever in this Complaint it is alleged that a corporate or partnership Defendant did any act or thing, it is meant that such corporate or partnership Defendants' officers, servants,

employees or representatives did such act or thing and that at the time such act or thing was done, it was done with the full authorization or ratification of such corporate or partnership Defendant or was done in the normal and routine course and scope, or was actual, apparent and/or implied authority of such corporate or partnership Defendant's officers, agents, servants, employees or representatives, or after it was done, the same was ratified, confirmed, or approved, or the benefits thereof accepted such that the Defendant is estopped to deny same.

### III.
### JURISDICTION AND VENUE

12.     This is an action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.,* and specifically the Architectural Works Copyright Protection Act, as enacted on December 1, 1990.

13.     This Court has jurisdiction over the copyright claims under 28 U.S.C. §§ 1331 and 1338(a).

14.     Venue is proper in this district pursuant to 28 U.S.C.§ § 1400(a) and 1391(b)  since at least one Defendant resides in this judicial district and this district is where a substantial portion of those acts giving rise to infringement occurred.

### IV.
### FACTUAL BACKGROUND

15.     In or about 1995, WHJV developed original architectural plans for an apartment complex to be built in Ft. Worth, Texas under the name "Cambria Place".  In or about May, 1997, WHJV also developed original architectural plans for an apartment complex to be built in Plano, Texas under the name "Reserve at Charles Place".    In or about 1998, WHJV developed original architectural plans for an apartment complex to be built in Houston, Texas, under the name "Windfern." In or about 1998, WHJV also developed original architectural plans for an apartment complex to be built in Dallas, Texas, under the name of "The Reserve at Cheyenne". The "Reserve

at Cheyenne", "Winfern", "Cambria Place" and "Reserve at Charles Place" will be collectively be referred to as the "SUBJECT WORKS".

16.    In or about August, 2001, WOMACK + HAMPTON, as the assignee of all rights, title and interest in the copyrights in the "Reserve at Cheyenne" and "Windfern", made application for registration with the United States Copyright Office. Those applications issued as registration Nos. VA-1-088-511 and VA-1-089-750. Copies of these registrations are attached herewith as Exhibits "A" and "B", respectively.

17.    In or about October, 2001, WOMACK+HAMPTON, as the assignee of all rights, title and interest in the copyrights in the "Cambria Place" and "The Reserve at Charles Place", made application for registration with the United States Copyright Office. The application for "Cambria Place" issued as registration No. VA 1-103-102, a copy of which is attached hereto as Exhibit "C". The application for the "Reserve at Charles Place" issued as registration no. VA 1-103-120, a copy of which is attached hereto as Exhibit "D".

18.    In or about May 10, 2002, WOMACK+HAMPTON made application for registration to the United States Copyright Office for the technical drawings for the "Cambria Place - Leasing Center" and "The Reserve at Cheyenne - Building II", "Reserve at Charles Place - Leasing Center", "Windfern - Building I", "Reserve at Cheyenne - Building I", and "Windfern - Building II."

19.    In or about May 13, 2002, the application for "Reserve at Cheyenne - Building II" issued as Registration Number VA 1-131-226, a copy of which is attached hereto as Exhibit "E". In or about May 13, 2002, the application for "Reserve at Cheyenne - Building I" issued as Registration Number VA 1-131-228, a copy of this Registration is attached herewith as Exhibit "F".

20.    On or about May 24, 2002, WOMACK+HAMPTON made application for registration for the architectural works contained in "Windfern - Building II", and "Reserve at Cheyenne - Building II".

21.     On or about May 24, 2002, Plaintiff made application for registration with the United State Copyright Office for "Reserve at Cheyenne - Building I", "Cambria Place - Leasing Center", "Windfern - Building II", "Reserve at Charles Place - Leasing Center".

22.     On or about May 28, 2002, the application for "Reserve at Cheyenne - Building II" issued as Registration Number VA 1-131-227, a copy of which is herewith attached as Exhibit "G".

