IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
AUSTIN DIVISION
2002 OC 10 PM 12: 01
WESTERN DISTRICT OF TEXAS
U.S. CLERK'S OFFICE
BY:_____
DEPUTY

| | |
|---|---|
| WOMACK+HAMPTON ARCHITECTS, L.L.C., § § | |
| Plaintiff, § | |
| § | |
| V. § | |
| § | A-01-CA-591JRN |
| METRIC HOLDINGS LTD., § | |
| PARTNERSHIP, CHILES ARCHITECTS, § | |
| INC., and TRAMMEL CROW § | |
| RESIDENTIAL COMPANY, et al., § | |
| Defendants. § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE JAMES R. NOWLIN
      CHIEF UNITED STATES DISTRICT JUDGE

Before the Court are **Motion for Partial Summary Judgment of the Crow Defendants on Issue of Damages filed May 22, 2002 (Doc. #69)**; **Plaintiff Womack+Hampton's Response and Opposition to Crow Defendants' Motion for Summary Judgment on the Issue of Damages and Cross-Motion for Partial Summary Judgment that Plaintiff is Entitled to Damages for Copyright Infringement filed June 5, 2002 (Doc. #76)**;**Reply to Plaintiff's Response to Motion for Partial Summary Judgment of the Crow Defendants on Issue of Damages filed June 14, 2002 (Doc. #88)**; and **Crow Defendants' Response to Plaintiff's Cross-Motion for Partial Summary Judgment that Plaintiff is Entitled to Damages for Copyright Infringement filed June 18, 2002 (Doc. #94)**. These dispositive motions were referred by Chief United States District Judge James R. Nowlin to the

2/4

undersigned for a Report and Recommendation as to the merits of the motions pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. After reviewing the parties' pleadings, relevant case law, as well as the entire case file, the undersigned issues the following Report and Recommendation to the District Court.

## I. BACKGROUND

On September 6, 2001, Plaintiff Womack+Hampton Architects, L.L.C. ("Womack+Hampton") filed a complaint against Metric Holdings, Ltd. and Trammell Crow Residential Company alleging claims of unauthorized use and/or copying of Womack+Hampton's copyrights for architectural drawings entitled: "Reserve at Cheyenne"; "Windfern"; "Cambria Place"; and "Reserve at Charles Place." The work that is the subject of Womack+Hampton's claims is an apartment complex in Austin, Texas, named "The Reserve at Northbend." On March 21, 2002, Womack-Hampton amended it complaint to add a number of additional Defendants, which, added to the original two Defendants, are now collectively referred to as "Crow Defendants" in this lawsuit.[1] Crow Defendants have asserted a number of affirmative defenses in their answer to Womack+Hampton's complaint.

---

[1] Plaintiff subsequently filed a Third Amended Complaint on October 3, 2002. However, the third complaint does not contain any additional claims or parties.

## II. ANALYSIS

### A. Standard of Review

Summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S. Ct. 2505 (1986).

This Court will consider the summary judgment evidence in the light most favorable to the non-movant; however, the non-movant may not rely on mere allegations in the pleadings, but must respond to the motion by setting forth particular facts indicating that there is a genuine issue for trial. See Mississippi River Basin Alliance v. Westphal, 230 F.3d 170, 174 (5th Cir. 2000) (citing Anderson, 477 U.S. at 248-49). "After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." Id. (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986) and FED. R. CIV. P. 56(c)).

## B. Parties' Contentions and Court's Determinations

In their motion for partial summary judgment, Crow Defendants assert that the architectural drawings at issue in this case were obtained from Womack+Hampton under Owner Architect Agreements that expressly contemplated further use of the drawings for other sites and projects in return for "proper compensation" as specified in the agreements. Therefore, Crow Defendants contend, Womack+Hampton's damages, if any, are limited by the express terms of those agreements. Because Womack+Hampton's damages are limited by contract, Crow Defendants' argue, Womack+Hampton cannot recover statutory copyright damages for copyright infringement.

In response, Womack+Hampton argues that the operative agreements, Crow Defendants' admissions, and the prior course of dealings between the parties prove that no licensing relationship for the re-use of Womack+Hampton's architectural drawings existed between the parties. Therefore, Womack+Hampton asserts, Crow Defendants had no right to re-use or modify its copyrighted drawings, and their unauthorized derivative use and modification of those drawings entitles Womack+Hampton to damages for copyright infringement pursuant to 17 U.S.C. § 504. Thus, Womack+Hampton's response includes a cross-motion for summary judgment that it is entitled to damages for copyright infringement.

In response to Womack+Hampton's cross-motion for partial summary judgment, Crow Defendants argue that it is premature and

4

based upon an erroneous premise. Indeed, Womack+Hampton filed a subsequent Motion for Summary Judgment on the Issue of Infringement on September 6, 2002 (Doc. #165), which is now pending before the undersigned Magistrate Court for Report and Recommendation. Therefore, the undersigned will recommend that the District Court deny at this time Womack+Hampton's cross-motion for partial summary judgment in light of Womack+Hampton's subsequent filing now pending before the Court and the reasoning below.

