

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| WOMACK+HAMPTON ARCHITECTS, L.L.C., § § § | |
| Plaintiff, § § | |
| vs. § | CIVIL ACTION NO. A 01CA 591 JN |
| METRIC HOLDINGS, LTD., § PARTNERSHIP, et al., § § § | |
| Defendants. § | |

## MOTION TO EXCLUDE EXPERT TESTIMONY AND REPORTS OF PLAINTIFF'S DESIGNATED EXPERT MARSHALL LEAFFER

The Trammell Crow Residential Defendants ("Crow Defendants")[1] respectfully move this Court for its Order excluding all testimony and reports of Marshall Leaffer, a designated expert of Plaintiff Womack+Hampton Architects, L.L.C. ("Womack") at trial, for the reasons set forth below.

### 1.  Introduction

In a copyright lawsuit, after proof of ownership of a valid copyright, and proof that defendants, without authorization, copied original protected elements of the copyrighted work, a copyright holder may recover the "actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504(b); *see Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). In his "expert reports"[2] Leaffer assumes

---

[1] The Crow Defendants are Trammell Crow Residential Company, TCR Operating Company, Inc., Metric Holdings Limited Partnership, TCR Metric, L.P., South Central RS, Inc., TCR South Central, Inc., TCR South Central 1995, Inc., TCR South Central Division L.P., TCR Metric Construction Ltd. Partnership, Robert Buzbee, Lewis Bunch, Kenneth J. Valach, Perry Wilson, Chris Wheeler and J. Ronald Terwilliger.

[2] Rebuttal Expert Report of Marshall A. Leaffer, October 11, 2002, Tab 1 ("Oct. Report"); Rebuttal Expert Report of Marshall A. Leaffer, November 11, 2002, Tab 2 ("Nov. Report").

Womack's ownership of a valid copyright and defendants' infringement of that copyright[3] and purports to interpret the "profits attributable" portion of § 504(b).[4]

## 2. Summary of Motion

The "expert reports" of Marshall Leaffer, which purport to interpret the "profits attributable" portion of 17 U.S.C. § 504, are nothing more than legal briefs which improperly seek to instruct the jury on the law and to usurp the jury's role by deciding the meaning of evidence. Leaffer's reports, filled with legal argument and conclusions, present a legal analysis of copyright damages under 17 U.S.C. § 504, state when Leaffer feels damages may, and may not, be apportioned under copyright law, make assertions as to when legal presumptions arise, what "a court is to assume," and what "cases have held."[5] None of this is a proper subject of expert testimony. Neither Leaffer's testimony nor his reports should be allowed at trial.

## 3. Plaintiff is limited to contract damages

At the outset, Crow Defendants draw the Court's attention to the fact that on October 10, 2002, Magistrate Judge Capelle reported and recommended that "the amount of damages Plaintiff may seek to recover be limited by contract, specifically by the terms of the subject Owner Architect Agreements at issue in this case."[6] Based on the parties' briefs, affidavits and other submissions, the Magistrate Judge concluded that 17 U.S.C. § 504 does not set out the proper measure of damages under the facts of this case, and is not applicable. Instead, it is the parties' written contract, which

---

[3] Oct. Report at 3, Tab 1.

[4] Leaffer does not attempt to address the "actual damages" portion of § 504(b). Leaffer depo. 54, Tab 3.

[5] Oct. Report at 4, 6, 8, 9, Tab 1.

[6] Report and Recommendation of the United States Magistrate Judge, October 10, 2002, at 8.

2

Womack authored and signed, which governs. Since Leaffer's proposed testimony is completely unrelated to the parties' Owner Architect Agreement,[7] if the October 10, 2002 Report and Recommendation is accepted, Leaffer's testimony is irrelevant and should be excluded.

### 4. The proper scope of expert testimony is limited

Rule 702 authorizes the admission of expert testimony if it "will assist the trier of fact to understand the evidence or to determine a fact in issue..." Fed. R. Evid. 702. Rule 702 seeks to preserve the trier of facts' traditional power to decide the meaning of evidence and the credibility of witnesses. *E.g., Estate of Sowell v. United States*, 198 F.3d 169, 171-72 (5th Cir. 1999); *United States v. Samara*, 643 F.2d 701, 705 (10th Cir.), *cert. denied*, 454 U.S. 829 (1981) ("An expert may not go so far as to usurp the exclusive function of the jury to weigh the evidence and determine credibility.") Similarly, it is the province of the Court, not a witness, to instruct the jury concerning applicable principles of law. *E.g., Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 99 (1st Cir. 1997).

