IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**FILED**

JAN 3 1 2003

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | | |
|---|---|---|
| WOMACK+HAMPTON ARCHITECTS, L.L.C. | § | |
|    Plaintiff, | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. A 01CA 59 1 JN |
| | § | (Consolidated No. A-02 CV 793 JRN) |
| | § | |
| METRIC HOLDINGS LTD., et al. | § | |
| | § | JURY TRIAL DEMANDED |
| | § | |
|    Defendants. | § | |

**PLAINTIFF, WOMACK+HAMPTON'S
RESPONSE AND OPPOSITION TO THE TCR
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND
<u>CROSS-MOTION FOR SUMMARY JUDGMENT</u>**

Gregory M. Luck
Texas State Bar No. 12666380
Thomas W. Sankey
Texas State Bar No. 17635670
SANKEY & LUCK, L.L.P.
6200 Chase Tower, 600 Travis
Houston, Texas 77002
Telephone: (713) 224-1007
Facsimile:  (713) 223-7737

Timothy N. Trop
Texas State Bar No. 20236600
TROP, PRUNER & HU, P.C.
8554 Katy Freeway, Suite 100
Houston, Texas 77024
Telephone: (713) 468-8880
Facsimile:  (713) 468-8883

ATTORNEYS FOR PLAINTIFF
WOMACK+HAMPTON ARCHITECTS,
L.L.C.

276

## TABLE OF CONTENTS

I.    NATURE AND STAGE OF THE PROCEEDINGS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.   SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III.  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

       A.    The Standard For Granting Summary Judgment . . . . . . . . . . . . . . . . . . . . . . . 3

       B.    As A Matter Of Law, The TCR Defendants'
             Unauthorized Re-Use Gives Rise To An
             Action For Copyright Infringement  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

             1.    The TCR Defendants Were Not Licensed
                   To Re-Use Plaintiff's Copyrighted Works . . . . . . . . . . . . . . . . . . . . . . . 4

             2.    The Owner/Architect Agreement Specifically
                   Retained In WHA The Right To Re-Use . . . . . . . . . . . . . . . . . . . . . . . . 5

             3.    Rules Of Construction Compel
                   The Preservation In WHA Of All
                   Rights Not Specifically Conveyed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

             4.    Defendants' License Claim
                   Fails For Want Of Consideration . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

       C.    The Re-Use Fee Was A Condition Precedent
             To The Exercise Of The Re-Use Option . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

       D.    Defendants' Creation Of Derivative
             Works Independently Subjects Them To
             An Action For Copyright Infringement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

       E.    The Authorities Relied Upon By Defendants
             Do Not Support Contract Damages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

             1.    Defendants' Argument Erroneously
                   Pre-Supposes The Existence Of A License . . . . . . . . . . . . . . . . . . . . . . 14

             2.    The Course Of Dealings Rebuts
                   Defendants' Claim As To The
                   Existence Of A License For Re-Use . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

F.  Defendants' Infringement Of Plaintiff's
    Copyrighted Works Does Not Give Rise
    To An "Implied License" Or "Waiver" ............................... 16

G.  Defendants' Motion As Directed To
    Plaintiff's Claims For Inducement,
    Contributory Infringement And Vicarious
    Liability Must Be Denied As A Matter Of Law ......................... 18

H.  WHA's Cross-Motion For Partial
    Summary Judgment Should Be Granted ............................... 18

IV.  CONCLUSION ...................................................... 19

## TABLE OF AUTHORITIES

*A&M Records, Inc. v. Napster, Inc.,*
239 F.3d 1004 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Anderson v. Liberty Lobby, Inc.,*
477 U.S. 242 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Barris Indust., Inc. v. WorldVision Enters, Inc.,*
875 F.2d 1446 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Cal-Tex Lumber Co. v. Owens Handle Co.,*
989 S.W.2d 802 (Tex. App. - Tyler 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*CBS, Inc. v. Merrick,*
716 F.2d 1292 (9th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Celotex Corp. v. Catrett,*
477 U.S. 317 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Chambless v. Travelers Lloyds of Tex. Ins. Co.,*
123 F.Supp. 2d 1028 (N.D. Tex. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Coghlan v. Wellcraft Marine Corp.,*
240 F.3d 449 (5th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Cohen v. Paramount Pictures Corp.,*
845 F.2d 851 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Crawford v. Protective Life Ins. Co.,*
2000 WL 33348737 (W.D. Tex. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Fantastic Fakes, Inc. v. Pickwick International, Inc.,*
661 F.2d 479 (5th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 11

*Gilliam v. American Broadcasting Cos.,*
538 F.2d 14 (2nd Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

*Graham v. Jones,*
144 F.3d 229 (2nd Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Hohenberg Bros. Co. v. George E. Gibbons & Co.*
537 S.W.2d 1 (Tex. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*I.A.E., Inc. v. Shaver,*
74 F.3d 768 (7th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Inslaw, Inc. v. U.S.,*
    40 Fed. Cl. 843 (Fed. Cl. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Kennedy v. National Juvenile Detention Assoc.,*
    187 F.3d 690 (7th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,8

*Leggio v. Millers Nat'l Ins. Co.,*
    398 S.W.2d 607 (Tex. Civ. App. - Tyler 1965) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Lulirama Ltd. v. Axcess Broadcast Services, Inc.,*
    128 F.3d 872 (5th Cir. 1997)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*McRoberts Software, Inc. v. Media 100, Inc.,*
    2001 U.S. Dist. LEXIS 16794 (S.D. Ind. 2001) . . . . . . . . . . . . . . . . . . . . . . . . 7-8, 9-10

