IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

WOMACK+HAMPTON, INC. §
§
vs. §
§ Civil Action No. A-01 CV 591 JRN
METRIC HOLDINGS LTD., § (Consolidation A-02 CV 793 JRN)
PARTNERSHIP, CHILES §
ARCHITECTS, INC. and TRAMMELL §
CROW RESIDENTIAL COMPANY, et al., §

**ORDER**

Before the Court is the above-entitled cause of action. This cause was referred to the United States Magistrate Judge for findings and recommendations pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

On October 10, 2002, Magistrate Judge Stephen Capelle filed an Report and Recommendation on Crow Defendants' Motion for Partial Summary Judgment on Issue of Damages (Clerk's Doc. No. 69), Plaintiff Womack+Hampton's Response and Opposition to Crow Defendants' Motion for Partial Summary Judgment on the Issue of Damages and Cross-Motion for Partial Summary Judgment that Plaintiff is Entitled to Damages for Copyright Infringement (Doc. No. 76); Reply to Plaintiff's Response (Doc. No. 88); and Crow Defendants' Response to Plaintiff's Cross-Motion for Partial Summary Judgment that Plaintiff is Entitled to Damages for Copyright Infringement (Doc. No. 94).

The parties notified the Court that a similar case was filed in the United States District Court for the Southern District of Texas, Houston Division. On December 3, 2002, United States District Judge Kenneth M. Hoyt issues a Memorandum and Order transferring the action to the Western District. On

January 17, 2003, this Court issued an order consolidating the two cases (Doc. No. 250). On that same date, Judge Capelle issued an order requesting additional briefing on the above-mentioned motions in light of consolidation.

On January 24, 2003, Magistrate Judge Capelle filed an Amended Report and Recommendation, which replaces in its entirety, the Report and Recommendation issued by this Court on October 10, 2002. (Doc. No. 214). Because the contracts at issue in the second, consolidated case also include the same contractual re-use language, Judge Capelle's conclusions apply to the contracts at issue in the newly consolidated case as well.

Pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure, a party may serve and file specific, written objections to the proposed findings and recommendations of a magistrate judge within ten days after being served with a copy of the report and recommendation, and thereby secure a *de novo* review by the district court. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation in a report and recommendation bars that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

In the Report and Recommendation the Magistrate reiterated the parties' contentions and Court's determinations. The Magistrate determined that the "re-use" clause of the subject agreements expressly and unambiguously provides that Trammel Crow may "use, copy or cause to have copied, the drawings and specifications prepared for this project <u>on subsequent phases or other sites</u>," emphasis added, if it properly compensated Womack +Hampton. The agreement specifically stated

the amount of compensation per unit Trammel Crow was to pay Womack + Hampton if Trammel Crow utilized the "re-use" clause. Trammel Crow argued that because the agreement contemplated re-use of the plans and set a specific amount of compensation, the damages, if any, are limited by contract. Womack + Hampton, relying on *S.O.S., Inc. v. Payday, Inc.*, 886 F. 2d 1081 (9th Cir. 1989), argued that Trammel Crow's actions exceeded the scope of the agreement therefore, Womack was entitled to damages for copyright infringement. The Magistrate rejected Womack +Hampton's argument.

After a *de novo* review of the case, this Court finds the Report and Recommendation is correct and should be adopted. Magistrate Judge Capelle correctly notes that the "re-use" clause in this case is much broader than the clause addressed in the *S.O.S.* case. In *S.O.S.*, the defendant was granted only the right to use the software at issue in the contract, not to copy it. Amended Report and Recommendation, p. 8. In the instant case, the "re-use" clause provides that Trammel Crow may "use, copy or caused to have copied .... for this or on subsequent phases or other sites." The "re-use" clause also details the amount of compensation Trammel Crow is to pay Womack + Hampton for any re-use. The Court agrees with the Magistrate's finding that the agreement allows for modifications of the drawings and specifications in order to use the plans at "other sites." The agreement also specifically addresses the issue of compensation for any modifications. Therefore, any relief for alleged unauthorized use should be limited by the express language of the Agreement.

IT IS THEREFORE ORDERED that the Amended Report and Recommendation filed by Magistrate Judge Stephen Capelle on January 24, 2003, is hereby ACCEPTED and ADOPTED herein.

IT IS FURTHER ORDERED that the Crow Defendants' Motion for Partial Summary Judgment on the Issue of Damages is **GRANTED**. The amount of damages Plaintiff may seek to recover is limited by the terms of the underlying contract, specifically by the terms of the subject Owner Architect Agreements at issue in this case.

IT IS FURTHER ORDERED that Plaintiff's Cross-Motion for Partial Summary Judgment that Plaintiff is Entitled to Damages for Copyright Infringement is **DENIED**.

SIGNED and ENTERED this the 19th day of February 2003.

JAMES R. NOWLIN
CHIEF UNITED STATES DISTRICT COURT