IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2003 MR 20  AM 11:29

| | |
|---|---|
| WOMACK+HAMPTON ARCHITECTS, L.L.C., <br>     Plaintiff, <br><br> V. <br><br> METRIC HOLDINGS LTD., PARTNERSHIP, CHILES ARCHITECTS, INC., and TRAMMEL CROW RESIDENTIAL COMPANY, et al., <br>     Defendants. | § § § § § § § § § § § § <br><br> A-01-CV-591 JRN <br> (consolidated with A-02-CV-793 JRN) |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE JAMES R. NOWLIN
     CHIEF UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff, Womack+Hampton's Response and Opposition to Chiles' Motion for Summary Judgment on the Issue of the Application of Statute of Limitations and Cross-Motion for Partial Summary Judgment That the Statute of Limitations Does Not Apply to Bar Plaintiff's Claims for Copyright Infringement filed March 17, 2003 (Clerk's Dkt. #336); Plaintiff Womack+Hampton Architects, L.L.C.'s Motion for Partial Summary Judgment on the TCR Defendants' Affirmative Defenses of Mitigation, Unclean Hands and Fair Use filed March 17, 2003 (Clerk's Dkt. #338); Plaintiff, Womack+Hampton's Response and Opposition to Crow Defendants' Motion for Partial Summary Judgment on the Issues of License, Waiver, Estoppel and Laches and Cross-Motion for Partial Summary Judgment filed March 17, 2003 (Clerk's Dkt. #341); Plaintiff's Motion for Partial Summary Judgment on Defendants Gary Chiles and Chiles Architects, Inc.'s Affirmative Defenses of Laches and License filed March 17, 2003 (Clerk's Dkt. #342); and Plaintiff, Womack+Hampton's Response and Opposition to the TCR Defendants' Motion for Summary Judgment and Cross-Motion for Summary Judgment filed March 17, 2003 (Clerk's Dkt. #345). These dispositive motions were referred by United States District Judge James R. Nowlin to the

undersigned for a Report and Recommendation as to the merits of the motions pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. After reviewing the parties' pleadings, relevant case law, as well as the entire case file, the undersigned issues the following Report and Recommendation.

## I. Procedural History

On January 24, 2003, the undersigned issued an Amended Report and Recommendation, on Crow Defendants' Motion for Partial Summary Judgment on Issue of Damages (Clerk's Dkt. #69) and Plaintiff Womack+Hampton's Response and Opposition to Crow Defendants' Motion for Summary Judgment on the Issue of Damages and Cross-Motion for Partial Summary Judgment that Plaintiff is Entitled to Damages for Copyright Infringement (Clerk's Dkt. #76). On February 19, 2003, Chief United States District Judge James R. Nowlin accepted and adopted the Amended Report and Recommendation. Judge Nowlin granted Crow Defendants' Motion for Partial Summary Judgment on Issue of Damages (Clerk's Dkt. #69) and denied Plaintiff Womack+Hampton's Cross-Motion for Partial Summary Judgment that Plaintiff is Entitled to Damages for Copyright Infringement (Clerk's Dkt. #76).

On February 21, 2003, the undersigned issued a Report and Recommendation on the dispositive motions still pending, On March 13, 2003, Chief United States District Judge James R. Nowlin accepted and adopted the Report and Recommendation. Judge Nowlin denied the remaining dispositive motions, without prejudice to the parties' ability to re-urge the motions, if necessary.

Plaintiff Womack+Hampton Architects, L.L.C. ("Womack+Hampton") subsequently filed five separate pleadings nominally responding to, and seeking relief from, the Defendants in the form of summary judgment or partial summary judgment. The undersigned has recently signed a Report

and Recommendation recommending the District Court grant the motions for summary judgment of the defendants, which would result in dismissal of all of plaintiff's claims. In light of that Report and Recommendation, the undersigned concludes all Plaintiff's motions and cross-motions for summary judgment should be denied.

## II. Standard of Review

Summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254, 106 S. Ct. 2505, 2513 (1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87, 106 S. Ct. 1348, 1355-56 (1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995).

This Court will consider the summary judgment evidence in the light most favorable to the non-movant; however, the non-movant may not rely on mere allegations in the pleadings, but must respond to the motion by setting forth particular facts indicating that there is a genuine issue for trial. *See Mississippi River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000) (citing *Anderson*, 477 U.S. at 248-49, 106 S. Ct at 2510). "After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant,

summary judgment will be granted." *Id.*

### III. Analysis

Plaintiff Womack+Hampton Architects, L.L.C. alleges the Crow Defendants,[1] commissioned the Chiles Defendants[2] and the SDT Defendants[3] to use and/or copy Womack+Hampton's copyrighted architectural drawings without authorization. The sole legal basis for Womack+Hampton's claims is copyright infringement.

