FILED
AUSTIN DIVISION

2003 MY 13 PM 2: 44

WESTERN DIST. OF TEXAS
U.S. CLERK'S OFFICE

BY: _____ /W. _____
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WOMACK+HAMPTON ARCHITECTS, L.L.C., | § § § | |
| Plaintiff, | § § | |
| vs. | § § § | CIVIL ACTION NO. A 01CA591 JN consolidated with CIVIL ACTION NO. A 02CA793 JRN |
| METRIC HOLDINGS, LTD., PARTNERSHIP, CHILES ARCHITECTS, INC. and TRAMMELL CROW RESIDENTIAL COMPANY, | § § § § § | |
| Defendants. | § | |

## DEFENDANTS CAI AND CHILES' APPLICATION
## FOR AN AWARD OF COSTS AND ATTORNEYS' FEES

Defendants CAI and Chiles hereby move for an award of their costs and reasonable attorneys'

fees under 17 U.S.C. § 505. In accordance with Western District Local Rule CV-7(i), a brief memo

setting forth the legal and factual support for the actual calculation of fees and costs is filed

contemporaneously with this motion.

### I. BACKGROUND FACTS[1]

Plaintiff Womack + Hampton Architects ("WHA") is an architectural firm with principal

offices in Dallas, Texas. Defendants CAI and Gary Chiles (collectively "Chiles") are an architectural

firm and its principal with principal offices in Austin, Texas. In or about 1997, WHA undertook to

---

[1] Chiles realizes that this Court is familiar with the facts made the basis of this suit. However, in the event that Plaintiff appeals an award of attorneys' fees, this motion provides additional support for such an award. Chiles refers to arguments made in its Response to the Amended Report and Recommendation and its Response to the Motion to Reconsider the Order Adopting that Amended Report and Recommendation and the Exhibits attached to those pleadings for further support of the facts and argument set out in this Motion to avoid further burdening the Court with duplicative argument and exhibits.

K:\DIR46\46130\01\PLEADING\Motion for Atty Fees.wpd

386

provide architectural services to Defendant Trammel Crow Residential ("Crow") in connection with the design of a residential apartment complex in Houston, Texas named the Windfern.  In the Windfern Architectural Agreement, which was authored by WHA, ("the Agreement"), WHA expressly permitted Crow to reuse the drawings of the Houston apartment complex, providing only that in the event of reuse, WHA would be reimbursed by Crow a set fee per apartment unit ("Re-Use Clause") and further providing that if WHA was also the architect on the subsequent project, it was not limited to receiving only the re-use fee but could also collect additional fees.[2]  The Agreement at section IX(B) provides:

> The Owner agrees not to use, copy or cause to have copied, the drawings and specifications prepared for this project in subsequent phases or other sites without proper compensation to the Architect, which shall be based upon a mutually agreed upon [sic] of $150.00 per unit (base architectural fee) plus contingent additional hourly charges and expenses for plan modifications necessary to adapt these plans and specifications to other sites.

On January 13th, 1998, Crow sent a set of WHA's schematic drawings from Windfern to Defendant Chiles.[3]  Crow asked Chiles to begin the architectural design of an apartment complex to be constructed in the Austin metroplex, which is now named "The Reserve at North Bend."  Crow indicated to Chiles that Crow was permitted under the Agreement with WHA to let Chiles copy the basic Windfern unit schematic layouts.  Based on this representation, Chiles used the schematics as a rough outline for the vastly more complicated architectural plans for the Reserve at North Bend.

A review of the schematics is strong evidence as to why attorneys' fees should be awarded

---

[2] *See* Exhibit A to Chiles' Response to WHA's Objections to the Amended Report and Recommendation.

[3] As set out in prior pleadings, schematics are basic outlines of apartment layouts and are wholly insufficient to support construction of an apartment complex.

2

in this case. *See* Exhibit A, five pages of Windfern Schematics.[4] These bare-bones schematics form the **entire basis** of WHA's claimed entitlement to more than $25,000,000.00 for copyright infringement.   The sheer effrontery in making such an inflated claim indicates that an award of attorneys' fees should be made to compensate Defendants and deter such actions in the future.

