

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WOMACK+HAMPTON ARCHITECTS, L.L.C., | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. A-01-CV-591 JRN (Consolidated with A-02-CV-793 JRN) |
| METRIC HOLDINGS, LTD., PARTNERSHIP, *et al.,* | § § § | |
| Defendants. | § § | |

## CROW DEFENDANTS' APPLICATION FOR AN AWARD OF COSTS AND ATTORNEYS' FEES

The Trammell Crow Defendants[1] hereby move for an award of their costs and reasonable

attorneys' fees under 17 U.S.C. § 505.  In accordance with Western District Local Rule CV-7(i), a

brief setting forth the legal and factual support for the actual calculation of fees and costs is filed

contemporaneously with this motion.

---

[1] The Trammell Crow Defendants are the following named Defendants in Civil Action No. A-01-CV-591 JRN (Womack's "first action") and/or Civil Action No. A-02-CV-793 JRN (Womack's "second action") (the first and second action were consolidated in January 2003):  Trammell Crow Residential Company, TCR Operating Company, Inc., Metric Holdings Limited Partnership, TCR Metric, L.P., South Central RS, Inc., TCR South Central, Inc., TCR South Central 1995, Inc., TCR South Central Division L.P., TCR Metric Construction Ltd. Partnership, Robert Buzbee, Lewis Bunch, Kenneth J. Valach, Perry Wilson, Chris Wheeler, J. Ronald Terwilliger, TCR Los Rios Limited Partnership, John Zeledon and Tim Hogan.

**CROW DEFENDANTS' APPLICATION FOR AN**
**AWARD OF COSTS AND ATTORNEYS' FEES – PAGE 1**

388

## I. BACKGROUND FACTS[2]

Plaintiff Womack + Hampton Architects, LLC ("Womack") is an architectural firm with principal offices in Dallas, Texas. Crow Defendants consist of a group of 18 entities and individuals that are, or previously were, involved in residential real estate development in Texas. In 1996 and 1997, Womack undertook to provide architectural services to Defendant Trammel Crow Residential in connection with the design of two residential apartment complexes. The Owner/Architect Agreements for these projects, both of which were authored by Womack ("the Agreements"), expressly permitted Crow Defendants to re-use the architectural drawings, providing only that if Crow Defendants re-used any of the drawings, Womack would be reimbursed a set price per apartment unit by Crow Defendants. In fact, this Court has ruled that the Agreements "expressly and unambiguously" provided that Crow Defendants could re-use the drawings on other projects.[3]

As provided for in the Agreements, Crow Defendants did, in fact, re-use certain of Womack's architectural drawings in connection with other apartment projects. In 1998, Crow Defendants sent certain of Womack's schematics to Defendant Chiles Architects, Inc. ("CAI") and asked CAI to use the schematics as a rough outline for the vastly more complicated architectural plans for an Austin,

---

[2] Crow Defendants recognize that the Court is familiar with the facts of this consolidated action, and in an effort to minimize duplicative filings, Crow Defendants refer to the following pleadings and the Exhibits thereto for further support of the facts and arguments set out in this Application without refiling them: Motion for Summary Judgment on Issue of Damages, filed on May 22, 2002 (Doc. #69), Crow Defendant's Response to Plaintiff's Objections to October 10, 2002 Report and Recommendation of United States Magistrate Judge Stephen H. Capelle, filed on November 8, 2002 (Doc. #234), Motion for Summary Judgment of TCR Defendants, filed on January 17, 2003 (Doc. #256), Crow Defendants' Additional Briefing Pursuant to Order Directing the Filing of Briefs, filed on January 23, 2003 (Doc. #261), and Crow Defendants' Response to Plaintiff's Objections to January 24, 2003 Amended Report and Recommendation of the United States Magistrate Judge, filed on February 14, 2003 (Doc. #299), all of which are respectfully incorporated by this reference herein.

[3] Amended Report and Recommendation of the United States Magistrate Judge (Doc. # 267) at 8. This finding was adopted by the District Court. Order (Doc. #304) at 3.

CROW DEFENDANTS' APPLICATION FOR AN
AWARD OF COSTS AND ATTORNEYS' FEES – PAGE 2

Texas apartment complex known as the "Reserve at North Bend." Similarly, Crow Defendants asked SDT Architects, Inc. ("SDT") to use Womack drawings as a starting point for an apartment complex being constructed in the Dallas metroplex known as the "Los Rios Apartments."

Womack learned by at least September 1998 that CAI was using its schematics in connection with the Reserve at North Bend apartment project. Womack, however, did not complain that the Agreements prohibited use of its drawings at another site. Instead, Womack wrote Trammell Crow and stated that a re-use fee was due. Womack's letter stated:

> Our original agreement with Trammell Crow Residential, Houston, for Windfern *calls for a $150.00 per unit Re-Use fee for future use of our plans*. Because of our long relationship with your company and the fact that the plans were redrafted by Mr. Chiles, we are willing to accept one half of that amount, *i.e.* $75.00 per unit for a total Use Fee of $27,450.00. *Any future reuse of this product will be priced per the original written agreement.*[4]

Indeed, in this letter Womack specifically recognized that use of its drawings and specifications at other sites and on other projects was subject to the re-use fee, as the letter states that *"future reuse"* will be priced as per the Agreements. Although Crow Defendants declined to pay the requested dollar amount and asked that the fee be waived, Womack made no further request for payment and remained silent until almost three years later – after the Reserve at North Bend was completed and sold to a third party – when it filed the first action.[5] Had Womack objected earlier or simply responded to Crow Defendants, the re-use fee could have been paid and this very expensive litigation avoided.