23.     In or about 1998, Plaintiff discovered that entities within the Trammell Crow group of companies had commissioned Defendant CHILES ARCHITECTS to copy the "Reserve at Cheyenne" and the "Windfern", and from those works, METRIC and/or other entities within the Trammell Crow Residential group of companies had commenced to build or cause to be built an apartment complex in Austin by the name of "Winfern", subsequently renamed the "Reserve at North Bend". As a result of discovery, WOMACK+HAMPTON additionally believes that Defendants, individually or collectively, also copied the architectural works in the clubhouse designs appearing in "Cambria Place" and the "Reserve at Charles Place".

24.     CHILES, the owner of Defendant, CHILES ARCHITECTS, substantially contributed to the infringement by those CHILES ARCHITECTS of the SUBJECT WORKS. TERWILLIGER, BUZBEE, BUNCH, VALACH, WILSON and WHEELER substantially contributed to the infringement of the SUBJECT WORKS by those entities within the Trammell Crow Residential group of companies and/or possessed a right and ability to supervise the conduct of those who directly participated in the acts of infringement. Moreover, each of the Defendants, TERWILLLIGER, CHILES, BUZBEE, BUNCH, VALACH, WILSON and WHEELER had an obvious and direct financial interest in the unauthorized exploitation and use of the SUBJECT WORKS.

25.     Defendant CHILES ARCHITECTS' acts in copying the SUBJECT WORKS and Defendants' construction of the "Winfern" complex in Austin from the SUBJECT WORKS was without license or authorization from Plaintiff.

26.     Plaintiff made demand upon Defendants to cease and desist their unauthorized copying and use of the SUBJECT WORKS, but Defendants refused to do so. At least as a result of Plaintiff's demand, individual Defendants, TERWILLIGER, CHILES, BUZBEE, BUNCH, VALACH, WILSON and WHEELER knew or should have known of Plaintiff's copyrights in the SUBJECT WORKS and of Plaintiff's allegations of infringement of those works.

27.     On information and belief, named Defendants within the Trammell Crow Residential group of companies completed construction of the "Winfern" apartment complex in Austin in or about 1999.

28.     Only through discovery in this case has Plaintiff been able to discover the true identity and relationship between those individuals doing business as Trammell Crow Residential and those entities within the Trammell Crow Residential group of companies. Five additional corporate Defendants and seven individuals were added to this lawsuit upon discovery of their true identity and relationship. Thus, any claim of limitations by individual defendant or entity within the Trammell Crow Residential group of companies are tolled and/or they are equitably estopped from claiming same. As a result, Plaintiff pleads the discovery rule, equitable estoppel, fraudulent concealment and tolling of limitations.

## V.
## COUNT ONE - COPYRIGHT INFRINGEMENT

29.     Plaintiff realleges each and every allegation set forth in paragraphs 1-28 above, and herein incorporates these allegations by reference as if fully set forth at length.

30.     Plaintiff did not authorize Defendants' copying of the SUBJECT WORKS and further did not authorize Defendants' use of the SUBJECT WORKS to construct the "Winfern" apartment complex in Austin, as described above.

31.     Copying of the SUBJECT WORKS and construction of structures incorporating the SUBJECT WORKS is a direct infringement of Plaintiff's rights under 17 U.S.C. § 101 *et seq.*, for which Plaintiff seeks to recover damages.

**VI.**
**COUNT TWO - INDUCEMENT TO INFRINGEMENT**

32.     Plaintiff realleges each and every allegation set forth in paragraphs 1-31 above, and herein incorporates them by reference as if fully set forth at length.

33.     On information and belief, Defendants doing business within the Trammell Crow Residential group of companies induced Defendant CHILES ARCHITECTS to copy the SUBJECT WORKS for use in constructing the infringing "Winfern" apartment complex in Austin.