The summary judgment evidence shows that Womack+Hampton provided the Trammell Crow entities ("Trammell Crow") with architectural drawings for four projects that are the subject of this lawsuit. For each project, Womack+Hampton drafted an Owner Architect Agreement ("Agreement") that covered the use of Womack+Hampton's architectural drawings by Trammell Crow. Each Agreement was signed by both Womack+Hampton and by Trammell Crow. Three of the four Agreements contained the following language specifically addressing ownership and re-use of Womack+Hampton's architectural drawings:

> IX. OWNERSHIP AND RE-USE OF DOCUMENTS
>
> A. The Drawings, Specification, and other documents prepared by the Architect for this project are the instruments of the Architect's service for use solely with respect to this project and the Architect shall be deemed the author of these documents and shall retain all common law, statutory, and other reserved right, including copyright.
> . . .

>   B.  The Owner agrees not to use, copy or cause to have copied, the drawings and specification prepared for this project on subsequent phases or other sites without proper compensation to the Architect, which shall be based upon a mutually agreed upon of $150.00 per unit (base architectural fee), plus engineering services, plus contingent additional hourly charges and expenses for plan modifications necessary to adapt these plans and specifications to other sites.

The fourth Agreement includes identical language, except that it provides for payment of a base architectural fee of $250 per unit.

As summarized above, Crow Defendants argue that the language in the Agreements is unambiguous and its plain meaning provides that if Trammell Crow copies or re-uses Womack+Hampton's drawings, Womack+Hampton must be properly compensated based upon a mutually agreed upon rate of $150 or $250 per unit, depending on the Agreement, plus additional expenses expressly listed. Thus, Crow Defendants assert, any relief for alleged unauthorized use is limited by the express language of the Agreement.

Womack+Hampton argues that Trammell Crow's use of the subject architectural drawings was outside the scope of the Agreements. Relying on a Ninth Circuit case, <u>S.O.S., Inc. v. Payday, Inc.</u>, 886 F.2d 1081 (9th Cir. 1989), Womack+Hampton asserts that Trammell Crow's preparation of "derivative works" based upon Womack+Hampton's copyrighted architectural drawings is not contemplated by the language in the Agreements. While the Court acknowledges that the language in the Agreements does preserve Womack+Hampton's right to

6

copyright of its architectural drawings, the Court finds that the scope of the "right to use" language in the Agreements in the instant case is broader than the language in the contract at issue in S.O.S.

The Court in S.O.S. found that "[i]n the context of the parties' entire agreement, it is clear that the 'right to use' was not intended to refer to copyright use." 866 F.2d at 1088. In S.O.S., the defendant was granted only the right to use the software at issue in the contract, not to copy it. In the instant case, however, the scope of the "Re-Use" clause of the subject Agreements is much broader. The language in paragraph B. expressly and unambiguously provides that Trammell Crow may "use, copy or cause to have copied, the drawings and specifications prepared for this project on subsequent phases or other sites," emphasis added, if it properly compensates Womack+Hampton. Liability for unauthorized use, copying, or causing the drawings to be copies for subsequent phases or other sites, therefore, is limited to the mutually agreed upon base architectural fee specified in the Agreement, plus expenses also listed in the Agreement.

Womack+Hampton attempts to narrow the definition of "use" in the operative clause to authorize exact copying only. Womack+Hampton argues that any modification constitutes a derivative work not contemplated by the language of the Re-Use clause in the Agreements. As Crow Defendants point out, the operative language

7

grants Trammell Crow the right to "use" the drawings and specifications on "subsequent phases or other sites." The Court agrees. Such use of the drawings and specifications on other phases and sites necessarily contemplates modification of the drawings and specifications to adopt the plans to other sites. Therefore, the Court concludes that modifications to the drawings, designs or specifications, identified by Womack+Hampton as derivative works, fall within the scope of the Re-Use clause of the operative Agreements in this case.

### III. RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **GRANT** the Motion for Summary Judgment of the Crow Defendants on Issue of Damages and **ORDER** that the amount of damages Plaintiff may seek to recover be limited by contract, specifically by the terms of the subject Owner Architect Agreements at issue in this case.

The undersigned **FURTHER RECOMMENDS** that the District Court **DENY** Plaintiff's Cross-Motion for Partial Summary Judgment that Plaintiff is Entitled to Damages for Copyright Infringement.

### IV. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous,

conclusive, or general objections.  See Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-53 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

The Clerk is directed to send a copy of this Report and Recommendation to the parties by certified mail, return receipt requested.

SIGNED this 10TH day of October, 2002.

_____
STEPHEN H. CAPELLE
UNITED STATES MAGISTRATE JUDGE

9