Leaffer's reports violate Fed. R. Evid. 702. Leaffer, a licenced attorney and law professor,[8] has candidly admitted that he was asked "to give my opinions on the law concerning profits and to apply the law to the facts that were involved in the case."[9] Leaffer's reports and proposed testimony fly in the face of Fed. R. Evid. 702 and should be disallowed.

---

[7] Leaffer testified that he has never seen an Owner Architect Agreement between the parties, and he did not know if any such agreement existed. Leaffer depo. 32, Tab 3.

[8] Leaffer depo. 4, 23, Tab 3.

[9] Leaffer depo. 27, Tab 3. Leaffer also stated "I was asked to take a look specifically at the question of profits in copyright actions and to apply the law under the Copyright Act to the facts at hand." *Id.* This apparently accounts for the fact that, in addition to statutory references, there are twenty seven case cites in Leaffer's October Report.

3

### 5. Plaintiff's expert Leaffer improperly seeks to instruct the jury on the law and to usurp the role of the Court

It is well settled in this Circuit that legal opinions and conclusions, such as those offered by Leaffer, are not a proper subject of expert testimony.

For example, in *Snap-Drape, Inc. v. Comm'r of Internal Revenue*, 98 F.3d 194 (5th Cir. 1996), *cert. denied*, 522 U.S. 821 (1997), expert reports by certified public accountants concluding that dividends were deductible for purposes of computing adjusted current earnings, and that action by a government agency was not reasonably foreseeable, were found to have been properly excluded "as consisting of nothing more than legal arguments." *Id.* at 198. With respect to such legal advocacy by witnesses, the Fifth Circuit noted "[w]e have repeatedly held that this rule [Fed. R. Evid. 704(a)] does not allow an expert to render conclusions of law." *See also Smogor v. Enke*, 874 F.2d 295, 296 (5th Cir. 1989).

It is also well-settled in other jurisdictions that witnesses are not to usurp the role of the court. For example, in *United States v. Scop*, 846 F.2d 135 (2d Cir. 1988), the court stated that it is not for witnesses to instruct the jury as to applicable principles of law, but rather the judge. In *Scop*, an expert's statements in the form of legal conclusions were found to be improper, the court noting that the proffered opinions would have invaded the province of the court to determine applicable law and to instruct the jury as to that law. "In our legal system, purely legal questions and instructions to the jury on the law to be applied to the resolution of the dispute before them is exclusively the domain of the judge." *Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 99 (1st Cir. 1997), citing cases including *Snap Drape*.[10] Because the jury does not decide questions of law, testimony concerning

---

[10] The *Nieves-Villanueva* court noted a narrow exception to this rule concerning questions of foreign law, which exception is not applicable in this case.

legal issues is not helpful to the jury within the meaning of Fed. R. Evid. 702. *Nieves-Villanueva* at 100.[11] As the District of Columbia Court put it, "[e]ach courtroom comes equipped with a 'legal expert,' called a judge, and it is his or her province alone to instruct the jury on the relevant legal standards." *Burkhart v. Washington Metro Area Transit Auth.*, 112 F.3d 1207, 1213 (D.C. Cir. 1997).

Leaffer runs afoul of these prohibitions repeatedly.

- Leaffer interprets 17 U.S.C. § 504, and seeks to instruct the jury on the statute. Citing caselaw, Leaffer states that under § 504(b), after a copyright holder submits evidence of an infringer's "gross revenues/profits," "[a] rebuttable presumption then arises that all of those revenues/profits can be recovered by the copyright holder," and, to rebut this presumption, an "infringer must prove by a preponderance of the evidence the elements in this revenue/profit that are alleged to be deductible expenses."[12] These "opinions" clearly usurp the function of this Court.