*Merritt-Campbell, Inc. v. RxP Prods., Inc.,*
    164 F.3d 957 (5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Quintanilla v. Texas Television, Inc.,*
    139 F.3d 494 (5th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*RT Computer Graphics, Inc. v. U.S.,*
    44 Fed. Cl. 747 (Fed. Cl. 1999)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*S.O.S., Inc. v. Payday, Inc.,*
    886 F.2d 1081 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-8, 13-15

*Sun Microsystems, Inc. v. Microsoft Corp.*
    188 F.3d 1115 (9th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

*TIG Ins. Co. v. Sedgwick James of Washington,*
    276 F.3d 754 (5th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*U.S. Naval Inst. v. Charter Comm.,*
    936 F.2d 692 (2nd Cir. 1991)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*U.S. Naval Inst. v. Charter Comm.,*
    875 F.2d 1044 (2nd Cir. 1989)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*U.S. v. King Features Entertainment, Inc.,*
    843 F.2d 394 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Vault Corp. v. Quaid Software, Ltd.,*
    847 F.2d 255 (5th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Veeck v. Southern Bldg. Code Congress Int'l, Inc.,*
    241 F.3d 398 (5th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Woodward v. Southwest States, Inc.*,
    384 S.W.2d 674 (Tex. 1964) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## STATUTES

17 U.S.C. § 101 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

17 U.S.C. § 501 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 19

17 U.S.C. § 504 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-2, 19

35 U.S.C. § 501 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## PUBLICATIONS

*3 Nimmer on Copyright* § 10.08 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*3 Nimmer on Copyright* § 10.15[A] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WOMACK+HAMPTON ARCHITECTS, L.L.C. | § § § | |
| Plaintiff, | § § | |
| VS. | § § § | CIVIL ACTION NO. A 01CA 59 1 JN (Consolidated No. A-02 CV 793 JRN) |
| METRIC HOLDINGS LTD., et al. | § § § | JURY TRIAL DEMANDED |
| Defendants. | § § § | |

**PLAINTIFF, WOMACK+HAMPTON'S
RESPONSE AND OPPOSITION TO THE TCR
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND
CROSS-MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Womack+Hampton, L.L.C. ("WHA"), herein files its Response and Opposition to the TCR Defendants' Motion for Summary Judgment.

The TCR Defendants' Motion is predicated on the argument that Plaintiff's claims do not sound in copyright but instead are controlled by a prior contract between the parties governing a one-time use of Plaintiff's copyrighted works. Defendants' Motion is also predicated on the argument that Plaintiff somehow waived its rights to sue for copyright infringement.

For the same reasons set forth in Plaintiff Womack+Hampton's Response and Opposition to TCR Defendants' Motion for Partial Summary Judgment on the Issue of Damages and Cross-Motion for Partial Summary Judgment that Plaintiff is Entitled to Damages for Copyright Infringement, as filed on June 4, 2002 in the underlying action, Defendants' deliberate and willful misappropriation of Plaintiff's copyrighted architectural works in the design, construction and operation of the "Los Rios" apartment complex gives rise to damages recoverable under Title

1

17, United States Code, Section 504.[1]  As a matter of law, Defendants' Motion should be denied and judgment entered for Plaintiff on this issue.

Further, there is no evidence that WHA waived its right to pursue copyright damages. As the party having the burden of proof on this defense at trial, the TCR Defendants' failure to establish the elements of its waiver defense compels the entry of judgment on this issue for WHA.

For its Response and Cross-Motion, WHA relies upon the Declaration of Charles R. Womack and R. Michael Hampton, the pleadings and such other evidence which may be presented at a hearing on Defendants' Motion.

## I.
## NATURE AND STAGE OF THE PROCEEDINGS

In a complaint filed on August 1, 2002 in the United States District Court for the Southern District of Texas, WHA charged TCR Defendants, Trammell Crow Residential; Trammell Crow Residential Company; TCR South Central,1995, Inc.; SDT Architects, Inc.;Robert Buzbee; Lewis Bunch; Thomas Stovall; John Zeledon;  Tim Hogan and Jerry Daniels, with infringement of WHA's copyrights for architectural works entitled "THE RESERVE AT ARBROOK".  The work that is the subject of Plaintiff's complaint is an apartment complex in Plano, Texas named "Los Rios Apartments".

Defendants responded to WHA's complaint and denied infringement.   These Defendants

---

[1]  Plaintiff previously filed suit in an action styled *Womack + Hampton Architects, L.L.C. v. Metric Holdings, Ltd. Partnership, et al.*; In the United States District Court for the Western District of Texas, Austin Division, Civil Action No. A 01CA 59 1 JN.  The actions the subject of Defendants' Motion involve separate acts of infringement forming the subject of an action filed in the United States District Court for the Southern District of Texas, Civil Action No. C.A. No. H-02-2937.  These actions have been consolidated.  The first-filed action will hereinafter be referred to as the "underlying action."

2

also asserted a number of affirmative defenses to bar Plaintiff's claims.

## II.
## SUMMARY OF ARGUMENT

As a matter of law, Defendants' unauthorized use of Plaintiff's copyrights gives rise to an action for copyright infringement and copyright damages recoverable under 17 U.S.C. § 501, *et seq.*

Pursuant to the Owner/Architect Agreement, the TCR Defendants were provided a one-time license to use those architectural works in connection with a project named "The Reserve at Arbrook Park" as built in Arlington, Texas.   The same Agreement provided the TCR Defendants *the option* to re-use Plaintiff's architectural works upon the payment of a license fee.   It is not disputed that this fee was never paid.   Therefore, Defendants' admitted use was without license or authority, and thus gives rise to an action for copyright infringement, for which judgment should be entered for WHA.