Plaintiff has now filed five separate pleadings seeking relief from the defendants in the form of summary judgment. Of the five pleadings submitted by Womack+Hampton, three are denominated "Response and Opposition" to various motions for summary judgment filed by the Defendants. However, each of the motions responded to was denied by Judge Nowlin's Order prior to the date Womack+Hampton filed its purported response. Accordingly, the Magistrate Court finds all of the responsive issues are moot and will not consider them further.

Plaintiff first moves for partial summary judgment against the Chiles Defendants, seeking a ruling that its claims for copyright infringement are not barred by the statute of limitations. In a series of Reports and Recommendations, the Magistrate Court has interpreted the contractual agreement between the Crow Defendants and Womack+Hampton as fatal to Plaintiff's copyright infringement claims. Most recently, the undersigned has recommended granting the three separate motions for summary judgment by the Defendants, which would result in the dismissal of all of Plaintiff's claims. Pursuant to that recommendation, the Magistrate Court concludes Plaintiff's

---

[1] The Crow Defendants consist of Metric Holdings, Ltd. Partnership, Trammell Crow Residential Company, TCR South Central 1995, Inc., TCR South Central Division L.P., TCR Metric Construction Ltd. Partnership, TCR Operating Company, Inc., TCR Metric L.P., South Central RS, Inc., TCR South Central Division L.P., TCR Los Rios Limited Partnership, Robert Buzbee, Lewis Bunch, Kenneth J. Valach, Perry K. Wilson, J. Ronald Terwilliger, Chris Wheeler, John Zeledon and Tim Hogan.

[2] The Chiles Defendants consist of Chiles Architects, Inc. and Gary Chiles.

[3] The SDT Defendants consist of SDT Architects, Inc., Thomas Stovall and Jerry Daniels.

4

contention that its copyright infringement claims are not time-barred is moot and should be denied,

Plaintiff next seeks partial summary judgment against the Crow Defendants. The Crow Defendants asserted affirmative defenses of mitigation, unclean hands and fair use to Womack+Hampton's claims of copyright infringement. Plaintiff now moves for partial summary judgment on those defenses, contending the Crow Defendants have failed to prove their requisite elements. Pursuant to the recommendation that Womack+Hampton's copyright claims should be dismissed, the Magistrate Court concludes Plaintiff's contention that the Crow Defendants cannot prove their affirmative defenses to those claims is moot and summary judgment should be denied.

In its third motion, Womack+Hampton moves for partial summary judgment against the Crow Defendants. Plaintiff seeks a finding that the Crow Defendants cannot prove the existence of an implied license to use their copyrighted materials. Womack+Hampton also maintains the Crow Defendants cannot prove their affirmative defenses of waiver, estoppel and laches. Once again, the Magistrate Court concludes the recommendation dismissing Plaintiff's copyright claims renders this motion for partial summary judgment moot.

Plaintiff also moves for partial summary judgment against the Chiles Defendants. Womack+Hampton argues the Chiles Defendants cannot prove their affirmative defenses of laches and license. In light of the recommendation that Womack+Hampton's copyright claims should be dismissed, the Magistrate Court finds Plaintiff's contention that the Chiles Defendants cannot prove their affirmative defenses to those claims is moot and summary judgment should be denied.

Finally, Womack+Hampton has filed a cross-motion for summary judgment against the Crow Defendants. Plaintiff asserts the Crow Defendants infringed on its copyrighted materials, entitling Womack+Hampton to relief under copyright law. In short, Womack+Hampton attempts to re-litigate an issue both the Magistrate Court and the District Court have already decided against it. Accordingly, the motion for summary judgment should be denied.

## III. RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **DENY** the Cross-Motion for Partial Summary Judgment That the Statute of Limitations Does Not Apply to Bar Plaintiff's Claims for Copyright Infringement, Plaintiff's Motion for Partial Summary Judgment on the TCR Defendants' Affirmative Defenses of Mitigation, Unclean Hands and Fair Use, Plaintiff's Cross-Motion for Partial Summary Judgment Motion on the Crow Defendants' Issues of License, Waiver, Estoppel and Laches, Plaintiff's Motion for Partial Summary Judgment on Defendants Gary Chiles and Chiles Architects, Inc.'s Affirmative Defenses of Laches and License, and Plaintiff's Cross-Motion for Summary Judgment against the TCR Defendants.

## IV. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

The Clerk is directed to send a copy of this Report and Recommendation to the parties by certified mail, return receipt requested.

SIGNED this 20TH day of March, 2003.

_____
STEPHEN H. CAPELLE
UNITED STATES MAGISTRATE JUDGE