As the drafter, the existence of the re-use license was obviously well-known to WHA and thus its only available cause of action was a state law claim for breach of contract for Crow's alleged failure to pay the re-use fee. [5]  Rather than limit itself to the amounts it was arguably entitled to recover,  WHA filed a baseless federal court case in hopes of recovering a vast amount--not the re-use fee to which it was arguably entitled ($54,900.00) or even its damages and Crow's or Chiles' profit, recovery of which would have been quite unlikely under relevant precedent--but rather the **entire** sales price of the completed apartment complex–an amount in excess of twenty-five million dollars ($25,000,000.00).[6]  Further, WHA's dogged insistence that it was entitled to this full amount and more and its refusal to consider on-point cases which established that its demand was unreasonable made settlement literally impossible.[7]  Chiles notes that a Joint Offer of Judgment in January, 2003 by the Crow Defendants of $110,000.00 was rejected.[8]

WHA also failed to diligently pursue its claim, causing Chiles to incur unnecessary attorneys'

---

[4] This exhibit has been repeatedly submitted and verified but its importance on this issue indicates that it should be submitted again.

[5] WHA has never sought in this proceeding to recover a re-use fee and has expressly and specifically disavowed any claim it might have had for breach of contract.

[6] Actually, at one point the requested damages was up to forty million dollars ($40,000,000) based on the gross sale price of the Reserve at North Bend plus income prior to its sale, lost business from Crow for WHA, and interest.

[7] That is, of course, unless Defendants were willing to offer $25,000,000.00, which they were not.

[8] See Exhibit B, Offer of Judgment.

K:\DIR46\46130\01\PLEADING\Motion for Atty Fees.wpd

fees. It is uncontested that WHA became aware of Chiles' review of its schematics no later than September, 1998, prior to ground even being broken for the Austin project, and at that time WHA agreed to accept a reuse fee of $27,450.00 for the use of its schematics, which WHA itself stated was one-half of the previously agreed upon reuse fee.[9] This is an obvious recognition by WHA that the re-use agreement applied to Chiles' use of the schematics. On October 8, 1998, Crow asked WHA to waive the reuse fee in consideration of future business.[10] After receiving this letter, WHA made no further request for payment, made no objection to the re-use, and indeed remained wholly silent on the issue until it filed suit almost three years later, long after the Reserve at North Bend was finished and sold to a third-party. Had WHA objected earlier, the re-use fee could have been paid or WHA's objections could otherwise have been satisfied and this case could have been entirely avoided.

## II. PROCEDURAL HISTORY

This case was filed on September 7, 2001, approximately one week prior to the expiration of the three year statute of limitations. Plaintiff's Third Amended Complaint and all of its previous Complaints[11] set out its claims as follows:

> This is an action for copyright infringement arising under the Copyright Act of 1976 17 U.S.C. § 101, *et seq.* and specifically the Architectural Works Copyright Protection Act, as enacted on December 1, 1990.

---

[9] *See* Exhibit C to Chiles' Response to WHA's Objections to the Amended Report and Recommendation.

[10] *See* Exhibit D to Chiles' Response to WHA's Objections to the Amended Report and Recommendation.

[11] Plaintiff's Motion to File a Fourth Amended Complaint on March 3, 2003 (Doc. #231) was denied (Clerk's Doc. # 359) because by that time, the District Court had granted a partial summary judgment on damages and the Magistrate Court had further recommended that three additional motions for summary judgment filed by the defendants should be granted which would fully dispose of Plaintiff's claims. Those three Reports and Recommendations were thereafter adopted by the District Court on April 18, 2003.

4

*See* Third Amended Complaint, § III. The Complaint further identified the causes of action raised

by Plaintiff in four counts as "Copyright Infringement," "Inducement to Infringement,"

"Contributory Infringement," and "Vicarious Liability" for the first three claims.[12]

This case was consolidated with a related Houston case on January 15, 2003. On January 17,

2003, Defendants moved for summary judgment.[13] On February 19, 2003, the District Court adopted

the Amended Report and Recommendation of the Magistrate Court and granted Defendants' Motion

for Summary Judgment on the issue of Plaintiff's damages. The Order reflects that the Court based

its dismissal on the existence of the express written license for re-use. (Doc. #304). On April 30,

2003, this Court entered a Final Judgment disposing of all of Plaintiff's claims.