---

[4] *See* Tab B and Ex. 6 to Crow Defendant's Motion for Summary Judgment, January 17, 2003 (Doc. #256) (emphasis added).

[5] *Id.*

Moreover, the existence of the re-use license was obviously well-known to Womack as Womack itself drafted the Agreements, and thus Womack knew or should have known that its only available cause of action was a state-law claim for breach of contract.[6] Rather than limit itself to contractual damages, however, Womack proceeded to file two baseless federal copyright actions in different federal districts in hopes of a multi-million-dollar recovery – exponentially bigger than the contractual re-use fee to which it was arguably entitled ($54,900 in the first action and $74,700 in the second action).

Astonishingly, Womack has persisted throughout this litigation in its contention that it is entitled to an amount in excess of twenty-five million dollars ($25,000,000.00).[7] Further, Womack's dogged insistence that it was entitled to this huge amount and its refusal to consider on-point cases which established that its demand was unreasonable made settlement literally impossible. Nevertheless, Crow Defendants attempted to settle the case, submitting an offer of judgment of $110,000 as to Womack's first action and a separate offer of judgment of $125,000 as to Womack's second action. This totaled $235,000, which is over $100,000 more than the total of the re-use fees ostensibly owed under the Agreements.[8] Womack rejected these offers of judgment.

## II. PROCEDURAL HISTORY

Plaintiff's original complaint in the first action was filed on September 7, 2001 in the Austin

---

[6] Womack has never sought in this proceeding to recover a re-use fee and has expressly and specifically disavowed any claim it might have had for breach of contract.

[7] At one point the requested damages were up to forty million dollars ($40,000,000) based, apparently, on the gross sale price of the Reserve at North Bend plus income prior to its sale, as well as money anticipated from the Los Rios Apartments, lost business from Crow for Womack, and interest.

[8] True and correct copies of these offers of judgment are attached hereto as Exhibit "A". In addition, Crow Defendant Metric Holdings Ltd. Partnership also submitted an early offer of judgment of $33,695 in the first action. Similarly, Trammell Crow Residential, uninvolved in the alleged wrongdoing, submitted an early offer of judgment of $10 in the first action. True and correct copies of these offers of judgment are attached hereto as Exhibit "B".

Division of the Western District of Texas, approximately one week before the expiration of the three-year statute of limitations. Plaintiff's original complaint in the second action was filed on August 1, 2002 in the Houston Division of the Southern District of Texas. The Crow Defendants named in the Houston lawsuit moved to transfer venue of the second action to this Court on October 2, 2002. Although Womack vigorously opposed the motion, it was granted by the Honorable Kenneth M. Hoyt on December 3, 2002. Subsequently, Crow Defendants moved to consolidate the first and second actions. This Court granted the motion to consolidate over Plaintiff's objection on January 15, 2003. Two days later, the Court entered an Amended Scheduling Order (Doc. # 255) setting the consolidated action for trial on May 1, 2003.

All of Plaintiff's claims in both the first action and the second action focused exclusively on violations of the Copyright Act. The complaints in both the first action and the second action stated:

> This is an action for copyright infringement arising under the Copyright Act of 1976 17 U.S.C. § 101, *et seq.* and specifically the Architectural Works Copyright Protection Act, as enacted on December 1, 1990.

*See* Third Amended Complaint in Cause No. A-01-CV-591 JRN at § III; First Amended Complaint in Cause No., A-02-CV-793 JRN at § III.[9] The Complaints further identified the causes of action raised by Plaintiff in four counts as "Copyright Infringement," "Inducement to Infringement," "Contributory Infringement," and "Vicarious Liability."[10]

---

[9] Plaintiff's Motion to File a Fourth Amended Complaint (Doc. #231) was denied on March 20, 2003, because by that time, the District Court had granted a partial summary judgment on damages and the Magistrate Court had further recommended that three additional motions for summary judgment filed by the defendants should be granted which would fully dispose of Plaintiff's claims. Order (Doc. # 359). Those three Reports and Recommendations were thereafter adopted by the District Court on April 18, 2003. Order (Doc. # 381).

[10] Third Amended Complaint in the first action (Cause No. A-01-CV-591) at §§ V-VIII; First Amended Complaint in the second action (Cause No. A-02-CV-793) at §§ V-VIII.