34.     Defendants, CHILES ARCHITECTS and CHILES, by designing the infringing "Winfern" apartment complex, induced Defendants, including Defendants within the Trammell Crow Residential group of companies, to infringe Plaintiff's copyrights in the SUBJECT WORKS.

35.     The acts of those entities and individuals within the Trammell Crow Residential group of companies, constitute inducement of copyright infringement, for which Plaintiff seeks to recover damages. Similarly, CHILES ARCHITECTS and CHILES are also liable for inducement to infringe.

**VII.**
**COUNT THREE - CONTRIBUTORY INFRINGEMENT**

36.     Plaintiff realleges each and every allegation set forth in paragraphs 1-35 above, and herein incorporates these allegations by reference as if fully set forth at length.

37.     Defendant, CHILES, with knowledge or reason to know of the infringing conduct by CHILES ARCHITECTS, materially contributed to the infringement of the SUBJECT WORKS.

38.     Defendants, TERWILLIGER, BUZBEE, BUNCH, VALACH, WILSON and WHEELER each with knowledge or reason to know of the infringing activity by those identified Defendants within the Trammell Crow group of companies, materially contributed to the infringement of the SUBJECT WORKS by these Defendants.

39.     As a result of such knowledge and individual contribution, CHILES, BUZBEE, BUNCH, VALACH, WILSON and WHEELER are each personally liable as contributory infringers.

## VIII.
## VICARIOUS LIABILITY

40.     Plaintiff realleges each and every allegation set forth in paragraphs 1-39 above, and herein incorporates these allegations by reference as if fully set forth at length.

41.     Defendant, CHILES, had a right and ability to supervise the infringing conduct by CHILES ARCHITECTS.  Moreover, CHILES, as the owner of CHILES ARCHITECTS, had an obvious and direct financial interest in the infringement of the SUBJECT WORKS.

42.     Defendants, TERWILLIGER, BUZBEE, BUNCH, VALACH, WILSON and WHEELER each had the right and ability to supervise the infringement of the SUBJECT WORK by those individual Defendants had an obvious and direct financial interest in the infringement of the SUBJECT WORKS.

43.     As a result of such supervision and/or ability to supervise, coupled with a pecuniary interest, CHILES, BUZBEE, BUNCH, VALACH, WILSON and WHEELER are each vicariously liable.

## IX.
## EQUITABLE RELIEF

44.    Plaintiff's alleged and are prepared to prove at trial that the TCR Defendants, including, but not limited to, Metric Holdings Ltd., Partnership; Chiles Architects, Inc.; Trammel Crow Residential Company; TCR Operating Company, Inc.; TCR Metric, L.P.; South Central RS, Inc.; TCR South Central, Inc.; TCR South Central 1995, Inc.; TCR South Central Division, L.P.; TCR Metric Construction Ltd., Partnership; Lewis Bunch; Kenneth J. Valach; Perry Wilson; Chris Wheeler; and J. Ronald Terwilliger are organized and operated as a mere tool or business conduit of each other, are the alter egos of each other, or should have their corporate veil pierced. As such, said entities are legally responsible for the acts of each other so as to prevent an inequitable result.

## X.
## RELIEF

45.    Plaintiff is entitled to recover from Defendants its actual damages, including attorneys' fees, sustained as a result of Defendants' infringement. Plaintiff is also entitled to recover any gains, profits, and advantages obtained by Defendants as a result of their infringing acts, as described above.  At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiff.

46.    Plaintiff is entitled to injunctive relief to prevent Defendants from engaging in further acts of infringement of the SUBJECT WORKS.

## XI.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    That the Court find that Defendants have infringed Plaintiff's copyrights in the SUBJECT WORKS.

-11-

2.     That the Court find that those Defendants within the Trammel Crow Residential group of companies have actively induced infringement of Plaintiff's registered copyrights in the SUBJECT WORKS.

3.     That the Court find that Defendants, CHILES ARCHITECTS and CHILES have actively induced infringement of Plaintiff's registered copyrights in the SUBJECT WORKS.