- Leaffer shares his legal conclusions about when apportionment is, and is not, proper under the Copyright Act. Leaffer states that "[i]t is my opinion that the issue of attribution, also referred to as apportionment, only arises in instances where the infringer has received indirect profits as a result of his infringement," that "[i]n the context of a direct infringement of an architectural work... the cases have held the infringer's profit to be those profits realized by the infringer in the sale of the

---

[11] In *Nieves-Villanueva*, plaintiff was found to have opened the door to the improper testimony through its own expert and the erroneous testimony was deemed harmless. The principles enunciated remain applicable nonetheless.

[12] Oct. Report at 4-5, Tab 1. Leaffer also opines about the legal effect of failing to rebut the presumption, *id.*, at 5, and describes his understandings of "the Copyright Act's fundamental purposes" and "Congress' intent in allowing the recovery of a defendant's profits in addition to the claimant's actual damages." *Id.* at 9.

5

architectural work inclusive of the land on which the work is built," and that "apportionment is inappropriate in this situation."[13]

- Leaffer discusses his legal conclusions concerning who qualifies as a deliberate infringer under copyright law. Leaffer states that "[i]nfringement under Title 17 is willful and deliberate where a defendant had actual or constructive knowledge that its actions constituted an infringement." Leaffer also describes his understanding that knowledge may be inferred from conduct and states how he believes a legal inference of willful infringement may be rebutted.[14]

- Leaffer seeks to testify about what damages can, and cannot, properly be recovered by a deliberate infringer under the Copyright Act. Leaffer states that "courts have held that a defendant should not be entitled to apportionment where the defendant has engaged in acts of deliberate infringement," that "[i]t is further [his] opinion that as deliberate infringers, Defendants are not entitled to deduct their overhead expenses," that Defendants are "not entitled to deduct any income taxes paid on the gross revenues realized as a result of the infringement," and that a deliberate infringer is not entitled to offset expenses.[15]

- Leaffer opines that Crow Defendants' expert Jeff Spilker's report is legally irrelevant to the issue of copyright infringement. Leaffer states that the "standard applied by Mr. Spilker is improper and finds no support either in the copyright statute or the caselaw," and states "[i]t is my opinion that

---

[13] Oct. Report at 4, 9-10, Tab 1; Nov. Report at 2, Tab 2. *See also* Oct. Report at 6, Leaffer depo. at 60-71, Tab 3.

[14] Oct. Report at 7, Tab 1.

[15] Oct. Report at 8, Tab 1. *See also id.* at 5.

6

Mr. Spilker's conclusions are irrelevant on the issue of the recovery of the profits for the infringement of copyright under 17 U.S.C. § 504."[16]

- Leaffer opines that Crow Defendants' expert Niles Bolton's report is legally irrelevant to the issues in this case.[17]

- Leaffer purports to vouch for the "legality" of the reports of Plaintiff's experts Colbert and Domercq, stating that, in his opinion, "the opinions of Messrs. Colbert and Domercq ... are consistent with the statute, legislative intent and the caselaw."[18] Again, this proposed testimony improperly seeks to instruct the jury on the law applicable in this case.

Leaffer's opinions concerning interpretation of case law and the Copyright Act, and what courts have and have not held, improperly invade the province of the Court, and are entirely inconsistent with established caselaw in the area. *E.g., Snap-Drape, Inc. v. Comm'r of Internal Revenue, supra; Nieves - Villanueva v. Soto-Rivera, supra; Smogor v. Enke, supra.* Leaffer's reports and testimony should not be permitted at trial.[19]

To compound matters, some of Leaffer's improper opinions are legally erroneous. For example, the most thorough recent decision on the issue has held that a willful infringer may deduct overhead expenses. *Hamil America, Inc. v. GFI*, 193 F.3d 92 (2d Cir. 1999), *cert. denied*, 528 U.S.

---

[16] Oct. Report at 6, 8, Tab A. *See also id.* at 9, Leaffer depo. 87-88, Tab 3.

[17] Nov. Report at 1, 2, Tab 2.

[18] Oct. Report at 11, Tab 1.