Defendants' claim that WHA somehow waived its right to sue for infringement is stillborn as wanting for any credible summary judgment evidence.   As the party having the burden of proof at trial on this defense, this failure of evidence also compels the entry of judgment for WHA.

## III.
## ARGUMENT

### A.    The Standard For Granting Summary Judgment

On a motion for summary judgment, the moving party bears the burden of showing that there  are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law.   *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).   In evaluating the merits of a

motion for summary judgment, the district court must view all the evidence before it in a light most favorable to the non-movant and must further draw all reasonable inferences in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *TIG Ins. Co. v. Sedgwick James of Washington*, 276 F.3d 754, 759 (5th Cir. 2002).

A factual question is material if a reasonable jury could return a verdict for the non-moving party based at least in part on its determination of the factual question. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248. A genuine dispute is shown to exist if sufficient evidence is presented such that a reasonable fact finder could decide the question in favor of the non-moving party. *Id.*

**B.    As A Matter Of Law, The TCR Defendants'
Unauthorized Re-Use Gives Rise To An
Action For Copyright Infringement**

1.    The TCR Defendants Were Not Licensed
To Re-Use Plaintiff's Copyrighted Works

Identical to when it first advanced this tenuous argument, Defendants' sole argument as the why judgment should be entered in its favor on Plaintiff's copyright claims is that they are a licensee of WHA and thus, as a licensee, their breach of the license agreement subjects them to no more than contractual damages. It is only by making this strained argument that the cases relied upon by the TCR Defendants have any application. Like the first attempt, this attempt also wants for any factual basis.

In or about 1996, one or more TCR Defendants commissioned Plaintiff to prepare architectural drawings and to render architectural services in connection with a project designated: "RESERVE AT ARBROOK PARK APARTMENTS". Plaintiff rendered professional services to Defendants for this project under an "Owner/Architect Agreement".

4

(Exhibit "A" to Declaration of R. Michael Hampton).  This Agreement clearly and

unambiguously provided that WHA retained all rights in the copyrights in such works:

> A.  The Drawings, Specifications, and other documents prepared by the
> Architect for this project are instruments of the Architect's service for
> use *solely with respect to this project* and the *Architect shall be deemed
> the author of these documents and shall retain all common law,
> statutory, and other reserved right, including copyright*.  The Owner
> shall be permitted to retain copies including reproducible copies of the
> Architect's Drawings, Specifications, and other documents for
> information and reference in connection with the Owner's use and
> occupancy of the project.  The Owner's rights to the Architect's
> Drawings, Specifications, and other Project related documents shall
> also extend to the Owner's Lender and Owner's equity partner, (as well
> as the partnership formed by Owner and such equity partner), and
> Architect shall, upon request, execute documents to confirm the right of
> such parties to have and use the Architect's Drawings, Specifications
> and other applicable project documents to the same extent as the
> Owner.

(Exhibit "A" to Hampton Decl.; Section IX (A)) (emphasis added).

These contracts further provided that all rights conveyed to the TCR Defendants for those

architectural works developed by Plaintiff under each contract were *expressly limited* to that

project. *Id.*[2]

### 2.  The Owner/Architect Agreement Specifically Retained In WHA The Right To Re-Use

The Owner/Architect Agreements ("Agreements") clearly specified four important

conveyances and reservations of rights which are controlling  for purposes of Defendants'

Motion:

> (1.)    that the TCR Defendants had a license to use the subject works in connection with

---

[2]  At page 5 of its Motion, Defendants refer to the fact that they maintained "lawful possession" of the Arbrook Project architectural drawings." (Mtn. at 5).  This argument misses the point.  Possession does not gives rise to a right to re-use or duplicate, a point apparently lost on the TCR Defendants as willful infringers.

the specific project the subject of the particular Agreement. (Agreement; Section IX(A));

(2.) that the TCR Defendants had no license to use the subject works in connection with any other project. (Agreement; Section IX(A));

(3.) that WHA retained all rights in the subject works other than that use licensed to the TCR Defendants in connection with the particular project the subject of each agreement. (Agreement; Section IX(A));

(4.) that the TCR Defendants had an option to re-use the subject drawings, but only if those Defendants first exercised their option through the payment of a re-use fee. (Agreement; Section IX(B)).

The express reservation of rights in WHA to re-use or modify the copyrighted works is set forth in Section IX(A) of the Owner/Architect Agreement.   The Owner/Architect Agreement expressly forecloses any construction of a grant of a re-use license to the TCR Defendants.[3]

Section IX(A) of the Owner/Architect Agreement reserves all rights to WHA in the copyrighted works aside from their use by the TCR Defendants for the project the subject of the particular Agreement: "for use solely with respect to this project".  This reservation of rights must be observed by the Court in its construction of the operative contracts. *S.O.S., Inc. v. Payday, Inc.,* 886 F.2d 1081, 1088, n.8 (9th Cir. 1989).