## III. STANDARD FOR AWARD OF
## ATTORNEYS' FEES UNDER THE COPYRIGHT ACT

The Copyright Act provides that in a copyright infringement action a court may award a

reasonable attorney's fee to a prevailing plaintiff or defendant as part of the costs. 17 U.S.C. § 505;[14]

*Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533, 114 S. Ct. 1023 (1994). In *Fogerty*, the Supreme Court

held that the inquiry should be an evenhanded, party-neutral analysis. *Id.* at 525, n. 12. Although

attorney's fees are awarded in the trial court's discretion, in copyright cases "they are the rule rather

than the exception and should be awarded routinely." *Hogan Systems v. Cybresource Int'l*, 158 F.3d

319, 325 (5th Cir. 1998). The Fifth Circuit has consistently held that awarding attorneys' fees and

---

[12] Third Amended Complaint, §§ V. -VIII.

[13] On Chiles' motion (in an effort to avoid incurring additional fees), the court permitted Chiles to adopt this dispositive motion.

[14] "In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."

K \DIR46\46130\01\PLEADING\Motion for Atty Fees wpd

costs in copyright cases is not an abuse of discretion when awarded to the prevailing party.[15]

The *Fogerty* Court highlighted a list of non-exclusive factors to guide the district court min its determination whether to award attorneys' fees, including "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.*Id.* at 533 n.19. Chiles addresses each factor in turn.

### 1.    This Case was Frivolous

It is not required that the Court find that the case was frivolous to award attorneys' fees because even a non-frivolous case can support an award of attorneys' fees.[16]  However, "when a party has pursued a patently frivolous position, the failure of a district court to award attorney's fees and costs to the prevailing party will, except under the most unusual circumstances, constitute an abuse of discretion."[17]

First, this case was frivolous because a re-use agreement drafted by the Plaintiff WHA specifically covered the use and provided a remedy to WHA.  There was no need for WHA to manufacture a federal copyright case to receive appropriate compensation.  Had WHA believed that the license it had granted was violated  a state court breach of contract case was the proper vehicle.

In addition, a review of relevant case law indicates that the wildly inflated damages request was similarly frivolous.  Even under the very best scenarios and even if a license had not existed, the

---

[15] *Bridgmon v. Array Systems,* __ F.3d __, No. 01-10367, 2003 U.S. App. 5456 (5th Cir. 3/20/2003); *Lyons Partnership v. Giannoulas,* 179 F.3d 384, 385 (5th Cir. 1999); *Hogan Systems,* 158 F.3d at 325-26, *McGaughey v. Twentieth Century Fox Film Corp.,* 12 F.3d 62, 65 (5th Cir. 1994).

[16] *Matthews v. Friedman,* 157 F.3d 25, 29 (1st Cir. 1998).

[17] *Diamond Star Building Corp. v. Freed,* 30 F.3d 503, 506 (4th Cir. 1994)

most a copyright infringement plaintiff can recover is damages attributable to the infringement plus any profits attributable to the infringement not otherwise accounted for in the damages award.[18]  It is obvious from even a cursory review of the schematics--in comparison with the completed apartment complex--that no credible claim can be made that WHA was entitled to an award of $25,000,000.00.  Such a damages claim disregards established copyright law.

For example, in *Davis v. Gap, Inc.*, 246 F.3d 152 (2d Cir. 2001), the Second Circuit concluded that the appropriate amount of actual damages in a copyright infringement case when infringement was established was "the fair market value for the use" of the copyrighted material." *Id.* at 166-67.  In that case, Plaintiff sought damages of $12,500,000.00 for the use of his copyrighted eyeglasses in a Gap advertisement.  The Court rejected Davis' "wildly inflated claim" and found that the appropriate measure of damages was the "modest fair market value of the use made by the Gap," namely approximately fifty dollars ($50.00).[19]

## 2.  The Motivation was Greed and Revenge.

WHA's primary motivation in this case is obvious: to recover as much money as possible and, even absent such recovery, to punish Crow for the reduced business WHA had received from 1998 on by forcing Crow to incur attorneys' fees.  The evidence shows that, despite being aware of the infringement in 1998, WHA chose not to sue until 2001–when it was no longer being awarded the architectural contracts with Crow it had received in the past.  WHA's expert's damages model makes it obvious that in some mysterious way WHA connected its reduced business from Crow with

---

[18] *Johnson v. Jones*, 149 F.3d 494 (6th Cir. 1998).