CROW DEFENDANTS' APPLICATION FOR AN
AWARD OF COSTS AND ATTORNEYS' FEES – PAGE 5

All of the defendants in the consolidated cases filed motions for summary judgment arguing that the Agreements controlled Womack's claims and that Womack's damages, if any, were limited by the Agreements.[11] After extensive briefing, this issue was resolved on February 19, 2003, when the Court adopted the Amended Report and Recommendation of the Magistrate Court and granted Defendants' Motion for Summary Judgment on the issue of Plaintiff's damages. *See* Order (Doc. # 304). Based on this ruling, all of the defendants moved for summary judgment on Plaintiff's copyright claims. The District Court granted these motions for summary judgement on April 18, 2003. Order (Doc. # 381). On April 30, 2003, this Court entered a Final Judgment disposing of all of Plaintiff's claims. This Application for costs and attorneys' fees is being filed on May 14, 2003, within the fourteen-day time period provided for in Fed. R. Civ. P. 54(d) and Local Court Rule CV-7(i).

## III. STANDARD FOR AWARD OF ATTORNEYS' FEES UNDER THE COPYRIGHT ACT

The Copyright Act provides that in a copyright infringement action a court may award reasonable attorneys' fees and "full costs" to a prevailing plaintiff or defendant. 17 U.S.C. § 505;[12] *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 518, 533, 114 S. Ct. 1023, 1025, 1033 (1994). In *Fogerty*, the Supreme Court held that the inquiry should be an evenhanded, party-neutral analysis. 510 U.S. at 525 n.12. Although attorneys' fees are awarded in the trial court's discretion, in copyright cases "they are *the rule* rather than the exception and *should be awarded routinely*." *Hogan Sys., Inc. v.*

---

[11] In fact, Crow Defendants raised this issue early in the litigation, when they filed their Motion for Summary Judgment on the Issue of Damages on May 22, 2002. (Doc. #69).

[12] "In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."

CROW DEFENDANTS' APPLICATION FOR AN
AWARD OF COSTS AND ATTORNEYS' FEES – PAGE 6

*Cybresource Int'l Inc.*, 158 F.3d 319, 325 (5th Cir. 1998) (emphasis added). The Fifth Circuit has consistently held that awarding attorneys' fees and costs in copyright cases is not an abuse of discretion when awarded to the prevailing party.[13]

The *Fogerty* Court highlighted a list of non-exclusive factors which may be used to guide the district court in its determination of whether to award attorneys' fees, including "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." 510 U.S. at 533 n.19. These factors are addressed below.

### 1.      Womack's Lawsuits were Frivolous

It is important to note that Crow Defendants are *not* required to show that Womack's two federal actions were frivolous in order to obtain an award of attorneys' fees, because even a non-frivolous but weak case can support an award of attorneys' fees.[14]  Furthermore, as stated above, attorneys' fees are awarded routinely in copyright infringement cases. However, "when a party has pursued a patently frivolous position, the failure of a district court to award attorney's fees and costs to the prevailing party will, except under the most unusual circumstances, constitute an abuse of discretion."[15]

First, this case was frivolous because the Agreements drafted by Plaintiff Womack itself specifically and unambiguously covered the use Womack complained of and provided a remedy to

---

[13] *Bridgmon v. Array Sys. Corp.,* 325 F.3d 572, 577-78 (5th Cir. 2003); *Lyons P'ship v. Giannoulas,* 179 F.3d 384, 385 (5th Cir. 1999); *Hogan Sys.,* 158 F.3d at 325-26; *McGaughey v. Twentieth Century Fox Film Corp.,* 12 F.3d 62, 65 (5th Cir. 1994).

[14] *Matthews v. Freedman,* 157 F.3d 25, 29 (1st Cir. 1998) ("Depending on other circumstances, a district court could conclude that the losing party should pay even if all of the arguments it made were reasonable.")

[15] *Diamond Star Bldg. Corp. v. Freed,* 30 F.3d 503, 506 (4th Cir. 1994).

CROW DEFENDANTS' APPLICATION FOR AN
AWARD OF COSTS AND ATTORNEYS' FEES – PAGE 7

Womack.  Hence, Womack's avenue of recovery was plain – it should have pursued a state court breach of contract action.  Womack chose not to do this and instead filed two separate federal copyright actions in two separate federal districts and aggressively pursued a damage award far in excess of the amounts allowed under the Agreements.  This pursuit came to an abrupt end when the Court ruled that the Agreements, drafted by Womack, were clear and unambiguous and thus controlled the dispute between the parties and rendered Womack's copyright claims meritless as a matter of law.  Of course, defense of these actions caused Crow Defendants to incur substantial costs – costs that easily could have been avoided by Womack.  In short, Womack's pursuit of these federal actions was frivolous.

In addition, a review of relevant case law indicates that Womack's wildly inflated damages request was similarly frivolous.  Even if no license had existed in the Agreements, which, of course, is contrary to the facts, the most Womack could have recovered were damages attributable to the infringement plus any profits attributable to the infringement not otherwise accounted for in the damages award.[16]  Womack's contention that it was entitled to a damage award equal to all of the gross revenue generated from the apartment projects flies directly in the face of this well established precedent.