4.     That the Court find that TERWILLIGER, CHILES, BUZBEE, BUNCH, VALACH and WILSON  have contributed to the infringement of Plaintiff's copyrights in the SUBJECT WORKS.

5.     That the Court find that TERWILLIGER, CHILES, BUZBEE, BUNCH, VALACH and WILSON are each vicariously liable for the infringement of Plaintiff's copyrights in the SUBJECT WORKS.

6.     That Defendants, their directors, officers, agents, servants, employees, distributors, and all other persons in active concert or privity or in participation with them, be preliminarily and permanently enjoined from directly or indirectly or by any contributory manner infringing Plaintiff's registered copyrights in the SUBJECT WORKS and from continuing to market, offer, sell, dispose of, license, transfer, display, advertise, reproduce, develop, construct, or manufacture any works derived or copied from the SUBJECT WORKS or to participate or assist in any such activity.

7.     That judgment be entered for Plaintiff and against Defendants for Plaintiff's actual damages.

8.     That judgment be entered for Plaintiff and against Defendants for Defendants' gains, profits, and advantages derived from their  acts of infringement of Plaintiff's registered copyrights in the SUBJECT WORKS pursuant to 17 U.S.C. § 504.

9.     That the Court grant such other, further and different relief as the Court deems proper under the circumstances.

Respectfully submitted,

**SANKEY & LUCK, L.L.P.**


By:    _____

Gregory M. Luck
State Bar No. 12666380
Thomas W. Sankey
Texas State Bar No. 17635670
Amy E. Hawk
Texas State Bar No. 24032279
600 Travis Street
Suite 6200
Houston, Texas  77002
(713) 224-1007
(713) 223-7737  (Fax)

TROP, PRUNER & HU, P.C.
Timothy N. Trop
State Bar No. 20236600
8554 Katy Freeway, Suite 100
Houston, Texas 77024
(713) 468-8880
(713) 468-8883 (Fax)

ATTORNEYS FOR PLAINTIFF
WOMACK+HAMPTON ARCHITECTS L.L.C.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues triable to a jury.


Respectfully submitted,

**SANKEY & LUCK, L.L.P.**


By: _____

Gregory M. Luck
State Bar No. 12666380
Thomas W. Sankey
Texas State Bar No. 17635670
Amy E. Hawk
Texas State Bar No. 24032279
SANKEY & LUCK, L.L.P.
6200 Chase Tower, 600 Travis
Houston, Texas 77002
Telephone: (713) 224-1007
Facsimile:  (713) 223-7737

TROP, PRUNER & HU, P.C.
State Bar No. 20236600
Timothy N. Trop
8554 Katy Freeway, Suite 100
Houston, Texas 77024
(713) 468-8880
(713) 468-8883 (Fax)

ATTORNEYS FOR PLAINTIFF
WOMACK+HAMPTON ARCHITECTS L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of PLAINTIFF'S THIRD AMENDED COMPLAINT has been served by certified mail, return receipt requested on this _29ᵗʰ_ day of September, 2002 on the following:

Rick Harrison
Fritz, Byrne, Head & Harrison, L.L.P.
98 San Jacinto, Suite 2000
Austin, Texas 78701

Richard D. Yeomans
Orlesia A. Hawkins
Graves, Dougherty, Hearon & Moody
515 Congress Ave., Suite 2300
Austin, Texas 78701

_____
Gregory M. Luck

E:\WOMA\005\Pleadings\Plaintiff's Third Amended Complaint.ndm.wpd

-15-

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

## NOTICE OF DOCUMENT(S) NOT IMAGED

Civil Case No.        A-01-CA-591 JN

WOMACK+HAMPTON ARCHITECTS

VS.

METRIC HOLDINGS LTD., et al

Attachments to
Document #:        192

Description:        Plaintiff's Third Amended Complaint

Filed By:        Plaintiff

File Date:        9/30/02

_____

DEPUTY CLERK