[19] *See also Peterson v. City of Plymouth*, 60 F.3d 469 (8th Cir. 1995) (it does not "assist" the jury within the meaning of Rule 702 for an expert to opine on the reasonableness of a police officer's conduct under the Fourth Amendment), *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir.) *cert. denied*, 502 U.S. 813 (1991) (an expert may not testify stating ultimate legal conclusions); *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990) ("A witness also may not testify to the legal implications of conduct; the court must be the jury's only source of law."); *Apponi v. Sunshine Biscuits, Inc.*, 809 F.2d 1210, 1218 (6th Cir.), *cert. denied*, 484 U.S. 820 (1987); *Torres v. County of Oakland*, 758 F.2d 147 (6th Cir. 1985).

1160 (2000). *See also Sheldon v. Metro-Goldwyn Pictures Corp.*, 309 U.S. 390, 405 (1940). Professor Paul Goldstein, a leading commentator on U.S. copyright law, supports the view that barring willful infringers from deducting expenses from gross revenues is inconsistent with the remedial scheme of the Copyright Act. Paul Goldstein, 2 Copyright §12.1.2.1.d. The very language of § 504 itself does not award a copyright holder "all profits," but rather refers only to "profits... that are attributable to the infringement."[20]

It is for this Court, not Plaintiff's hired expert, to instruct the jury on the law.

### 6. Plaintiff's expert Leaffer improperly seeks to decide the meaning of the evidence and to usurp the role of the jury

It is the province of the jury, not Plaintiff's designated expert Leaffer, to decide disputed facts and the meaning of evidence, including, for example, the credibility and mental state of witnesses.

Experts are not allowed to offer testimony that merely tells the jury what result to reach in the case. *Estate of Sowell v. United States*, 198 F.3d 169, 171-72 (5th Cir. 1999); *United States v. Simpson*, 7 F.3d 186, 188 (10th Cir. 1993). Put another way, an expert may not usurp the role of the jury in applying the law to the facts. *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir.), *cert. denied*, 502 U.S. 813 (1991); *Aguilar v. Int'l Longshoremen's Union*, 966 F.2d 443, 447 (9th Cir. 1992); *United States v. Brown*, 540 F.2d 1048, 1054 (10th Cir. 1976), *cert. denied*, 429 U.S. 1100 (1977). Leaffer improperly seeks to decide disputed fact issues himself. The error is compounded by the fact that Leaffer's "conclusions" are based on incomplete knowledge of relevant facts.

---

[20]*See* First Motion in Limine of the Crow Defendants, September 20, 2002, and cases cited therein, seeking relief and protection from Plaintiff's inaccurate and prejudicial mis-statements of the law.

- Leaffer concludes that Womack's drawings are original and that Womack's claimed copyright is valid, disputed issues which are at the heart of Plaintiff's case.[21] Leaffer states "[t]here is no question that Womack+Hampton's works are protected under copyright and have met the standard of originality as defined by copyright law."[22] However, at deposition Leaffer admitted that this statement is based solely on the report of one of Plaintiff's other experts, and acknowledged that Womack's copyright registration creates only a rebuttable presumption of copyright validity, nothing more. 17 U.S.C. § 410.[23] Leaffer also admitted that he has never seen any of the construction drawings or schematics at issue, has not seen any of the structures at issue, and has never spoken with either of the principals of Plaintiff Womack.[24] Moreover, Leaffer is not an architect.[25] Leaffer has no business instructing the jury how it should decide important issues such as originality and copyright validity.

- Leaffer concludes that "TCR Defendants did not add substantial new elements to WHA's copyright owner's work" and that this "is not a case where defendant has added independently copyrightable elements to another's work."[26] Leaffer also states that Defendants have "deliberately copied [Womack's] work in its entirety."[27] But at deposition, Leaffer admitted that this statement is based on nothing more than the reports of Plaintiff's other experts, not on any investigation or

---

[21]The validity of Womack's copyrights is clearly at issue. *See e.g.* Answer of TCR Defendants, October 15, 2002, at 9, ¶¶ 4.7, 4.8; Counterclaims, August 15, 2002, Claim One, Claim Two.

[22]Nov. Report at 2, Tab 2.

[23]Leaffer depo. 96, Tab 3 (with respect to the presumption, Leaffer admitted "Well, it's rebuttable, sure.").

[24]Leaffer depo. 33, 35, Tab 3.

[25]Leaffer depo. 34, Tab 3.