### 3. Rules Of Construction Compel The Preservation In WHA Of All Rights Not Specifically Conveyed

Normal rules of contract construction are generally applied in construing a copyright license. *Kennedy v. National Juvenile Detention Assoc.,* 187 F.3d 690, 694 (7th Cir. 1999), *cert. denied,* 120 S. Ct. 1169 (2000).  However, these rules of construction may not conflict with

---

[3] The express language of the Owner/Architect Agreement dispatches Defendants' argument that "Womack expressly agreed that there was no prohibition against copying and using the plans on other sites . . ." (Mtn. at 5).  One must wonder if Defendants are reading the same contracts.  Plainly, their arguments are not made in good faith.

purposes underlying federal copyright law. *Cohen v. Paramount Pictures Corp.*, 845 F.2d 851, 854 (9th Cir. 1988).[4] Thus, state law can provide the contractual construction but only to the extent such rules do not interfere with federal copyright law or policy. *See Fantastic Fakes, Inc. v. Pickwick International, Inc.*, 661 F.2d 479, 482-483 (5th Cir. 1981) (state law rules of contract construction not preempted by federal law; however, application of state law to implied terms in copyright license would raise preemption question). Construing the contract against the drafter is thereby contrary to federal copyright policy. *S.O.S., Inc.*, 886 F.2d at 1088.

Chief among the purposes of federal copyright law is the preservation in the author of those rights not expressly granted. To this end, the terms of a license will be strictly construed to preserve these rights. *Id.* For this reason, copyright licenses are presumed to prohibit any use not expressly authorized. *Id.*

The clear intent of the parties to limit Defendants' rights to the specific, named project is evidenced at Section IX (B) of the operative contract which expressly foreclosed re-use of these architectural works unless Defendants executed an option for re-use:

> B.   *The Owner agrees not to use, copy or cause to have copied, the drawings and specification prepared for this project on subsequent phases or other sites without proper compensation to the Architect, which shall be based upon a mutually agreed upon of $150.00 per unit (base architectural fee), plus engineering services, plus contingent additional hourly charge and expenses for plan modifications necessary to adapt these plans and specifications to other sites.*

(Exhibit "A" to Hampton Decl.; Section IX (B)) (emphasis added).

This intent, expressed by the unambiguous language of the operative contracts, is controlling for purposes of the Motions of both parties. *McRoberts Software, Inc. v. Media 100,*

---

[4]   *See also, S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081 (9th Cir. 1989). In *S.O.S.*, a lower court attempted to interpret an alleged copyright license pursuant to state law principles. The Ninth Circuit found that the license must be construed in accordance with the purposes underlying federal copyright law.

*Inc.,* 2001 U.S. Dist. LEXIS 16794, *25-27 (S.D. Ind. 2001); *Barris Indust., Inc. v. WorldVision Enters, Inc.,* 875 F.2d 1446, 1449 (9th Cir. 1989) (The focus in contract construction is to determine the intent of the parties.). A contract must be interpreted "in a way that ascribes meaning, if at all possible, to all of its terms." *Kennedy v. National Juvenile Detention Ass'n,* 187 F.3d at 694.

> ### 4. Defendants' License Claim Fails For Want Of Consideration

Defendants seek to avoid Section IX by construing the Owner/Architect Agreement where they received a re-use license for no consideration. This interpretation fails as contrary to one of the primary axioms of contract construction where one party is essentially given "something for nothing". *See 3 Nimmer on Copyright* § 10.08 at 10-72, 73. Where, as here, rights are not expressly granted, the license must be construed as preserving those non-granted rights in the copyright owner. *Cohen,* 845 F.2d at 854; *S.O.S.,* 886 F.2d at 1088.

Defendants have not and cannot point to any provision in the Owner/Architect Agreement between the parties which gave the TCR Defendants any rights in the re-use of Plaintiff's architectural works. Quite to the contrary, it is uncontroverted that this option *was never exercised by Defendants.* Defendants admit that they did not execute this option by the payment of a re-use fee. (*See* TCR Defendant TCR South Central 1995, Inc.'s Objections and Responses to Plaintiff's First Set of Interrogatories (Nos. 1-14), Int. No. 14; TCR Defendant TCR Los Rios Limited Partnership's Objections and Responses to Plaintiff's First Set of Interrogatories (Nos. 1-14), Int. No. 14; TCR Defendant Trammell Crow Residential Co.'s Objections and Responses to Plaintiff's First Set of Interrogatories (Nos. 1-14), Int. No. 14; Exhibits "A" through "C", respectively, to Luck Decl.). Absent such payment, Defendants plainly were not licensed for the

re-use of Plaintiff's copyrighted works.

**C.    The Re-Use Fee Was A Condition Precedent
To The Exercise Of The Re-Use Option**

The Owner/Architect Agreements at Section IX(B) merely gave rise to an *option* to re-use

Plaintiff's copyrighted works for other projects.    By definition, the rights granted in an option

agreement cannot be enjoyed until the option is exercised.  *Merritt-Campbell, Inc. v. RxP Prods.,*

*Inc.,* 164 F.3d 957, 963 (5th Cir. 1999)(the underlying contract which forms a part of an option

agreement is not binding until accepted); *Chambless v. Travelers Lloyds of Tex. Ins. Co.,* 123

F.Supp. 2d 1028, 1033 (N.D. Tex. 2000) ("'the acceptance of an option, to be effectual, must be

unequivocal, absolute, unconditional . . . and according to the terms or conditions of the option.