[19] *Davis*, 246 F.2d at 161-64.  *See also Pfanenstiel Architects, Inc. v. Chouteau Petroleum*, 978 F.2d 430, 432 (8th Cir. 1992)(awarding architect lost profits of $3,000).

K:\DIR46\46130\01\PLEADING\Motion for Atty Fees.wpd

the infringement. Such a connection is so farfetched as to amount to the absurd. Regardless, WHA asserted the claim.

Chiles recognizes that a desire to recover damages forms the basis of most, if not all, lawsuits. However, even a sincere belief that one has been wronged with no concomitant damages does not justify the filing of a suit of this type and the resulting abuse of the judicial process.

### 3.    This Case Was Objectively Unreasonable

Over the entire course of this case, WHA consistently stuck its head in the sand and insisted that its version of events and theory of damages and its interpretation of legal precedent was correct despite abundant evidence and precedent to the contrary. With respect to the reasonableness of WHA's position, this Court properly noted that WHA was the author of the Agreement at issue and certainly was aware of its provisions. As set out more specifically in Chiles's response to WHA's Motion to Reconsider, WHA's illogical interpretation of the re-use agreement was combined with an absolute refusal to even consider the meaning of the paragraph as a whole or consider specific words that did not comport with its tortured interpretation. Such deliberate ignorance amounts to objective unreasonableness.

Further, in October 2002, a Report and Recommendation was submitted which carefully considered the claims and recommended that the District Court find the license agreement barred recovery of copyright damages.[20] Even after this Report, WHA refused a settlement offer of twice the re-use fee and four times what it had been willing to accept in September, 1998 ($110,000.00).

After the District Court adopted an Amended Report and Recommendation, WHA filed a

---

[20] Due to the consolidation of the Houston case, the Report was withdrawn and resubmitted in essentially unchanged form.

K \DIR46\46130\01\PLEADING\Motion for Atty Fees wpd

patently unmeritorious (and somewhat insulting to the Court) Motion for Reconsideration and also filed additional dispositive motions which wholly lacked merit. The Fifth Circuit has held that a plaintiff's insistence in making unmeritorious arguments is a factor a court should consider in awarding attorneys' fees.[21]

As further evidence of objective unreasonableness, there was never any allegation of fraud or other misconduct which would create individual liability for a corporate officer. Regardless, in March, 2002, WHA sued Gary Chiles individually (and numerous other Crow-related individuals). This suit was some three and a half years after its initial discovery of the re-use of the schematics and well after the statute of limitations expired as to Gary Chiles.

Chiles requests that this Court take judicial notice of the sheer mass of superfluous and unreasonable motions filed by WHA--which regardless of merit required responses by Chiles. WHA's conduct during this litigation in filing numerous repetitive and unnecessary motions and cross-motions unreasonably increased the attorneys' fees incurred by CAI and Chiles. Chiles asks that this Court note that *every* response by WHA to a dispositive motion contained a cross-motion for summary judgment, even though it was obvious that the cross-motion was filed for a retaliatory motive, entirely lacked merit, and often skirted the bounds of (or even violated) Fed. R. Civ. P. 11.

### 4.     An Award Advances Considerations of Compensation and Deterrence.

An award in this case promotes fairness. WHA retained its attorneys on a contingent fee basis, therefore it may well have believed it had "nothing to lose" even if it did not prevail. By contrast, the attorneys' fees necessarily incurred in Chiles' defense had to be paid even though Chiles

---

[21]*Lyons Partnership*, 179 F.3d at 388, n. 5.

ultimately prevailed.[22] Counsel for WHA apparently (and incomprehensibly to Chiles) believed they had a "tobacco case" on which they were going to retire. Their unwillingness to even discuss a settlement unless the offer was in the multi-million dollar range unreasonably prolonged this case and unreasonably increased the defense fees and costs.