For example, in *Davis v. Gap, Inc.*, 246 F.3d 152, 172 (2d Cir. 2001), the Second Circuit concluded that the appropriate amount of actual damages in a copyright infringement case was "the fair market value of the use" of the copyrighted material.  In that case, Plaintiff sought damages of $12,500,000.00 for the use of his copyrighted eyeglasses in a Gap advertisement. The Court rejected Davis' "wildly inflated claim" and found that the appropriate measure of damages was the "modest

---

[16] *E.g., Johnson v. Jones*, 149 F.3d 494 (6th Cir. 1998).

fair market value of the use made by the Gap," which amounted to approximately fifty dollars. *Davis*, 246 F.2d at 161, 172; see also *Pfanenstiel Architects, Inc. v. Chouteau Petroleum Co.*, 978 F.2d 430, 431 (8th Cir. 1992) (awarding architect lost profits of only $3,000). Just as the eyeglasses in *Davis* added little to the Gap advertisement, Womack's architectural drawings did not create anywhere near twenty-five million dollars worth of value to the North Bend and Los Rios apartment complexes. Womack's clinging to this damages model, unsupported by facts or law, was frivolous.

### 2.    This Case Was Objectively Unreasonable.

Womack was objectively unreasonable for filing two copyright infringement actions when the Agreements it had drafted clearly and unambiguously waived its right to sue for copyright infringement by granting Crow Defendants a license to re-use Womack's architectural drawings. Womack was also objectively unreasonable in ignoring abundant evidence and precedent and refusing to relinquish its patently unreasonable legal theories and damages model. Crow Defendants expended significant resources on attorneys' fees and expert witnesses to contest these theories. *See* Yeomans Affidavit (Tab C); Diehl Affidavit (Tab C).

Even if Womack genuinely believed the Agreements did not cover the conduct complained of in the first and second actions, it should have realized by October 2002, when a Report and Recommendation was submitted which carefully considered the claims and recommended that the District Court find the license agreement barred recovery of copyright damages, that its belief was flat wrong.[17] But even after this Report, Womack persisted in its pursuit of copyright damages and refused a $235,000 settlement offer, which is $100,000 more than the combination of both the re-use

---

[17]   Due to the consolidation of the Houston case, the Report was withdrawn and resubmitted in essentially unchanged form. Amended Report and Recommendation of the United States Magistrate Judge (Doc. # 267).

CROW DEFENDANTS' APPLICATION FOR AN
AWARD OF COSTS AND ATTORNEYS' FEES – PAGE 9

fees called for in the Agreements.

After the District Court adopted the Amended Report and Recommendation, Womack filed a spurious (and, arguably, somewhat insulting to the Court) Motion for Reconsideration citing no different evidence or law, and also filed additional dispositive motions which wholly lacked merit.[18] The Fifth Circuit has held that a plaintiff's insistence in making unmeritorious arguments is a factor a court should consider in awarding attorneys' fees.[19]

Womack was also objectively unreasonable in choosing to file its claims in two separate cases in separate federal districts. Womack, instead of adding claims to its already pending case in Austin, chose to file its claims concerning the Los Rios apartments in a second action in federal court in Houston. Womack did this despite the fact that five of the defendants named in the second action were identical to defendants named in the first action, and despite the fact that the allegations in the two actions were nearly identical and the fact that the exact same form of Owner/Architect Agreement was used in both cases. Womack's tactic caused Crow Defendants to expend significant resources in costs and attorneys' fees in moving to transfer venue to this court, and in moving to consolidate the two cases, over Womack's opposition.

Womack not only filed two frivolous federal lawsuits, but also filed a mass of superfluous and unreasonable motions – which regardless of their merit, required responses by Crow Defendants. Womack's scorched earth approach throughout this litigation in filing numerous repetitive and unnecessary motions and cross-motions unreasonably increased the attorneys' fees incurred by Crow

---

[18] Womack filed such unmeritorious pleadings throughout this litigation. For instance, Womack filed a "Motion to Reconsider or, in the Alternative, Emergency Motion to Stay Transfer" of the second action on December 5, 2002, two days after Judge Hoyt transferred the second action to this court. Judge Hoyt denied this motion on December 9, 2002 – four days after it was filed.

[19]*Lyons P'ship*, 179 F.3d at 388 n.5.

Defendants. For instance, *every* response by Womack to a dispositive motion contained a cross-motion for summary judgment, even though it was clear that the cross-motion was filed for a retaliatory motive, entirely lacked merit, and often skirted the bounds of (or even violated) Fed. R. Civ. P. 11. During the course of litigating the two cases, Womack filed 81 motions, of which 9 were dispositive motions relating to Crow Defendants.[20]

### 3.    An Award Advances Considerations of Compensation and Deterrence.

An award in this case promotes fairness. Womack retained its attorneys on a contingent-fee basis, and may therefore have believed it had "nothing to lose" even if it did not prevail. By contrast, the attorneys' fees necessarily incurred in defense of Womack's claims were due and owing even though Crow Defendants ultimately prevailed. Counsel for Womack apparently believed they had a "tobacco case" on which they were going to retire. Their unwillingness to even discuss a settlement unless the offer was in the multi-million dollar range and their rejection of substantial offers of judgment unreasonably prolonged this case and unreasonably increased the defense fees and costs. An award of costs and attorneys' fees in this case will not only compensate Crow Defendants for their defense costs, it may also serve as a deterrent to such conduct by other plaintiffs in the future.