[26]Oct. Report at 7, Tab 1; Nov. Report at 3, Tab 2.

[27]Nov. Report at 3, Tab 2.

9

analysis Leaffer himself conducted.[28] As the credibility of witnesses is exclusively for determination by the jury, an expert may not offer opinions based on his personal assessment of the credibility of another witness. *United States v. Scop*, 846 F.2d 135, 142 (2d Cir. 1988). Again, Leaffer has no business telling the jury what to decide.

- Leaffer seeks to tell the jury that Defendants are, in fact, "deliberate infringers."[29] However, Leaffer reached this conclusion after reviewing only a very few materials which were provided to him by Plaintiff's lawyers who retained him.[30] Leaffer is unaware, for example, of testimony that Womack's principal Michael Hampton told Crow Defendants that he would get back to them if there was any problem with Crow going forward with the Austin project,[31] and of other relevant evidence. The jury should be allowed to hear all the evidence and reach its own conclusions.

### 6. Conclusion

Leaffer's reports and proposed testimony are improper. In light of the foregoing points and authorities, the Crow Defendants respectfully pray that Plaintiff's designated expert Marshall

---

[28] Leaffer depo. 97, Tab 3. The Court will recall that Mr. Chiles has stated he received only four sketches of Womack's Windfern project, which showed no dimensions, and that he never saw Womack's drawings or any buildings constructed by Plaintiff Womack, all of which undermine Leaffer's "conclusions." Affidavit of Gary Chiles in Support of Motion for Summary Judgment, January 7, 2002, incorporated by this reference herein.

[29] Oct. Report at 8, Tab 1 (Leaffer states that Defendants' conduct "makes these Defendants deliberate infringers.").

[30] For example, Leaffer received from Plaintiff's lawyers only three pages from each of the depositions of Messrs. Buzbee (consisting of 88 pages) and Chiles (168 pages), and one Response filed with the Court, but nothing else, including even the many materials referenced in the footnotes of the Response. Oct. Report at 7, Exs. A-2, C, D, Tab 1; Leaffer depo. 28-31, Tab 3.

[31] Crow Defendants' Motion for Partial Summary Judgment on License, Waiver, Estoppel and Laches Defenses, May 29, 2002. Ex. A ¶¶ 6-8 (K. Valach affidavit), Ex. B ¶¶ 10-12, 16, 17 (Buzbee affidavit), Ex. C ¶¶ 9-12 (Bunch affidavit), incorporated by this reference herein.

Leaffer be prohibited from testifying at trial, and that his reports not be accepted as evidence or disclosed or made known to the jury. A proposed form of Order is attached hereto.

Respectfully submitted,

GRAVES, DOUGHERTY, HEARON & MOODY
A Professional Corporation
515 Congress Avenue, Suite 2300
P. O. Box 98
Austin, Texas  78767
Telephone:  512/480-5600
Telecopy:   512/478-1976

By _____
Richard D. Yeomans
State Bar No. 24030014
Michael J. Whellan
State Bar No. 21265550

ATTORNEYS FOR CROW DEFENDANTS

11

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing Motion to Exclude Expert Testimony and Reports of Plaintiff's Designated Expert Marshall Leaffer was mailed, certified mail return receipt requested, on the 10th day of January, 2003, to:

Gregory M. Luck, Esq.
Sankey & Luck, L.L.P.
600 Travis Street, Ste. 6200
Houston, Texas 77002

Timothy N. Trop, Esq.
Trop, Pruner & Hu, P.C.
8554 Katy Freeway, Suite 100
Houston, Texas 77024

Richard Harrison, Esq.
Fritz, Byrne, Head & Harrison, LLC
98 San Jacinto Boulevard, Ste. 2000
Austin, Texas 78701

Richard D. Yeomans

12

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

## NOTICE OF DOCUMENT(S) NOT IMAGED

Civil Case No.     A-01-CA-591 JN

WOMACK+HAMPTON ARCHITECTS

VS.

METRIC HOLDINGS, et al

Attachments to
Document #:       245

Description:      Motion to Exclude Expert Testimony and Reports of Plaintiff's Designated Expert Marshall Leaffer

Filed By:         Trammel Crow Defendants

File Date:        1/10/03

_____
DEPUTY CLERK