Substantial compliance with the terms of the option is held not sufficient to constitute an

acceptance.'")(quoting *Leggio v. Millers Nat'l Ins. Co.,* 398 S.W.2d 607, 610 (Tex. Civ. App. -

Tyler 1965, writ ref'd n.r.e.)).  Under the terms of Section IX(B) of the Owner/Architect

Agreement, the payment of the re-use fee was a condition precedent to the TCR Defendants'

ability to exercise this option and thus obtain a license to re-use the copyrighted works.  *See,*

*McRoberts Software, Inc., supra.*

In *McRoberts,* the district court addressed the precise issue at bar:  the non-occurrence of

a condition precedent to the granting of a copyright license.  In *McRoberts,* the license of a right

to use and distribute CG Software was conditioned upon the distribution of that software with the

intended hardware. *Id.* at *25.  The district court found the use of the term "when" as modifying

the right to distribute versions of the copyrighted software was persuasive as indicating that the

distribution right was expressly conditioned on the happening of an event, and thus was a right

reserved to the copyright holder. *Id.* at *27-28.

9

In *McRoberts*, the operative instrument included words of conveyance conditioned upon a certain event.   The facts of this case even more strongly compel the finding of a condition precedent.  The language of Section IX(B) of the Owner/Architect Agreement is clear that no license to re-use WHA's architectural works passed to the TCR Defendants absent the payment of the re-use fee.  In this connection, Section IX(B) contains words of reservation conditioned upon the payment of the re-use option.  Plainly, unless and until the TCR Defendants complied with this condition precedent and exercised the option for a re-use license, they had no rights to re-use the copyrighted works for other projects.  *Merritt-Campbell, supra.*

The TCR Defendants' attempt to distinguish the operative language in the Owner/Architect Agreement as being anything other than a condition precedent is disingenuous. Defendants rely upon *Hohenberg Bros. Co. v. George E. Gibbons & Co.* for the proposition that, for a condition precedent to exist, the magic words "if", "provided that" or "on condition that" must appear.  537 S.W.2d 1, 3 (Tex. 1976).  First, *Hohenberg* does not stand for this narrow proposition.  Second, the existence of a condition precedent is determined on a case-by-case basis based on the contract as a whole and the intent of the parties.  *Id.*  Significantly, however, the Owner/Architect Agreement includes language fully consistent with a condition precedent: The Owner agrees not to use, copy or cause to be copied . . . *without proper compensation.* (Exhibit "A" to Hampton Decl.)(emphasis added).

This language can be construed in no other way but to prohibit use or copying without proper compensation.  *See Cal-Tex Lumber Co. v. Owens Handle Co.*, 989 S.W.2d 802, 809 (Tex. App. - Tyler 1999, no pet.).  Plainly, payment by the TCR Defendants was "an event, not certain to occur, which must occur . . . before WHA's performance [under this option] became

due." Hence, the subject clause is on all fours with the Court of Claims' analysis in *RT Computer Graphics, Inc. v. United States*, 44 Fed. Cl. 747 (Fed. Cl. 1999), a case relied upon by Defendants.

Plainly, the execution of an option agreement and the payment of the re-use fee was a condition precedent to the issue of any license to re-use Plaintiff's architectural works.  As recognized by Defendants' own authorities, a failure to satisfy a condition precedent to a license gives rise to an action for copyright infringement. *See Fantastic Fakes, Inc.*, 661 F.2d at 483-84 (a breach of a condition precedent will give rise to an action for contractual damages); *RT Computer Graphics, Inc. v. U.S.*, 44 Fed. Cl. at 756. *See, also, 3 Nimmer on Copyright* § 10.15[A] at 10-120:

> However, if the nature of a licensee's violation consists of a failure to satisfy a condition to the license . . ., it follows that the rights dependent upon satisfaction of such condition have *not been effectively licensed*, and therefore, *any use by the licensee without authority from the licensor and may therefore, constitute an infringement of copyright.*

(emphasis added).

Finally, the TCR Defendants exceed all bounds of credibility in their argument that "the parties' dealings in relation to other projects subject to the same exact re-use clause indicate that Womack did not expect to get paid prior to Trammel Crow's re-using the plans." (Mtn. at 7). This argument is demonstrably frivolous and clearly interposed in bad faith.  No one even remotely cognizant of the facts would believe that Plaintiff "did not expect to get paid" in light of the undisputed evidence that: (1) Plaintiff repeatedly told the TCR Defendants not to re-use its plans since they had not exercised the option for re-use, and (2) Plaintiff brought suit against the TCR Defendants when they failed to heed this warning.  Plainly, Defendants' argument, which

seeks to ignore these facts, is little more than wishful thinking.[5]

**D.     Defendants' Creation Of Derivative
        Works Independently Subjects Them To
        An Action For Copyright Infringement**

Even if the Court were to adopt Defendants' strained construction of the Owner/Architect

Agreement as giving rise to a license to re-use (for which only contractual damages would lie), it

is plain that Defendants violated even this putative license.  Defendants argue that they received a

license to re-use the subject works according to the operative contracts. (Mtn. at 11).  This

argument is flawed.  Section IX (B) of these contracts provided Defendants only *an option* to re-

use an *exact copy* of Plaintiff's architectural works. (Exhibit "A" to Hampton Decl.).  Defendants

admit, however, that they altered or induced the alteration of Plaintiff's works in the

development of the Los Rios Apartments. (*See* TCR Defendant TCR South Central 1995, Inc.'s

Objections and Responses to Plaintiff's First Set of Interrogatories (Nos. 1-14), Int. Nos. 7 and

11; TCR Defendant TCR Los Rios Limited Partnership's Objections and Responses to Plaintiff's

First Set of Interrogatories (Nos. 1-14), Int. Nos. 7 and 11; TCR Defendant Trammell Crow