### 5. Amount of Requested Award

As set out in the Brief in Support of an Award of Attorneys' Fees, the total attorney hours expended in this case through March 31, 2003 are 887.3 hours and the total paralegal hours are 74.4. As reflected on the detailed billing statements attached as an exhibit to the Brief, the total attorney and paralegal fees charged and paid in this case through March 31, 2003 are $213,201.00

Based on the foregoing, Chiles requests that the Court find that the method by which the attorneys' fees were calculated in this case is reasonable and correct. As further set out in their brief in support of an award of attorneys' fees and costs, Chiles further requests that they be awarded its reasonable and necessary costs of $8,129.93 for a total award of $221,330.93

### IV. CONCLUSION

An award of attorneys' fees to Chiles and CAI is appropriate because WHA's claim was frivolous and unreasonable. WHA wholly ignored the fact that there was an express written license that permitted the reuse of the schematics and failed to recognize that even if it had somehow established infringement, its damages were minimal. Based on the foregoing, Chiles are entitled to recover their reasonable and necessary attorneys' fees and costs.

---

[22] Chiles notes that they were partially protected by an indemnity agreement, however this was not true at the time suit was filed and was regardless not known by WHA. Such coverage was not attributable to anything WHA did or did not do.

K:\DIR46\46130\01\PLEADING\Motion for Atty Fees.wpd

Respectfully submitted,

FRITZ, BYRNE, HEAD & HARRISON, L.L.P.

By: _____
      Rick Harrison
      State Bar No. 09120000
      Michelle F. Wakefield
      State Bar No. 00786319
      98 San Jacinto, Suite 2000
      Austin, Texas 78701
      Telephone: (512) 476-2020
      Facsimile: (512) 477-5267
      ATTORNEYS FOR CHILES ARCHITECTS,
      INC. and GARY CHILES

## CERTIFICATE OF CONFERENCE

Pursuant to Western District Local Rule CV-7(i) the undersigned certifies that a conference in accordance with the requirements of the rule was held on May 9, 2003. Chiles provided this application for an award of attorneys' fees, the brief in support, and all attached exhibits (which included the detailed billing records) to counsel for Plaintiff WHA (Tom Sankey) on the morning of Friday, May 9, 2003--well in advance of a conference call scheduled by agreement of the parties for 4:00 p.m. that day. Despite Chiles' effort, Mr. Sankey participated in the conference call on his cell phone as he navigated Houston traffic during Friday rush hour, and he admitted that because he had not been in his office all day Friday, he had not reviewed any of Chiles' billing records or other documents prior to the conference call. This admission rendered the call virtually useless because Mr. Sankey would not stipulate to information he had failed to review.

On May 12 at 4:48 p.m., counsel received a faxed letter directed to counsel for Crow.[23]  In

---

[23]  Exhibit C.

K:\DIR46\46130\01\PLEADING\Motion for Atty Fees.wpd

that letter, Mr. Sankey indicated he did not believe there was a basis for an award and that he believed the hours expended by counsel for Chiles were excessive.  However, he did agree that the hourly rates charged by Chiles' counsel as set out in the Brief were reasonable.

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of May, 2003 a true and correct copy of the foregoing document was served on the following:

**Via Certified Mail Return Receipt Requested**
Mr. Greg Luck
Ms. Amy Hawk
Sankey & Luck
600 Travis, Ste. 6200
Houston, Texas  77002

**Via First Class Mail**
Mr. Richard D. Yeomans
Graves, Dougherty Hearon & Moody
515 Congress Avenue, Ste 2300
Austin, TX 78701

Mr. John P. Cahill, Jr.
Stanton M. Childers
HAYS, McCONN, RICE & PICKERING
400 Two Allen Center
1200 Smith Street
Houston, Texas 77002

Rick Harrison

K:\DIR46\46130\01\PLEADING\Motion for Atty Fees.wpd



**Womack+Hampton**
Architectural Joint Venture

# FAX TRANSMISSION COVER SHEET

DATE: 1·13·98

TO: Bob Buzbee

COMPANY: ICR

FAX. NO. 512·479·0810

FROM: Charles Womack

PROJECT: Windfern

ARCHITECT'S JOB NO. 97013

THE FOLLOWING: Prelim Program & Unit plans

REMARKS:

TOTAL NUMBER OF PAGES IN THIS TRANSMISSION ARE __1__, INCLUDING THIS SHEET.