### 4.    Amount of Requested Award

As set out in the Brief in Support of an Award of Costs and Attorneys' Fees and the Appendix thereto, the total fees expended in this case defending each of the eighteen Crow

---

[20] The majority of Womack's 81 motions were filed after Crow Defendants raised the defense that Womack's claims, if any, were limited by the clear terms of the Agreements, in their May 22, 2002 Motion for Summary Judgment on the Issue of Damages. In contrast to Womack, Crow Defendants filed 45 motions, of which 7 were dispositive as to Womack.

Defendants through May 11, 2003 are $781,180.25.[21]  After the exercise of billing judgment, this figure was reduced to $680,681.83.  Crow Defendants request that, after review of the Brief and Appendix thereto, the Court find that the method by which the attorneys' fees were calculated in this case is reasonable and correct, and that the Court award them this amount as reasonable and necessary attorneys' fees as prevailing parties on the copyright infringement claims brought against them by Womack.

As further set out in its Brief in Support of an Award of Attorneys' Fees and Costs and the Appendix thereto, Crow Defendants also request that they be awarded their reasonable and necessary costs of $116,769.60.

## IV. CONCLUSION

An award of attorneys' fees and costs to Crow Defendants is appropriate because Womack's claims in the two cases were frivolous and unreasonable.  Womack wholly ignored the fact that there was an express written license that Womack itself had drafted which permitted the re-use of its drawings, and it failed to recognize that even if it had somehow established liability, its damages were minimal.  Based on the foregoing, Crow Defendants respectfully submit that they are entitled to recover their reasonable and necessary attorneys' fees and costs.   A proposed form of Order and Judgment is attached.

---

[21] This figure does not include fees expended in pursuit of Crow Defendants' counterclaims against Womack.

Respectfully submitted,

GRAVES, DOUGHERTY, HEARON & MOODY
A Professional Corporation
515 Congress Avenue, Suite 2300
P. O. Box 98, Austin, Texas   78767
Telephone:  512/480-5600
Telecopy:  512/478-1976

By _____
        Richard D. Yeomans
        State Bar No. 24030014
        W. Reid Wittliff
        State Bar No. 00791951
        Orlesia A. Hawkins
        State Bar No. 24004628

ATTORNEYS FOR CROW DEFENDANTS

## CERTIFICATE OF CONFERENCE

The undersigned certifies that pursuant to Local Rule CV-7(i) he conferred with Counsel for Plaintiff by telephone on May 9, 2003 in an effort to resolve all disputed issues concerning this Application.  Counsel for Crow Defendants followed this conference call with an email again attempting to resolve issues concerning this Application.  In reply to the telephone call and e-mail, counsel for Womack sent the undersigned the letter attached hereto as Exhibit "C".  In the letter, counsel for Womack states that he does not believe "there is any statutory or legal basis for an award of attorneys' fees to Defendants."  Counsel's failure to acknowledge 17 U.S.C. § 505 and the cases decided thereunder has made it impossible to resolve any of the disputed issues concerning this Application.  The undersigned notes that in the letter, counsel for Womack seems to agree that the rates charged by Defendant Chiles in this matter "appear to be reasonable" so that counsel for Womack may agree that the rates charged by counsel for Defendants CAI and Gary Chiles are reasonable.

By _____
        Richard D. Yeomans

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing Application for an Award of Costs and Attorneys' Fees, as well as the accompanying Brief and Appendix thereto, was sent to:

Gregory M. Luck, Esq.           *(BY CERTIFIED MAIL)*
Sankey & Luck, L.L.P.
600 Travis Street, Ste. 6200
Houston, Texas  77002

Timothy N. Trop, Esq.           *(VIA REGULAR MAIL)*
Trop, Pruner & Hu, P.C.
8554 Katy Freeway, Suite 100
Houston, Texas  77024

Richard Harrison, Esq.          *(VIA REGULAR MAIL)*
Rick Harrison & Associates
100 Congress Avenue, Ste. 1550
Austin, Texas  78701

John P. Cahill, Jr.             *(BY REGULAR MAIL)*
Stanton M. Childers
Hays, McConn, Rice & Pickering
400 Two Allen Center
1200 Smith Street
Houston, Texas 77002

on the 14th day of May, 2003.


_____
Richard D. Yeomans

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WOMACK+HAMPTON ARCHITECTS,<br>L.L.C., | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. A-01-CV-591 JRN |
| | § | (Consolidated with A-02-CV-793-JRN) |
| METRIC HOLDINGS, LTD., | § | |
| PARTNERSHIP, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

This matter having come before the Court on Crow Defendants'[1] Application for an Award

of Attorneys' Fees and Costs and accompanying Brief and the Appendix thereto, the Court being

fully advised in the premises of said Application, FINDS that the Application is well-founded and

should be granted. The Court further finds that Crow Defendants are prevailing parties under 17

U.S.C. § 505, and are entitled to an award of their reasonable attorneys' fees and costs. The Court

further finds that Crow Defendants' Brief in Support of Its Application for an Award of Costs and

Attorneys' Fees correctly calculates a "lodestar" amount of $680,681.83, based on the evidence