Residential Co.'s Objections and Responses to Plaintiff's First Set of Interrogatories (Nos. 1-14),

Int. Nos. 7 and 11; Exhibits "A" through "C", respectively, to Luck Decl.).  As a matter of law,

this modification by Defendants gives rise to an unauthorized derivative of Plaintiff's original

---

[5] Nor may Defendants seek refuge in Plaintiff's attempts to resolve the issue of Defendants' infringement short of litigation as compelling the conclusion that the re-use option need not be satisfied prior to re-use.  Plainly, WHA could not "unring the bell" of Defendants' infringement after it had occurred and thus was forced to seek compensation after the fact.    WHA's settlement proposal made on duress of losing a customer is not probative on that interpretation to be given the language of the Owner/Architect Agreement.  Clearly this Agreement speaks for itself.

architectural works.[6]

The terms of a copyright license must be strictly construed to preserve rights in the copyright holder, and essential terms of conveyance cannot be supplied by what may or may not have been "contemplated" between the parties. *Inslaw, Inc. v. U.S.,* 40 Fed. Cl. 843, 853-55 (Fed. Cl. 1998); *Gilliam v. American Broadcasting Cos.*, 538 F.2d 14, 20-21 (2nd Cir. 1976).

Defendants' own authorities recognize that one may infringe a copyright by operating outside the scope of the license agreement. *See Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1121 (9th Cir. 1999) ( "If, however, a license is limited in scope and the licensee acts outside the scope, the licensor can bring an action for copyright infringement."); *S.O.S., Inc.*, 886 F.2d at 1087. The creation of a derivative work is outside the scope of even Defendants' interpretation of a license to re-use a copy of Plaintiff's architectural works. *See S.O.S., Inc., supra.*

In *S.O.S.*, Payday acquired the right to use the software, but S.O.S. retained all ownership rights. Exactly the same situation applies here: Womack+Hampton expressly retained all ownership rights under Section IX (A) of the Owner/Architect Agreement. In *S.O.S.*, the contract in question provided for a $50.00 per hour fee to S.O.S. if Payday wished to modify the program itself. The district court granted summary judgment in favor of Payday, but the Court of Appeals reversed. The Court of Appeals found that the contract did not give Payday the right to prepare derivative works and, therefore, the granting of summary judgment was inappropriate.

---

[6] A "derivative work" is defined at 17 U.S.C. § 101 as "a work based upon one or more preexisting works" or "any other form in which a work may be recast, transformed, or adapted." *See Quintanilla v. Texas Television, Inc.*, 139 F.3d 494, 500 (5th Cir. 1998). The owner of a copyrighted work has the exclusive right to reproduce the work in copies, to prepare derivative works based on the copyrighted work, to distribute copies of the work to the public, and, in the case of certain types of work, to perform and display the work publicly. *Vault Corp. v. Quaid Software, Ltd.*, 847 F.2d 255, 258 (5th Cir. 1988).

Here, as in *S.O.S.*, the express terms of the option did not provide the right to make a derivative work. The provision here and in *S.O.S.*, that the licensee would have to pay the *licensor* an hourly rate in order for the licensor to modify the work, further confirms that no right to make derivative works can or should be implied. This is because if the only contractually expressed option is to have the licensor modify the work at a given hourly rate then no right was granted to the licensee to itself make modifications (*i.e.*, derivative works) especially since such a license must be granted expressly. *Gilliam v. ABC, Inc.*, 538 F.2d 14, 20-21 (2nd Cir. 1976).

Consistent with the reasoning of the *S.O.S.*, no license or grant of rights to make derivative works may be extended. Since the TCR Defendants exceeded the scope of any license they claim to have, they are therefore guilty, as a matter of law, of copyright infringement. Defendants have admitted that they prepared derivative works using the Plaintiff's copyrighted plans and only contend that they had a right to do so. Absent a right to do so, copyright infringement and its measure of damages is applicable here. Hence, Defendants are liable for copyright infringement and damages pursuant to 35 U.S.C. § 501, *et seq.*

### E.     The Authorities Relied Upon By Defendants Do Not Support Contract Damages

#### 1.     Defendants' Argument Erroneously Pre-Supposes The Existence Of A License

Defendants rely on a line of authorities for the proposition that Plaintiff's cause of action, and damages, are limited to re-use fees under the Owner/Architect Agreement. This argument is specious. The cases of *Graham v. Jones*, 144 F.3d 229 (2nd Cir. 1998), *Sun Microsystems, Inc. v. Microsoft*, 188 F.3d 1115 (9th Cir. 1999), and *U.S. Naval Inst. v. Charter Comm.*, 936 F.2d 692 (2nd Cir. 1991) address the scenario where a licensee *breaches* the terms

14

of an existing license and is then sued by the licensor for copyright infringement. These cases are inapposite since the express terms of the contracts between the parties here foreclosed the existence of a re-use license absent an independent agreement for such re-use and the payment of a re-use fee. Unlike the cited authorities in this case, there was no pre-existing license between the parties for the re-use of Plaintiff's architectural works; thus, Plaintiff is not confined to remedies for breach of contract.[8]

> 2.   The Course Of Dealings Rebuts
>       Defendants' Claim As To The
>       Existence Of A License For Re-Use