IF THESE SHEETS ARE NOT RECEIVED AS INDICATED ABOVE, PLEASE CONTACT THE SENDER AT (214) 754-8700.

**EXHIBIT**
**A**

## PRELIMINARY PROGRAM

| MK | DESCRIPTION | % | NO. | NET S.F. | TOTAL |
|---|---|---|---|---|---|
| A1 | 1 BDRM/1 BATH 1 | 23.8% | 78 | 657 | 51,246 |
| A2 | 1 BDRM/1 BATH | 25.6% | 84 | 728 | 61,152 |
| B1 | 2 BDRM/1 BATH | 11.0% | 36 | 959 | 34,524 |
| B2 | 2 BDRM/2 BATH | 15.9% | 52 | 1,163 | 60,476 |
| B2-1 | 2 BDRM/2 BATH /STUDY | 7.9% | 26 | 1,324 | 34,424 |
| C1 | 1 BDRM/2 BATH | 15.9% | 52 | 1,370 | 71,240 |
| UNIT TOTALS | | 100% | 328 | 954 | 313,063 |
| ANCILLARY AREAS | | | | | |
| | Leasing/Recreation | | 0 | 5,000 | 5,000 |
| | Breezeways | | 0 | 0 | 0 |
| | Cores | | 0 | 0 | 0 |
| | Parking Garage | | 0 | 0 | 0 |
| NET SQUARE FOOTAGE | | | | | 318,063 |

**WINFERN APARTMENTS**

| | |
|---|---|
| Job No. 97013 | August 11, 1997 |
| Trammell Crow Residential | WOMACK+HAMPTON |
| | Architectural Joint Venture |

CH 00627

### BLDG TYPE

| | I | II |
|---|---|---|
| 1 | 6 | 6 |
| 2 | 12 | 0 |
| 3 | 0 | 6 |
| 4 | 2 | 4 |
| 5 | 2 | 2 |
| 6 | 4 | 4 |
| | 28 | 22 |

| | | | |
|---|---|---|---|
| NO. OF BLDGS | 7 | 6 | TOTAL 13 |

08/12/97

| | | | | TOTAL |
|---|---|---|---|---|
| A-1 | 6 | 36 | 54 | 90 |
| A-2 | — | 72 | — | 72 |
| B-1 | 36 | 0 | 54 | 54 |
| B2-1 | 24 | 24 | 36 | 60 |
| | 12 | 18 | 30 | 30 |
| C-1 | 24 | 36 | 60 | 60 |
| | | | | 366 |



UNIT C1
R.T.S.
AREA = 1570 S.F.
SECOND AND THIRD FLOORS ONLY

Womack+Hampton
Architectural Joint Venture

WINDFERN
A LUXURY MIXED-FAMILY COMMUNITY
TRAMMELL CROW RESIDENTIAL

CH 00628



CH 00629



# UNIT B2.1

N.T.S.

**1334 S.F.**

(FIRST FLOOR ONLY)



**Womack+Hampton**
Architectural Joint Venture



# WINDFERN

A LUXURY MULTI-FAMILY COMMUNITY
TRAMMELL CROW RESIDENTIAL

CH 00630



BEDROOM 1
CARPET

BALCONY
CONCRETE

STOR.

LIVING
CARPET

CARPET

BATH
TILE

STOR.
CONC.

ENTRY
TILE

DINING
CARPET

CARPET

CARPET

KITCHEN
TILE

BEDROOM 2
CARPET

UNIT B1
N.T.S.

SECOND AND THIRD FLOORS ONLY?



Womack+Hampton
Architectural Joint Venture



WINDFERN
A LUXURY MULTI-FAMILY COMMUNITY
TRAMMELL CROW RESIDENTIAL

CH 00631





UNIT A1

N.T.S.