---

[1] Crow Defendants are the following named Defendants in Civil Action No. A-01-CV-591 JRN (Womack's "first action") and/or Civil Action No. A-02-CV-793 JRN (Womack's "second action") (the first and second action were consolidated in January 2003): Trammell Crow Residential Company, TCR Operating Company, Inc., Metric Holdings Limited Partnership, TCR Metric, L.P., South Central RS, Inc., TCR South Central, Inc., TCR South Central 1995, Inc., TCR South Central Division L.P., TCR Metric Construction Ltd. Partnership, Robert Buzbee, Lewis Bunch, Kenneth J. Valach, Perry Wilson, Chris Wheeler, J. Ronald Terwilliger, TCR Los Rios Limited Partnership, John Zeledon and Tim Hogan.

presented in the Appendix to the brief, and that this lodestar amount represents the reasonable and

necessary fees expended by Crow Defendants in defense of the claims brought by Plaintiff in this

consolidated action.  The Court further finds that this lodestar amount should not be adjusted under

the factors set forth in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717 (5th Cir. 1974).

In addition, the Court finds that Crow Defendants are entitled to an award of their costs of suit in the

amount of $116, 769.60.

IT IS THEREFORE ORDERED that the Application of Crow Defendants for an Award of

Costs and Attorneys' Fees is hereby GRANTED.

IT IS FURTHER ORDERED, that Plaintiff Womack+Hampton, LLC be liable to Crow

Defendants for attorneys fees and costs pursuant to 17 U.S.C. § 505 in the reasonable and necessary

amount of $680,681.83 for attorneys' fees and $116,769.60. for costs for a total of $797,451.43

Signed this ___ day of _____, 2003.

_____

JAMES R. NOWLIN
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

WOMACK+HAMPTON ARCHITECTS,      §
L.L.C.,                         §
                                §
        Plaintiff,              §
                                §
vs.                             §       CIVIL ACTION NO. A 01-CA-591 JRN
                                §
METRIC HOLDINGS LTD.,           §
PARTNERSHIP, CHILES ARCHITECTS, §
INC. and TRAMMELL CROW          §
RESIDENTIAL COMPANY,            §
                                §
        Defendants.             §

## JOINT OFFER OF JUDGMENT

COME NOW Trammell Crow Residential Company, TCR Operating Company, Inc., Metric

Holdings Limited Partnership, TCR Metric, L.P., South Central RS, Inc., TCR South Central, Inc.,

TCR South Central 1995, Inc., TCR South Central Division L.P., TCR Metric Construction Ltd.

Partnership, Robert Buzbee, Lewis Bunch, Kenneth J. Valach, Perry Wilson, Chris Wheeler and J.

Ronald Terwilliger (collectively referred to as "Trammell Crow Defendants") and pursuant to Fed.

R. Civ. P. 68, make the following Joint Offer of Judgment in this action.

### I. Joint Offer of Judgment

The Trammell Crow Defendants offer to allow judgment to be taken against them jointly

by Plaintiff in a total amount of $110,000.00, inclusive of costs and attorneys' fees accrued,

which is apportioned among the various Trammell Crow Defendants as follows:

Trammell Crow Residential Company: $7,338.00

TCR Operating Company, Inc.: $7,333.00

Metric Holdings Limited Partnership:  $7,333.00

TCR Metric, L.P.:  $7,333.00

South Central RS, Inc.  $7,333.00

TCR South Central, Inc.: $7,333.00

TCR South Central 1995, Inc.: $7,333.00

TCR South Central Division L.P.: $7,333.00

TCR Metric Construction Ltd. Partnership: $7,333.00

Robert Buzbee: $7,333.00

Lewis Bunch: $7,333.00

Kenneth J. Valach: $7,333.00

Perry Wilson: $7,333.00

Chris Wheeler: $7,333.00

J. Ronald Terwilliger: $7,333.00

This Joint Offer of Judgment is contingent upon Plaintiff accepting the offer as to all Trammell Crow Defendants. Plaintiff may not accept this offer as to some, but not all, of the Trammell Crow Defendants. Acceptance of this Joint Offer of Judgment precludes any subsequent claim by Plaintiff against any of the Trammell Crow Defendants for costs or attorneys' fees.

Respectfully submitted,

GRAVES, DOUGHERTY, HEARON & MOODY
A Professional Corporation
515 Congress Avenue, Suite 2300
P. O. Box 98
Austin, Texas  78767
Telephone:  512/480-5600
Telecopy:  512/478-1976

By_____
      Richard D. Yeomans
      State Bar No. 24030014
      W. Reid Wittliff
      State Bar No. 00791951

ATTORNEYS FOR THE TRAMMELL
CROW DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing Joint Offer of Judgment was sent to the following via certified mail, return receipt requested:

Gregory M. Luck, Esq.
Sankey & Luck, L.L.P.
600 Travis Street, Ste. 6200
Houston, Texas  77002

Timothy N. Trop, Esq.
Trop, Pruner & Hu, P.C.
8554 Katy Freeway, Suite 100
Houston, Texas  77024

Richard Harrison, Esq.
Rick Harrison & Associates
100 Congress Avenue, Ste. 1550
Austin, Texas  78701

on the 9th day of January, 2003.