The tenuous nature of Defendants' argument is revealed in the course of dealings between the parties in another instance where Plaintiff *did* enter into a separate agreement for the re-use of architectural works for a project designated "The Reserve at Barton Creek". In that instance, and in direct conflict with their current litigation-driven argument, the TCR Defendants recognized that their re-use of Plaintiff's architectural works was not authorized *until* they entered into a separate agreement with Plaintiff and paid the re-use fee. (*See* Exhibit "B" to Hampton Decl., ¶ 9). Evidence of the custom and practice between the parties is relevant in clarifying the intent concerning the re-use of architectural works. *S.O.S., Inc.,* 886 F.2d at 1088, n.8 (comparing prior agreements between the parties to establish the scope of the license agreement); *U.S. Naval Inst. v. Charter Communications,* 875 F.2d 1044, 1049 (2nd Cir. 1989), *aff'd in part, rev'd in part,* 936 F.2d 692. In this connection, it is the outward "manifestation" of intent which controls the determination of the intent of the parties to a license. *I.A.E., Inc. v. Shaver,* 74 F.3d 768, 777

---

[8] *I.A.E. v. Shaver* is also readily distinguishable. In that case, the architect sued for the use of plans for which he had been paid compensation. Further, there was no contract language which foreclosed this use. None of these facts are present here. Defendants had not exercised the option for the re-use of the subject works.

15

(7th Cir. 1996).  This course of dealing between the parties as requiring a separate license and re-use fee is admitted by Defendants.  (*See* Valach Decl. at ¶ 5; Exhibit "D" to Luck Decl).  This admission by Defendant also dispatches any argument that they acquired an "implied license" to these works, as addressed below.

### F.   Defendants' Infringement Of Plaintiff's Copyrighted Works Does Not Give Rise To An "Implied License" Or "Waiver"

Defendants previously argued that their willful infringement of Plaintiff's copyrighted works gave rise to an "implied license".  Defendants have repackaged this malodorous argument in this Motion as an alleged "waiver".  This argument again fails to pass the smell test.

Though recast as a waiver, Defendants' argument remains in the nature of an implied license.  An implied license cannot be created where, as here, that which is sought to be implied is directly contradicted by a formal expression by the parties.  *See Woodward v. Southwest States, Inc.*, 384 S.W.2d 674, 675 (Tex. 1964) ("Where there exists a valid express contract covering the subject matter, there can be no implied contract."); *Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449, 454 (5th Cir. 2001)(implied contract is unavailable when valid, express contract governs the subject matter of the dispute); *Lulirama Ltd. v. Axcess Broadcast Services, Inc.*, 128 F.3d 872, 881 (5th Cir. 1997) (an implied license cannot exist if an express, written contract covers the subject matter); *Crawford v. Protective Life Ins. Co.*, 2000 WL 33348737, *3 (W.D. Tex. 2000).  In this case, the operative contracts between Plaintiff and Defendants erase any doubt that the re-use of Plaintiff's architectural works was expressly prohibited absent a separate agreement and consideration for such re-use.

Nor have Defendants presented any of the elements for waiver.  Waiver requires proof

16

that Plaintiff intentionally relinquished a known right with the knowledge of its existence and the intent to relinquish it. *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1026 (9th Cir. 2001) (waiver of copyright occurs only if the copyright owner intended to surrender his rights to the copyright); *Veeck v. Southern Bldg. Code Congress Int'l, Inc.*, 241 F.3d 398, 409 (5th Cir. 2001) (express reservation of copyright makes waiver defense invalid); *U.S. v. King Features Entertainment, Inc.*, 843 F.2d 394, 399 (9th Cir. 1988); *CBS, Inc. v. Merrick*, 716 F.2d 1292, 1295 (9th Cir. 1983).

There is no evidence to support an intentional relinquishment of Plaintiff's rights in their copyrighted works.

As set forth in the Declarations of Plaintiff's principals, Charles Womack and R. Michael Hampton, Plaintiff did not agree, intend or acquiesce to any use of its copyrighted works without execution of a re-use agreement and the payment of a re-use fee. (Womack Decl. at 7, ¶ 11-12.) (Hampton Decl. at ¶ 7, 9). Quite the contrary, Plaintiff notified Defendants' agent, Defendant Chiles Architects, Inc., that Chiles' improper use gave rise to an action for copyright infringement. (Exhibit "C" to Womack Decl.).

In a letter dated September 30, 1998, Plaintiffs made demand on the TCR Defendants for execution of the option if they intended to re-use Plaintiff's plans. (*See* Exhibits "B" and "E" to Womack Decl.).   Defendants refused to pay this fee, threatening Plaintiff with a loss of business should Plaintiff pursue the matter:

> Like President Clinton, I acknowledge a sin (continuing to reference Winfern) but plead innocent of a legal violation, subject to a better understanding of what your copyright covers.   Unfortunately, I do not have the legal expertise to evaluate this matter without a lawyer, which is a very unpleasant and unattractive course of action. *Alternatively, you are suggesting that TCR South Central pay you a fee to make the issue go away.  Mike, this is also a very*

*unpleasant alternative*.

Considering how much business that you do with TCR; considering that I am often asking you if you have capacity for additional work; and, considering that you and Charles have already told me that you do not intend to litigate this misunderstanding (I view suing Gary Chiles and TCR as one and the same), I request that you drop this matter and focus on doing more profitable business with us.  Please do not underestimate the seriousness of this letter.  *If you insist on pursuing this matter, it will have a profound impact on future TCR business.*

(Exhibit "C" to Womack Decl.) (emphasis added).