678 S.F.

(SECOND AND THIRD FLOORS ONLY)



**Womack + Hampton**
Architectural Joint Venture



**WENDFERN**

A LUXURY MULTI-FAMILY COMMUNITY
TRAMMELL CREW RESIDENTIAL

CH 00632



IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

WOMACK+HAMPTON ARCHITECTS, §
L.L.C., §
§
Plaintiff, §
§
vs. §   CIVIL ACTION NO. A 01-CA-591 JRN
§
METRIC HOLDINGS LTD., §
PARTNERSHIP, CHILES ARCHITECTS, §
INC. and TRAMMELL CROW §
RESIDENTIAL COMPANY, §
§
Defendants. §

## JOINT OFFER OF JUDGMENT

COME NOW Trammell Crow Residential Company, TCR Operating Company, Inc., Metric

Holdings Limited Partnership, TCR Metric, L.P., South Central RS, Inc., TCR South Central, Inc.,

TCR South Central 1995, Inc., TCR South Central Division L.P., TCR Metric Construction Ltd.

Partnership, Robert Buzbee, Lewis Bunch, Kenneth J. Valach, Perry Wilson, Chris Wheeler and J.

Ronald Terwilliger (collectively referred to as "Trammell Crow Defendants") and pursuant to Fed.

R. Civ. P. 68, make the following Joint Offer of Judgment in this action.

## I. Joint Offer of Judgment

The Trammell Crow Defendants offer to allow judgment to be taken against them jointly

by Plaintiff in a total amount of $110,000.00, inclusive of costs and attorneys' fees accrued,

which is apportioned among the various Trammell Crow Defendants as follows:

Trammell Crow Residential Company: $7,338.00

TCR Operating Company, Inc.: $7,333.00

Metric Holdings Limited Partnership:  $7,333.00

TCR Metric, L.P.:  $7,333.00

South Central RS, Inc.  $7,333.00



TCR South Central, Inc.: $7,333.00

TCR South Central 1995, Inc.: $7,333.00

 TCR South Central Division L.P.: $7,333.00

TCR Metric Construction Ltd. Partnership: $7,333.00

Robert Buzbee: $7,333.00

Lewis Bunch: $7,333.00

Kenneth J. Valach: $7,333.00

Perry Wilson: $7,333.00

Chris Wheeler: $7,333.00

J. Ronald Terwilliger: $7,333.00

This Joint Offer of Judgment is contingent upon Plaintiff accepting the offer as to all Trammell Crow Defendants.  Plaintiff may not accept this offer as to some, but not all, of the Trammell Crow Defendants.  Acceptance of this Joint Offer of Judgment precludes any subsequent claim by Plaintiff against any of the Trammell Crow Defendants for costs or attorneys' fees.

2

Respectfully submitted,

GRAVES, DOUGHERTY, HEARON & MOODY
A Professional Corporation
515 Congress Avenue, Suite 2300
P. O. Box 98
Austin, Texas  78767
Telephone:  512/480-5600
Telecopy:  512/478-1976

By _____
       Richard D. Yeomans
       State Bar No. 24030014
       W. Reid Wittliff
       State Bar No. 00791951

ATTORNEYS FOR THE TRAMMELL
CROW DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing Joint Offer of Judgment was sent to the following via certified mail, return receipt requested:

Gregory M. Luck, Esq.
Sankey & Luck, L.L.P.
600 Travis Street, Ste. 6200
Houston, Texas  77002

Timothy N. Trop, Esq.
Trop, Pruner & Hu, P.C.
8554 Katy Freeway, Suite 100
Houston, Texas  77024

Richard Harrison, Esq.
Rick Harrison & Associates
100 Congress Avenue, Ste. 1550
Austin, Texas  78701

on the 9th day of January, 2003.