_____
Richard D. Yeomans

3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WOMACK + HAMPTON ARCHITECTS, L.L.C.<br>     Plaintiff, | § § § § § | |
| VS. | § § | CIVIL ACTION NO. A-02-CA-793 JRN |
| TRAMMELL CROW RESIDENTIAL COMPANY; TCR LOS RIOS LIMITED PARTNERSHIP; TCR SOUTH CENTRAL 1995, INC.; SDT ARCHITECTS, INC.; LEWIS BUNCH; KENNETH J. VALACH; THOMAS STOVALL; JOHN ZELEDON; TIM HOGAN; JERRY DANIELS; AND PERRY K. WILSON, Individuals<br>     Defendants. | § § § § § § § § § § § § | |

### JOINT OFFER OF JUDGMENT

COME NOW Trammell Crow Residential Company; TCR Los Rios Limited Partnership; TCR South Central 1995, Inc., Lewis Bunch, Kenneth J. Valach, John Zeledon, Tim Hogan, and Perry K. Wilson (collectively referred to as "TCR Defendants") and pursuant to Fed. R. Civ. P. 68, make the following Joint Offer of Judgment in this action.

### I. Joint Offer of Judgment

The TCR Defendants offer to allow judgment to be taken against them jointly by Plaintiff in a total amount of $125,000.00, inclusive of costs and attorneys' fees accrued, which is apportioned among the various TCR Defendants as follows:

Trammell Crow Residential Company: $15,625.00

TCR Los Rios Limited Partnership: $15,625.00

TCR South Central 1995, Inc.: $15,625.00

Lewis Bunch: $15,625.00

Kenneth J. Valach: $15,625.00

Perry K. Wilson:  $15,625.00

John Zeledon:  $15,625.00

Tim Hogan:  $15,625.00

This Joint Offer of Judgment is contingent upon Plaintiff accepting the offer as to all

TCR Defendants.  Plaintiff may not accept this offer as to some, but not all, of the TCR

Defendants.  Acceptance of this Joint Offer of Judgment precludes any subsequent claim by

Plaintiff against any of the TCR Defendants for costs or attorneys' fees.

> Respectfully submitted,
>
> GRAVES, DOUGHERTY, HEARON &
> MOODY
> A Professional Corporation
> 515 Congress Avenue, Suite 2300
> P. O. Box 98
> Austin, Texas   78767
> Telephone:  512/480-5600
> Telecopy:  512/478-1976
>
>
> By _____
>    Richard D. Yeomans
>    State Bar No. 24030014
>    W. Reid Wittliff
>    State Bar No. 00791951
>
> ATTORNEYS FOR THE TRAMMELL
> CROW DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing Joint Offer of Judgment was sent to the following via certified mail, return receipt requested:

Gregory M. Luck
Thomas W. Sankey
SANKEY & LUCK, L.L.P.
600 Travis Street, Suite 6200
Houston, Texas  77002

Timothy N. Trop
TROP, PRUNER & HU, P.C.
8554 Katy Freeway, Suite 100
Houston, Texas  77024

*Attorneys for Plaintiff Womack + Hampton  Architects, LLC*

John P. Cahill, Jr.
Stanton M. Childers
HAYS, McCONN, RICE & PICKERING
400 Two Allen Center
1200 Smith Street
Houston, Texas 77002

*Attorney for Defendants SDT Architects, Inc., Thomas H. Stovall, and Jerry Daniels*

on the _9th_ day of January, 2003.

Richard D. Yeomans

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

WOMACK+HAMPTON ARCHITECTS,   §
L.L.C.,   §
  §
    Plaintiff,   §
  §
vs.   §   CIVIL ACTION NO. A 01CA 59 1 JN
  §
METRIC HOLDINGS LTD.,   §
PARTNERSHIP, CHILES ARCHITECTS,   §
INC. and TRAMMELL CROW   §
RESIDENTIAL COMPANY,   §
  §
    Defendants.   §

## OFFER OF JUDGMENT

COMES NOW Defendant Metric Holdings Ltd., Partnership, pursuant to Fed. R. Civ. P. 68,

and offers to allow judgment to be taken against it by Plaintiff in the amount of $ 33,695.00,

inclusive of costs and attorneys' fees accrued.  Acceptance of this Offer of Judgment precludes any

subsequent claim by Plaintiff against Metric Holdings Ltd., Partnership, for costs or attorneys' fees.

Respectfully submitted,

GRAVES, DOUGHERTY, HEARON & MOODY
A Professional Corporation
515 Congress Avenue, Suite 2300
P. O. Box 98
Austin, Texas  78767
Telephone:  512/480-5600
Telecopy:  512/478-1976

By _____
    Richard D. Yeomans
    State Bar No. 24030014
    Donald G. Jones
    State Bar No. 10869995

ATTORNEYS FOR DEFENDANTS
METRIC HOLDINGS LTD., PARTNERSHIP
TRAMMELL CROW RESIDENTIAL COMPANY

The undersigned certifies that
a copy of the foregoing Offer of
Judgment was sent by facsimile
and was mailed, certified mail,
return receipt requested, to:

>       Gregory Luck, Esq.
>       600 Travis Street, Ste. 6200
>       Houston, Texas  77002

and was mailed to:

>       Timothy N. Trop, Esq.
>       Trop, Pruner & Hu, P.C.
>       8554 Katy Freeway, Suite 100
>       Houston, Texas  77024

>       Richard Harrison, Esq.
>       Rick Harrison & Associates
>       100 Congress Avenue, Ste. 1550
>       Austin, Texas  78701

on the 26th day of December, 2001.