These protests and threats of litigation by Plaintiff are hardly consistent with the notion that Plaintiff somehow acquiesced to Defendants' infringement.  The proposition implicitly advanced by Defendants is that Plaintiff's actions, to the extent they were anything short of litigation, gives rise to an implied license or waiver to infringe. As revealed by the absence of supporting caselaw, this is not nor has it ever been the law.

**G.   Defendants' Motion As Directed To Plaintiff's Claims For Inducement, Contributory Infringement And Vicarious Liability Must Be Denied As A Matter Of Law**

Defendants' Motion is also directed to Plaintiff's claims of inducement, contributory infringement and vicarious liability.  The sole basis for Defendants' Motion on these claims is the alleged absence of direct infringement. (Mtn. at 11). Defendants' Motion is not based on any of the other elements of these other claims.

For the reasons set forth above, Defendants' Motion must fail since the undisputed evidence demonstrates that the TCR Defendants infringed Plaintiff's copyrights.

**H.   WHA's Cross-Motion For Partial Summary Judgment Should Be Granted**

Defendants admit that they re-used Plaintiff's copyrighted works "in connection with

work at an apartment complex called Los Rios Apartments." (Mtn. at 4, ¶ 6).

The terms of the Owner/Architect Agreement vested exclusive rights in the copyright of the architectural works for all uses other than the subject of the specific project for which the plans were created. Absent the exercise of the re-use option through the exercise of a separate contract and the payment of the re-use fee, the TCR Defendants had no right or license to re-use Plaintiff's copyrighted works or derivative works. As a matter of law, any attempted re-use or modification of Plaintiff's copyrighted works, absent the exercise of this option by its terms, gave rise to an action for copyright infringement pursuant to 17 U.S.C. § 501. It necessarily follows that Defendants' failure to exercise the option to re-use Plaintiff's architectural works, compounded with Defendants' admitted re-use and modification of these works, gives rise to an action for copyright infringement for which copyright damages may be awarded pursuant to 17 U.S.C. § 504.

Judgment should therefore be entered that Plaintiff is entitled to damages for copyright infringement and copyright damages.

## IV.
## CONCLUSION

For the reasons set forth above, Defendants' Motion for Summary Judgment should be denied. As a matter of law, the payment of the option fee was a condition precedent to the conveyance of any license to re-use Plaintiff's copyrighted works. Defendants' unauthorized use *and modification* of Plaintiff's copyrights therefore gives rise to copyright infringement for which copyright damages will lie. Plaintiff's cross-motion should be granted.

There is no evidence to support either an implied license or waiver defense. As the party bearing the burden at trial on these defenses, this lack of evidence again compels entry of judgment

19

for Plaintiff.

A Proposed Order is attached herewith.


Respectfully submitted,

SANKEY & LUCK, L.L.P.

Date:_____1_/28/03___


Gregory M. Luck
Texas State Bar No. 12666380
Thomas W. Sankey
Texas State Bar No. 17635670
SANKEY & LUCK, L.L.P.
6200 Chase Tower, 600 Travis
Houston, Texas 77002
Telephone: (713) 224-1007
Facsimile:  (713) 223-7737

Timothy N. Trop
Texas State Bar No. 20236600
TROP, PRUNER & HU, P.C.
8554 Katy Freeway, Suite 100
Houston, Texas 77024
Telephone: (713) 468-8880
Facsimile:  (713) 468-8883

ATTORNEYS FOR PLAINTIFF
WOMACK+HAMPTON ARCHITECTS,
L.L.C.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of Plaintiff Womack+Hampton's Response and Opposition to The TCR Defendants' Motion for Summary Judgment and Cross-Motion for Summary Judgment, Declaration of R. Michael Hampton and Proposed Order has been served to opposing counsel by first class mail on this 30th day of January, 2003 to:

Rick Harrison
Fritz, Byrne, Head & Harrison, L.L.P.
98 San Jacinto, Suite 2000
Austin, Texas 78701

Richard D. Yeomans
Don G. Jones
Graves, Dougherty, Hearon & Moody
515 Congress Ave., Suite 2300
Austin, Texas 78701

John P. Cahill, Jr.
Hays, McConn, Rice & Pickering
400 Two Allen Center
1200 Smith Street
Houston, Texas 77002

_Melinda M Bller_
Gregory M. Luck

```
 [docket  ]                    CIVIL/CRIMINAL                [vdkttext]
4. Queries                       Docketing


 Docket #   : 1:01-cv-591                           MAG
 Short Title: Womack+Hampton      v. Metric Holdings         CONSOL
 Type: cv   -    Judge: Nowlin              Magistrate: Capelle
 -----------------------------------------------------------------------



 Filed       Entry Date  Last Update      History ID     Docketed by
 1/31/03     1/31/03     **/**/**         5082508           mc2
     +--------------------------------------------------------+
     Response by Womack+Hampton in opposition to motion for
     summary judgment in first action [272-1] (with attached
     Exhibits A & B to declaration of R. Michael Hampton submitted
     and maintained under seal)

     +viewing docket text------------------------------------+
 Transaction: resp inopp m/ show/ sum jgm -

 Command mode (? for commands)
```

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

## NOTICE OF DOCUMENT(S) NOT IMAGED

Civil Case No.        A-01-CA-591 JN

WOMACK+HAMPTON ARCHITECTS

VS.

METRIC HOLDINGS, et al

Attachments to
Document #:        276

Description:        Plaintiff's Response and Opposition to TCR
                    Defendant's Motion for Summary Judgment
                    and Cross-Motion for Summary Judgment

Filed By:           Plaintiff

File Date:          1/31/03


_____
DEPUTY CLERK