_____
Richard D. Yeomans

# SANKEY & LUCK, L.L.P.
### 6200 CHASE TOWER
### 600 TRAVIS
### HOUSTON, TEXAS 77002
### (713) 224-1007
### TELEFAX: (713) 223-7737

## TELEFAX TRANSMITTAL COVER SHEET

*DATE:*   **May 12, 2003**

*TO:*   **Richard Yeomans**
**Graves, Dougherty, Hearon & Moody**

*Fax No.:*   **(512) 480-5845**

*FROM:*   **Thomas W. Sankey** *(3512)*

*NUMBER OF PAGES, INCLUDING COVER PAGE: 3*

*CLIENT AND MATTER: WOMA:007 (3512)*

*DOCUMENT(S) SENT:   Correspondence dated May 12, 2003*

*MESSAGE*

### CONFIDENTIALITY NOTE

*The documents accompanying this facsimile transmission contain confidential or privileged information from the law firm of Sankey & Luck, L.L.P. The information is intended to be only for the use of the individual or entity named on this transmission sheet. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this faxed information is prohibited. If you have received this facsimile in error, please notify us by telephone immediately so that we can arrange for the retrieval of the original documents at no cost to you.*

CC:   Mr. Rick Harrison *Via Fax (512) 477-5267*
Mr. John P. Cahill, Jr. *Via Fax (713) 650-0027*



EXHIBIT

C

# SANKEY & LUCK

A Registered Limited Liability Partnership
## ATTORNEYS AT LAW

6200 Chase Tower
600 Travis
Houston, Texas 77002
Telephone 713-224-1007
Facsimile 713-223-7737
www.sankeyluck.com

HOUSTON

DALLAS

THOMAS W. SANKEY
tsankey@sankeyluck.com

May 12, 2003

*Via facsimile (512) 478-1976*

Mr. Richard Yeomans
Graves, Dougherty, Hearon & Moody
515 Congress, Suite 2300
Austin, Texas 78701

WOMA:007

> Re: Cause No. H-02 2937; *Womack+Hampton Architects, L.L.C. v. Trammell Crow Residential, et al.*; In the United States District Court for the Southern District of Texas, Houston Division

Gentlemen:

In response to your telephone call on Friday afternoon, pursuant to Local Rule CV-7, the Plaintiff has the following response:

1. Plaintiff does not believe that there is any statutory or legal basis for an award of attorneys' fees to the Defendants;

2. Even if there were a statutory and/or legal basis for an award for attorneys' fees, fees are not to be awarded to Defendants in a copyright infringement case without a showing and finding that the case was frivolous and brought in bad faith. This obviously is not the case;

3. Without reviewing the motion and all backup documentation, it is difficult, if not impossible, to attempt to resolve "all disputed issues" relating to requested attorneys' fees;

4. The only information we have been provided by the Crow defendants is that there were five attorneys with rates ranging from $175 to $325 an hour that billed approximately 3,000 hours. We have received no motion and/or backup documentation. Without additional information, we cannot agree that the rates and/or time are reasonable;

5. We have received no information from SBT Architects, Inc.;

Mr. Richard Yeomans
May 12, 2003
Page - 2

6.      At this time, we have only received a motion and documentation for the Chiles
        defendants. While the rates appear to be reasonable, the amount of time spent on the
        matter by a "me too" defendant who was fully indemnified seems extremely
        unreasonable. Additionally, it appears that no effort was made to segregate out
        matters unrelated to the defense;

7.      The costs summary received today appears to include many expenses which are not
        recoverable as costs. As such, Plaintiff opposes said request.

        Without additional information, it is impossible for the Plaintiff to analyze the Defendants'
requested fees.  The Defendants motions are opposed.

                                Very truly yours,

                                Thomas W. Sankey

TWS/gp

cc:     Mr. Rick Harrison
        Mr. John P. Cahill, Jr.

H:\WI5I\DATA\WOMA\007\Correspondence\Yeomans.004.wpd

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

## NOTICE OF DOCUMENT(S) NOT IMAGED
## AND CONTAINED IN EXHIBIT  FOLDER

Civil Case No.        A-01-CA-591

WOMACK+HAMPTON ARCHITECTS

VS.

METRIC HOLDINGS, et al

Attachments to
Document #:          386

Description:         Defendant CAI and Chiles' Application for
                     an Award of Costs and Attorneys' Fees

Filed By:            Defendants Chiles Architects & Gary Chiles

File Date:           5/13/03

_____
                     DEPUTY CLERK