Offer of judgment-Metric

2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

WOMACK+HAMPTON ARCHITECTS, §
L.L.C., §
§
Plaintiff, §
§
vs. §        CIVIL ACTION NO. A 01CA 59 1 JN
§
METRIC HOLDINGS LTD., §
PARTNERSHIP, CHILES ARCHITECTS, §
INC. and TRAMMELL CROW §
RESIDENTIAL COMPANY, §
§
Defendants. §

## OFFER OF JUDGMENT

COMES NOW Defendant Trammell Crow Residential Company, pursuant to Fed. R. Civ.

P. 68, and offers to allow judgment to be taken against it by Plaintiff in the amount of $ 10.00,

inclusive of costs and attorneys' fees accrued.  Acceptance of this Offer of Judgment precludes any

subsequent claim by Plaintiff against Trammell Crow Residential Company for costs or attorneys'

fees.

Respectfully submitted,

GRAVES, DOUGHERTY, HEARON & MOODY
A Professional Corporation
515 Congress Avenue, Suite 2300
P. O. Box 98
Austin, Texas  78767
Telephone:  512/480-5600
Telecopy:  512/478-1976


By_____
Richard D. Yeomans
State Bar No. 24030014
Donald G. Jones
State Bar No. 10869995

ATTORNEYS FOR DEFENDANTS
METRIC HOLDINGS LTD., PARTNERSHIP
TRAMMELL CROW RESIDENTIAL COMPANY

The undersigned certifies that
a copy of the foregoing Offer of
Judgment was sent by facsimile
and was mailed, certified mail,
return receipt requested, to:

> Gregory Luck, Esq.
> 600 Travis Street, Ste. 6200
> Houston, Texas  77002

and was mailed to:

> Timothy N. Trop, Esq.
> Trop, Pruner & Hu, P.C.
> 8554 Katy Freeway, Suite 100
> Houston, Texas  77024

> Richard Harrison, Esq.
> Rick Harrison & Associates
> 100 Congress Avenue, Ste. 1550
> Austin, Texas  78701

on the 26th day of December, 2001.

Offer of Judgment-TCrowRes

2

# SANKEY & LUCK

**A Registered Limited Liability Partnership**
ATTORNEYS AT LAW

6200 Chase Tower
600 Travis
Houston, Texas 77002
Telephone 713-224-1007
Facsimile 713-223-7737
www.sankeyluck.com

HOUSTON

THOMAS W. SANKEY
tsankey@sankeyluck.com

DALLAS

May 12, 2003

*Via facsimile (512) 478-1976*

Mr. Richard Yeomans
Graves, Dougherty, Hearon & Moody
515 Congress, Suite 2300
Austin, Texas 78701

WOMA:007

Re:   Cause No. H-02 2937; *Womack+Hampton Architects, L.L.C. v. Trammell Crow Residential, et al.*; In the United States District Court for the Southern District of Texas, Houston Division

Gentlemen:

In response to your telephone call on Friday afternoon, pursuant to Local Rule CV-7, the Plaintiff has the following response:

1.   Plaintiff does not believe that there is any statutory or legal basis for an award of attorneys' fees to the Defendants;

2.   Even if there were a statutory and/or legal basis for an award for attorneys' fees, fees are not to be awarded to Defendants in a copyright infringement case without a showing and finding that the case was frivolous and brought in bad faith. This obviously is not the case;

3.   Without reviewing the motion and all backup documentation, it is difficult, if not impossible, to attempt to resolve "all disputed issues" relating to requested attorneys' fees;

4.   The only information we have been provided by the Crow defendants is that there were five attorneys with rates ranging from $175 to $325 an hour that billed approximately 3,000 hours.   We have received no motion and/or backup documentation. Without additional information, we cannot agree that the rates and/or time are reasonable;

5.   We have received no information from SBT Architects, Inc.;

Mr. Richard Yeomans
May 12, 2003
Page - 2

    6.    At this time, we have only received a motion and documentation for the Chiles defendants. While the rates appear to be reasonable, the amount of time spent on the matter by a "me too" defendant who was fully indemnified seems extremely unreasonable. Additionally, it appears that no effort was made to segregate out matters unrelated to the defense;

    7.    The costs summary received today appears to include many expenses which are not recoverable as costs. As such, Plaintiff opposes said request.

Without additional information, it is impossible for the Plaintiff to analyze the Defendants' requested fees.   The Defendants motions are opposed.

Very truly yours,

Thomas W. Sankey

TWS:gp

cc:    Mr. Rick Harrison
       Mr. John P. Cahill, Jr.

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

## NOTICE OF DOCUMENT(S) NOT IMAGED

Civil Case No.        A-01-CA-591 JN

WOMACK+HAMPTON ARCHITECTS

VS.

METRIC HOLDINGS, et al

Attachments to
Document #:        388

Description:        Crow Defendants' Application for an Award
                   of Costs and Attorneys' Fees

Filed By:          Crow Defendants

File Date:         5/14/03


_____
DEPUTY CLERK