

**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

MAY. 2 7 2003

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | |
|---|---|
| WOMACK+HAMPTON ARCHITECTS, L.L.C. §<br>§<br>Plaintiff, §<br>§<br>VS. §<br>§<br>§<br>METRIC HOLDINGS LTD., et al. §<br>§<br>Defendants. §<br>§ | CIVIL ACTION NO. A 01CA 59 1 JN<br>(Consolidated No. A-02 CV 793 JRN)<br><br>JURY TRIAL DEMANDED |

### PLAINTIFF WOMACK+HAMPTON ARCHITECTS, L.L.C.'S RESPONSE AND BRIEF IN OPPOSITION TO THE CROW DEFENDANTS' APPLICATION FOR ATTORNEYS' FEES AND COSTS

Plaintiff, Womack+Hampton Architects, L.L.C. (hereinafter "WHA"), herein files its Response and Brief in Opposition to the Crow Defendants' application for the recovery of their attorneys' fees and costs.

Under 17 U.S.C. § 505, the award of fees is discretionary with the Court. However, the factors which the Court must take into account in awarding such fees are not present here. In this connection, there is no evidence that Plaintiff's claims were either frivolous or unreasonable, or that the instant litigation was undertaken with an improper motive. Further, the factors identified by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) demonstrate that the fees sought by the Crow Defendants are not reasonable.

The vast majority of those costs sought by the Crow Defendants are not properly recoverable under 28 U.S.C. § 1920. Hence, Defendants' Motion should also be denied or, in the alternative, substantially modified to identify only those costs taxable under 28 U.S.C. § 1920.

394

In support of its Response, WHA relies upon the Declaration of Gregory M. Luck, Thomas W. Sankey, Douglas M. Becker and Professor Marshall A. Leaffer, filed concurrently herewith.

## I.
## FACTUAL BACKGROUND

In or about 1996-1998, the Crow Defendants commissioned WHA to prepare architectural drawings and to render architectural services in connection with five projects designated: "RESERVE AT ARBROOK PARK", "WINDFERN," "RESERVE AT CHEYENNE", "CAMBRIA" and "RESERVE AT CHARLES PLACE". WHA rendered professional services to the Crow Defendants for each of these projects under separate "Owner/Architect Agreements". These Agreements, identical in all respects with respect to the issues relevant to this litigation, provided that WHA retained all rights in the copyrights in such works:

> A.   The Drawings, Specifications, and other documents prepared by the Architect for this project are instruments of the Architect's service for use *solely with respect to this project* and the *Architect shall be deemed the author of these documents and shall retain all common law, statutory, and other reserved right, including copyright.* The Owner shall be permitted to retain copies including reproducible copies of the Architect's Drawings, Specifications, and other documents for information and reference in connection with the Owner's use and occupancy of the project. The Owner's rights to the Architect's Drawings, Specifications, and other Project related documents shall also extend to the Owner's Lender and Owner's equity partner, (as well as the partnership formed by Owner and such equity partner), and Architect shall, upon request, execute documents to confirm the right of such parties to have and use the Architect's Drawings, Specifications and other applicable project documents to the same extent as the Owner.

(Exhibit "A" to Luck Decl.; Section IX (A)) (emphasis added).

These Agreements further provided that all rights conveyed to the Crow Defendants for those architectural works developed by WHA under each contract were expressly limited to that project. (*Id.*)

In discovery, the Chiles Defendants admitted that they had been employed by the Crow Defendants to copy Plaintiff's copyrighted plans for a project designated The Reserve At NorthBend. This project is located in Austin.

Gary Chiles, the owner of the Chiles Defendants, had earlier been sued for copyright infringement and knew that such copying would expose him and his company to a claim for copyright infringement. Gary Chiles therefore approached the Crow Defendants to ensure that the Crow Defendants had obtained a license to re-use WHA's plans.[1] When Chiles discovered that a license from WHA had not been obtained, and that the Crow Defendants had not paid the re-use fee, he requested indemnity from the Crow Defendants.[2] When this indemnification was not forthcoming, the Chiles Defendants sued the Crow Defendants for indemnification.[3]

The Crow Defendants have admitted that they also knew that they risked exposure for infringement by reusing WHA's copyrighted plans without a license to do so.[4] Furthermore, on prior occasions for different projects, the Crow Defendants recognized the need to obtain a re-use license to avoid infringement and paid the re-use fee *prior* to re-using WHA's copyrighted plans.[5]

During discovery, the Crow Defendants admitted that they also had re-used, without a license to do so, WHA's plans for a project designated "Los Rios". This project was located in

---

[1]   Chiles Dep. Tr. at p. 14, ll. 6-16 (Exhibit "B" to Luck Decl.)

[2]   Chiles Dep. Tr. at p. 71, ll. 1-11.

[3]   Defendant Chiles Architects' Cross-claim Against Defendant Trammel Crow (Exhibit "C" to Luck Decl.)

[4]   Buzbee Dep. Tr. at p. 37, ll. 6-10 (Exhibit "D" to Luck Decl.)

[5]   Buzbee Dep. Tr. at p. 31, ll. 25; p. 32, ll. 1-6; p. 86, ll. 1-10; Hampton Dep. Tr. at p. 76, ll. 17-25; p. 77, ll. 1-6 (Exhibit "E" to Luck Decl.)

Plano, Texas. The Crow Defendants employed SDT Architects, a Houston-based architectural firm, to copy Plaintiff's plans for this project.

**II.**

**ARGUMENT**

A.      **The Crow Defendants Are Not Entitled**
        **To The Recovery Of Their Attorneys' Fees**

      1.      The Standard For The Recovery Of Fees

17 U.S.C. § 505 sets forth that the Court may allow the recovery of attorneys' fees to the prevailing party. The Fifth Circuit has emphasized that attorneys' fees are to be awarded "only as a matter of the court's discretion". *Creations Unlimited, Inc. v. McCain*, 112 F.3d 814, 817 (5th Cir. 1997), citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994).

The Supreme Court has held that the Court must consider several factors in its decision of whether to exercise its discretion to award attorneys' fees. These factors are: frivolousness, improper motivation, objective unreasonableness (both factual and legal), and the need in particular circumstances to advance considerations of compensation and deterrence. *Fogerty*, 510 U.S. at 535 (citing *Lieb v. Topstone Indust., Inc.*, 788 F.2d 151, 156 (3rd Cir. 1986)); *Creations Unlimited, Inc.*, 112 F.3d at 817.

Where the losing party's claims were at least colorable and not objectively unreasonable, attorneys' fees should be denied. *Johnson v. Tuff-N-Rumble Mgmt., Inc.*, 2000 U.S. Dist. Lexis 12071, * 34-35 (E.D. La. 2000); *McKinley v. Raye*, 1998 U.S. Dist. Lexis 3019, * 18-19 (N.D. Tex. 1998) (Defendant's claim for attorneys' fees denied because plaintiff's claims were neither frivolous nor improperly motivated and plaintiff's claims had "sufficient legal and factual factors to be objectively reasonable" and, further, because "[it] would be inconsistent with the purpose

of the Copyright Act to deter plaintiffs from bringing suit when they have a good faith belief that their copyright has been infringed.") (Leaffer Decl. at ¶ 11(c); Tab "C").

        2.     The Factors Relevant To The Determination Under
              17 U.S.C. § 505 Militate Against An Award Of Fees

      The Crow Defendants base their Motion for the recovery of their attorneys' fees on the argument that Plaintiff's copyright claim was frivolous. (Defendants' App. at 7).[6]  In support of this contention, the Crow Defendants point to the fact that, as the author of the operative Agreements, WHA knew that it had granted a license to the Crow Defendants. (*Id.* at 7-8).  The opposite conclusion equally holds.  As the author of those Agreements, and as a party to the transaction, WHA was the party *best positioned* to know that no license to re-use these plans was granted under these Agreements absent payment of the license fee.

      The Report and Recommendation of the United States Magistrate Judge as issued on October 10, 2002 and the Amended Report and Recommendation of the United States Magistrate Judge as issued on January 24, 2003 turned on the Magistrate Judge's finding that the following language granted a license to the Crow Defendants to re-use Plaintiff's copyrighted works:

      B.      The Owner agrees not to use, copy or cause to have copied, the drawings and specification prepared for this project on subsequent phases or other sites without proper compensation to the Architect, which shall be based upon a mutually agreed upon of $150.00 per unit (base architectural fee), plus engineering services, plus contingent additional hourly charge and expenses for plan modifications necessary to adapt these plans and specifications to other sites.

(Owner/Architect Agreement; Section IX (B); Exhibit "A" to Luck Decl.; attached at Tab "D").

      The Magistrate Judge implicitly held that this language, requiring payment prior to the Crow Defendants' re-use, was *not* a condition precedent to the grant of a license.[7]

---

6     The term "Defendants' App." shall refer to the Crow Defendants' Application for an Award Of Costs and Attorneys' Fees as filed on May 14, 2003.

7     Report and Recommendation of the United States Magistrate Judge at 7 (Exhibit "F" to Luck Decl.); Amended Report and Recommendation of the United States Magistrate Judge at 8 (Exhibit "G" to Luck

WHA reasonably took the position that the operative language of Section IX(B) did in fact give rise to a condition precedent. (Leaffer Decl. at ¶ 8).  WHA based this conclusion on the holdings in *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1088 (9th Cir. 1989); *Gilliam v. ABC Broadcasting Cos., Inc.*, 538 F.2d 14, 20-21 (2nd Cir. 1976); *McRoberts Software, Inc. v. Media 100*, 2001 U.S. Dist. LEXIS 16794 (S.D. Ind. 2001) and other authorities which had held that the payment of the license fee is a prerequisite to the granting of any rights to use copyrighted works.  Therefore, WHA's pursuit of a cause of action for copyright infringement premised on the conclusion that payment of the re-use fee *is* a condition precedent to the grant of a license cannot be frivolous since WHA's conclusion and reasoning tracks the reasoning of those other authorities addressing this precise issue.  *At a minimum*, the construction of Section IX(B) gives rise to a colorable case which forecloses the award of fees.  *Tuff-N-Rumble*, 2000 U.S. Dist. LEXIS 12071 at *34-35.

Even if the operative language of Section IX(B) is construed to grant a license to the Crow Defendants to re-use WHA's works absent prepayment, Plaintiff's conclusion that an action for copyright infringement nevertheless lies was also reasonable.  The Crow Defendants admitted that they exceeded the scope of the re-use license by hiring a third party to re-use Plaintiff's plans *and* by creating a derivative work in the modification of these plans.  The Supreme Court has made the law very clear that a license *must* be construed as preserving in the copyright holder those rights not expressly conferred.  *Henry v. A.B. Dick Co.*, 224 U.S. 1, 24 (1912); *Inslaw, Inc. v. U.S.*, 40 Fed. Cl. 843, 854-55 (1998); *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1088 (9th Cir. 1989). (Leaffer Decl. at ¶ 11(f) and (g)).  The courts have been equally clear in holding that the Court is not free to add terms of conveyance where none were agreed to

Decl.).

by the parties.  *Gilliam v. American Broadcasting Cos.*, 538 F.2d 14, 23 (2nd Cir. 1976). (Leaffer Decl. at ¶ 8).

Plaintiff's conclusion that at least *two independent theories* of liability supported a cause of action for copyright infringement was therefore reasonable.  In both instances, liability for copyright infringement and damages is supported by relevant caselaw arising out of the United States Supreme Court as well as other recognized decisions of courts from other circuits.  In light of these authorities, WHA is not constrained to agree with the Crow Defendants' litigation-driven conclusion that it had "no need" to pursue a copyright claim.  (Defendants' Brief at 9). One of the premier experts in this area of copyright law, Marshall Leaffer, agrees. (Leaffer Decl. at ¶ 9).[8]

Though the Crow Defendants are today sanguine in condemning Plaintiff's pursuit of its copyright claim, these same defendants admitted that they knew that the re-use fee under the Agreements had to be paid *before* any rights passed to them to use the copyrighted works.[9] Hence, the Crow Defendants' opposite conclusion today is little more than Monday morning quarterbacking.  The Crow Defendants filed no less than twenty-six (26) substantive motions. Plainly, there would have been no need for this number of motions, and the allegedly incurred attorneys' fees approaching one million dollars ($1,000,000.00) [10], if the issues had been as "clear" as Defendants now portray them.[11]

---

[8]   Professor Marshall A. Leaffer is a professor of law at Indiana University School of Law and is a distinguished scholar in intellectual property law.  Professor Leaffer has co-authored leading texts on copyright law and is a recognized lecturer in this area. (*See* Appendix 1 to the Rebuttal Expert Report of Marshall A. Leaffer, Exhibit "A" to Leaffer Decl.).

[9]   *See*, Chiles Dep. Tr. at 20-21 (Exhibit "B" to Luck Decl.); Buzbee Dep. Tr. at 39 (Exhibit "D" to Luck Decl.)

[10]   The figure of one million dollars is the combined raw total of those fees allegedly incurred by the Crow Defendants and those of its indemnitee, the Chiles Defendants.

The Crow Defendants further rely on Plaintiff's damage claim as some indicia of the "frivolous" nature of Plaintiff's cause of action. (Defendants' App. at 8).   In this connection, the Crow Defendants would have this Court believe that WHA's damage claim, which sought to recover damages expressly allowed under 17 U.S.C. § 504, was untenable as a matter of law. The Court *did not* rule on the measure of damages which could be recovered by WHA in this action should Plaintiff be allowed to proceed on its copyright claim.   Therefore, the Crow Defendants' pontification on the law is just that - - attorney argument.[12]  There is no finding that WHA's damage claim was improper or not supportable under controlling caselaw.   In fact, WHA's damage claim was well-founded. (Leaffer Decl. at ¶ 11(h)).

Pursuant to 17 U.S.C. § 504, a copyright claimant may seek damages which allow for a recovery of the infringer's gross revenues.   It is incumbent on the infringer to demonstrate those expenses deductible from the gross revenues:

> The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. *In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.*

17 U.S.C. § 504(b)(emphasis added).

---

[11]  Crow cannot have it both ways.  Crow cannot argue that "because of the complexity of the litigation" the fees were so high on one hand and on the other hand say the Plaintiff's claim was frivolous.  If the claim was complex, it cannot be frivolous.  If the claim was frivolous, why did Defendants' spend one million dollars in fees?  If the claim was frivolous why did the Crow Defendants file four summary judgment motions when they "knew" all along they were licensed?

[12]  Defendants' reliance on WHA's damage claim is also irrelevant under the analysis of whether the Court should exercise its discretion to award fees.  The Crow Defendants, not WHA, filed motions for summary judgment on the issue of damages.  Any attorneys' fees spent in analyzing these issues were therefore at the sole election of the Crow Defendants.

---

The uncontroverted evidence demonstrates that, for The Reserve at NorthBend project alone, the Crow Defendants realized gross revenues in the manner of $26,472,371.[13]  Under Section 504(b), the Crow Defendants were required to show those costs which were properly deductible from these gross revenues to arrive at net revenues. 17 U.S.C. § 504(b).  As set forth in the Expert Report of Richard J. Domercq, however, the Crow Defendants failed to carry this burden. (Domercq Report at 4).  Absent proof of deductible expenses, WHA was entitled to the Crow Defendants' gross profits. 17 U.S.C. § 504(b).

The Crow Defendants also advance the argument that WHA's damage claim was untenable because WHA could only recover damages "attributable" to Defendants' infringement. (Defendants' App. at 8), relying on *Davis v. Gap, Inc.*, 246 F.3d 152, 172 (2nd Cir. 2001).[14]  The Crow Defendants predictably give short shrift to the facts and the applicable caselaw.  As set forth in the Report of Marshall Leaffer, attribution only applies in the instance where the infringer has received *indirect* profit as a result of the infringement.[15]  In this case, however, Defendants' infringement was *direct* and thus *all* damages are attributable to the infringement. (*Id.*), *citing Andreas v. Volkswagen of America, Inc.*, 172 F.Supp. 2d 1168, 1170 (N.D. Iowa 2001).  Hence, upon a finding of copyright infringement, the Crow Defendants, as direct infringers, are not eligible to apportion those gross revenues received as a result of their sale of the infringing NorthBend complex. (*Id.*)

---

[13]  Expert Report of Richard J. Domercq Regarding Damages (Exhibit "H" to Luck Decl.).

[14]  The fact that the copyright claimant in *Davis* misstated those damages attributable to the infringer's infringement is not dispositive on the unique facts at bar.  As set forth in the Rebuttal Expert Report of Marshall A. Leaffer, the Crow Defendants, as direct infringer's, are not able to allocate profits arising as a result of their sale of the infringing work. (Rebuttal Expert Report of Marshall A. Leaffer at 4-5; Exhibit "B" to Leaffer Decl.).

[15]  Rebuttal Expert Report of Marshall A. Leaffer at 4 (Exhibit "B" to Leaffer Decl.).

In conclusion, Plaintiff's copyright claim and its claim for damages were founded on established legal precedent. Hence, an award of attorneys' fees under 17 U.S.C. § 505 cannot be based upon a finding that Plaintiff's copyright claim was frivolous.

### B. WHA's Copyright Claim Was Not Motivated By An Improper Purpose

The Crow Defendants attempt to assign a nefarious motive to WHA in the filing of this action. To this end, Defendants' reference to "tobacco" litigation, and what Plaintiff's counsel hoped to receive upon judgment, is purposefully inflammatory. More to the point, WHA's motive to file suit was to seek recovery from known acts of infringement - - initially, The Reserve at NorthBend - - and to prevent yet other acts of infringement which were identified after the initiation of this action.

WHA's motives were proper. In discovery, WHA disclosed that the Crow Defendants, having initially escaped prosecution as a result of their infringement of WHA's copyrighted plans for The Reserve at NorthBend, misappropriated yet other WHA plans for their use and profit without compensation to Plaintiff. At the time judgment was entered on April 30, 2003, WHA had discovered *at least* one more such project in which the Crow Defendants had also misappropriated (and thus infringed) WHA's works without compensation. There may in fact be other instances of Defendants' infringement.

Plainly, the sole commodity WHA has to sell is the originality of its copyrighted works. The Crow Defendants admitted the worth and unique value of these works when they refused to allow the Chiles Defendants to create original works which did not infringe.[16] As an architectural firm, WHA cannot long survive in business if its original copyrighted works are re-used without compensation. The congressionally sanctioned desire to protect the unauthorized

---

[16] Chiles Dep. Tr. at p. 21, ll. 13-21 (Exhibit "B" to Luck Decl.)

—

use of copyrighted materials is at the very core of the recently enacted Architectural Works Copyright Protection Act ("AWCPA").[17]   By any objective standard, Plaintiff's decision to employ the mechanism of the AWCPA does not present an improper motive.  *McKinley*, 1998 U.S. Dist. LEXIS 3019 at *18-19. (Leaffer Decl. at ¶ 11(A) and (I)).

Any improper motive presented in this litigation is that presented *by the Crow Defendants* in their counterclaims for architectural malpractice, the filing of a separate state court action for malpractice and this motion to collect almost one million dollars in fees.  When WHA brought suit for infringement, the Crow Defendants first threatened Plaintiff with a loss of business.   When that effort failed, the Crow Defendants filed counterclaims for architectural malpractice and for negligent misrepresentation.[18]   Notwithstanding the fact that the Crow Defendants had never complained about WHA's work, the Crow Defendants hoped to use this malpractice claim to discourage Plaintiff from further pursuing its copyright claims.  When that failed, the Crow Defendants filed yet *another* malpractice action in state court again for architectural malpractice.[19]

The Crow Defendants have now filed their frivolous demand for attorneys' fees hoping to discourage Plaintiff from pursuing an appeal of this action.  Plainly, the actions of the Crow Defendants, not those actions of Plaintiff, smack of bad faith.

---

[17]   Act of December 1, 1990, Pub. L. No. 101-650, Sec. 701, 104 Stat. 5089 (short title).

[18]   First Amended Answer of the TCR Defendants to Plaintiff's Second Amended Complaint and Counterclaims (Exhibit "I" to Luck Decl.).

[19]   Plaintiff's Original Petition (Exhibit "J" to Luck Decl.).

---

### C.   WHA's Suit Was Not Objectively Unreasonable

The Crow Defendants' argument that WHA's copyright claim is "unreasonable" is part and parcel of its argument that Plaintiff's claim was frivolous.  As such, this argument is addressed above.

In support of this argument, the Crow Defendants additionally rely on Plaintiff's refusal to accept a settlement offer in light of the Report and Recommendation of the Magistrate Judge. (Defendants' App. at 11).  This argument is unsound.  By their argument, the Crow Defendants would abrogate WHA's right to appeal the findings of the Magistrate Judge (or the District Judge), since to do so would be *de facto* "unreasonable".  This is not, nor has it ever been, the law, and the Crow Defendants' Motion is silent on any authority to support this position.

Nor was WHA's filing of dispositive motions and responses to those motions "unreasonable".   The Crow Defendants asserted no less than fourteen (14) affirmative defenses and four (4) counterclaims.  WHA took discovery of the factual basis for those defenses and counterclaims.   In discovery, the Crow Defendants admitted the lack of facts to support many of these defenses and claims.  Other defenses and claims had no legal basis.  Hence, WHA fulfilled the admonition of the Supreme Court and employed the mechanism of summary judgment in an effort to "serve the just, speedy and inexpensive determination of those issues before trial".[20] None of these motions has been demonstrated to be lacking in merit, and the number of such motions, prompted in part by the Crow Defendants' assertion of a plethora of defenses and contentions, cannot be characterized as "unreasonable".[21]

---

[20]   The Supreme Court has characterized the mechanism of summary judgment as "an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action'".  *Celotex Corp. v Catrett*, 477 U.S. 317, 327 (1986).

[21]   While criticizing WHA for its motion practice, the Crow Defendants themselves filed no less than 26 substantive motions.  It should also be noted that the number of motions filed by all parties was in part

The Crow Defendants further take issue with Plaintiff's filing of a second suit against it and the SDT Architects in Houston for a separate act of infringement for a project known as "Los Rios".  This argument is also misplaced.  Plaintiff was constrained to file that action in Houston since the site of the infringement lay in Houston, the residence of the SDT Architects was in Houston and those acts and events giving rise to infringement took place in Houston.

Moreover, the fact that the Crow Defendants now alternatively contend that there were many unsettled issues of law demonstrates not that a million dollar fee award should be granted but that Plaintiff's claims were colorable and no fee award should be granted.[22]  While the Crow Defendants are correct that the case complexity should be considered in determining the amount of fees, given the extraordinary amount of fees charged, the complexities of this case demonstrate that no fees should be awarded in the first instance.  *Cordon Holding B.V. v. Northwest Publications Corp.*, 2002 U.S. Dist. Lexis 6111, * 35 (S.D.N.Y. 2002). ("In this case, after fully viewing all the parties' submissions, and in light of the legal complexities of this case, the Court concludes that an award of attorneys' fees [under 17 U.S.C. § 505] is not justified and in its discretion declines to make such an award.")

In summation, nothing relied upon by the Crow Defendants demonstrates that Plaintiff's copyright claims were objectively unreasonable. (Leaffer Decl. at ¶ 8), (Becker Decl. at ¶ 20; Tab "A").

---

dictated by the Court's Order of February 21, 2003 which compelled motions previously filed, but dismissed without prejudice, to be re-filed.

[22]   To advance their arguments on their motion, the Defendants alternatively allege that the case was "complex" and "simple". (Compare Defendants' App. at p. 7-8 where Defendants characterize the case as

**D.    An Award Of Attorneys' Fees Will
Not Serve To Achieve Considerations
Of Compensation and Deterrence**

The Crow Defendants admit that they used WHA's copyrighted plans without compensation or offer of compensation. Just compensation and deterrence will therefore not be affected by the award of the Crow Defendants' attorneys' fees in this case. On the contrary, an award of attorneys' fees will unjustly compensate the Crow Defendants for the admitted misappropriation (and thus infringement) of Plaintiff's copyrighted works. In effect, the Crow Defendants' application for the recovery of their fees turns the whole concept of compensation and deterrence on its head.

The only consideration advanced by the award of attorneys' fees in this case would be to discourage meritorious litigation under the Copyright Statute. *McKinley*, 1998 U.S. Dist. LEXIS 3019 at *18-19. (Defendant's claim for attorneys' fees denied because Plaintiff's claims were neither frivolous nor improperly motivated and Plaintiff's claims had "sufficient legal effect and factual factors to be objectively reasonable" and, further, because "it would be inconsistent with the purpose of the Copyright Act to deter Plaintiffs from bringing suit when they have a good faith belief that their copyright has been infringed."). (Leaffer Decl. at ¶¶ 7, 12), (Sankey Decl. at ¶ 12; Tab "B"), (Becker Decl. at ¶¶ 21-22).

**E.    The Amount Of Fees Sought By The
Crow Defendants Is Not Reasonable**

The Crow Defendants rely upon the factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) to support the reasonableness of their attorneys' fees. *Johnson* in fact demonstrates that the fees sought by the Crow Defendants are not reasonable. (Becker Decl. at ¶ 10).

---

"unambiguous" and "plain" with Defendants' characterization of the case as "complex" at p. 4 of their

---

1.  The *Johnson* Factors Do Not Support
    The Reasonableness Of Defendants' Fees

a.  The Hours Identified By The
    Crow Defendants Are Not Reasonable

The Crow Defendants allege that their counsel devoted 3,376.25 hours in defending Plaintiff's copyright claims. (Defendants' Brief at 3).[23] These hours are not reasonable by any standard. To put this total in perspective, Plaintiff's counsel, whom Defendants excoriate on the basis of the number of motions filed with the Court, expended only one-third the number of hours reported by Defendants. (Sankey Decl. at ¶ 5), (Becker Decl. at ¶ 11).

Relevant to the issue of reasonableness is the issue of the time and labor *required*. *Johnson*, 488 F.2d at 717. With respect to this point, the *Johnson* Court warned that "where more than one attorney is involved, the possibility of duplication of effort along with the proper utilization of time should be scrutinized . . . The time of two or three lawyers in a courtroom or conference when one would do, may obviously be discounted." *Johnson*, 488 F.2d at 714.

Here, however, the Crow Defendants admit to using no less than *seven* lawyers and *four* paralegals. (Defendants' Brief at 7).[24] This massive example of overstaffing strongly suggests that *at least* a substantial discount must be forthcoming on the number of hours for which the Crow Defendants seek to recover fees.

Further probative on this issue is the fact that the only attorney for the Crow Defendants known to have *any* intellectual property experience, Donald G. Jones, left the firm of Graves

---

[23]   Brief).
       The notation "Defendants' Brief" refers to the Crow Defendants' Brief in Support of Its Application for an Award of Costs and Attorneys' Fees.

[24]   While the Crow Defendants claim to have used "only" seven attorneys and four paralegals in their defense of this action, chart "A" attached to their Application identifies no less than twelve (12) attorneys and seven (7) paralegals. This number of attorneys, itself the size of a mid-sized law firm, devoted to what the Crow Defendants characterize as a "simple" case, cannot be justified other than an attempt to bill the maximum fees possible.

Dougherty in July, 2002. Thus, Defendants' counsel no doubt committed countless hours in "reinventing the wheel". Defendants cannot properly recover these fees under Section 505.

The Crow Defendants' request is also deficient in that it necessarily includes the assertion of their malpractice counterclaims. The Fifth Circuit in *Bridgmon v. Array Systems Corp.*, 325 F.3d 572 (5th Cir. 2003) found that where claims and counterclaims are intertwined, as here, a substantial discount is called for. While the Crow Defendants claim they discounted fees for their counterclaims, they do not explain how they did so. Where actions that were taken impacted both Defendants' defense of Plaintiff's claims and Defendants' counterclaims, there is no way to properly allocate and in all certainty the Crow Defendants could not and did not do so.

b.    The Crow Defendants Have Admitted
       That The Case Is Not Complex

The second *Johnson* factor looks to the complexity of the issues presented in the litigation. The Crow Defendants have elsewhere admitted that the issues were *not* complex. (Defendants' Brief at 11). This admission exposes the exorbitant amount of hours spent by the Crow Defendants (three times that spent by counsel for WHA) as unreasonable. *Johnson*, 488 F.2d at 718.

c.    The Factor For Preclusion Of Other
       Employment Also Militates Against A Fee Award

The fourth *Johnson* factor, the preclusion of other employment, relates to whether other business was foreclosed because of conflicts of interest incurred from the representation. The Crow Defendants' arguments to the contrary, this factor clearly militates against a large fee award. Taking a case for a national construction company against a small Dallas architectural firm could not possibly have raised any conflicts that would have precluded taking other work.

Defendants' own expert, Pat Lochridge, admits that this factor is not probative on the reasonableness of Defendants' fees. (Affidavit of Patton G. Lochridge at p. 8).

> d.   The Attorneys' Fees Sought
>      By Defendants Are Not Customary

The fifth *Johnson* factor is a customary fee.  The *Johnson* Court indicated that the customary fee for similar work in the community should be considered.  Here, the Crow Defendants were unable to find any situation in which a copyright defendant was awarded such a massive fee upon prevailing on summary judgment.  The only case cited by the Defendants to support attorneys' fees granted in any architecture case is the *Harris v. Hoffmeyer* case.  There the Court of Appeals indicated that an award of $228,000.00 was granted.  However, a review of the District Court decision shows that attorneys' fees were only $154,000.00.  *See Harris Custom Builders v. Hoffmeyer*, 1995 U.S. Dist. LEXIS 10260 (N.D. Ill. 1995).  The Court also noted that the losing party was twice sanctioned and misplaced critical documents.  Moreover, the case went on appeal a number of times.  None of these factors are present here.

> e.   The Nature Of The Fee Also
>      Militates Against An Award

The sixth *Johnson* factor is whether the fee is fixed or contingent.  Here, the Crow Defendants argue that the fact that WHA was paying *its* attorneys on a contingent fee further supports the Defendants' request for their fees.   (Defendants' Brief at 11).   The Crow Defendants' application of *Johnson* is misplaced.  The *Johnson* Court considered whether the fees of the *prevailing party*, not the losing party, were contingent or hourly.  *Johnson*, 488 F.2d at 714.   This factor therefore does not support the Crow Defendants' argument as to the reasonableness of their fees.

     f.     The Factor For Time Limitations Does Not
            Support The Reasonableness Of Defendants' Fees

The Crow Defendants allege that the consolidation of the second action placed them in a position which they were required to "work under significant time pressure". (Defendants' Brief at 11). This argument does not support the reasonableness of Defendants' fees. Quite the opposite, the Crow Defendants, not Plaintiff, requested consolidation. Hence, these same Defendants cannot now complain about the consequences of their actions. This factor plainly does *not* support the reasonableness of Defendants' fees.

     g.     The Lack Of Experience By Defendants'
            Counsel In Similar Matters Strongly
            Militates Against An Award Of Fees

The ninth *Johnson* factor goes to the experience, reputation, and ability of Defendants' attorneys. Certainly nothing suggests that the Crow Defendants' counsel had prior experience in copyright litigation. In fact, it is the best understanding of Plaintiff's counsel that this is the first copyright case ever handled by lead counsel for the Crow Defendants, Rick Yeomans. Mr. Yeoman's inexperience in this type of litigation suggests that this is a substantial explanation for the enormous fee sought.

When considering the proper amount to be awarded in the attorneys' fees, the Court should take into account the attorney's familiarity with and experience in the field of expertise required by the case. *Johnson*, 488 F.2d at 719. The non-prevailing party should not be required to pay excessive hours incurred because of counsel's unfamiliarity with the topic. *Orgel v. Clark Boardman Co., Ltd.*, 301 F.2d 119, 122 (2nd Cir. 1962); *Tyler v. International Brotherhood of Electrical Workers, Local Union 130*, 2000 U.S. Dist. LEXIS 10494, *13 (E.D. La. 2000) ("attorneys working outside of their fields of expertise may deserve an hourly fee lower than

their normal billing rate because of their lack of experience"); *Quinto v. Legal Times of Washington, Inc.*, 511 F. Supp 579, 582 (D.D.C. 1981) ("the amount of time expended by [one party] must be substantially reduced since he was 'dealing with an unfamiliar subject and cannot fairly charge [the non-prevailing party] for (his) education'").

This factor, therefore, strongly militates against the reasonableness of Defendants' fees. (Becker Decl. at ¶ 12).

### h.   The Case Was Not "Undesirable"

*Johnson* refers to "undesirable" in the context of placing counsel handling a particular case in conflict with other members of the community. *Johnson*, 488 F.2d at 719. There is nothing about this case which placed Defendants' counsel in tension with the community. Hence, this criteria is not applicable to the facts at bar.

### i.   No Case Supports The Reasonableness Of Defendants' Attorneys' Fees

The twelfth *Johnson* factor addresses a comparison of the fee with awards in similar cases. The Crow Defendants' inability to cite any case granting such an enormous award on summary judgment strongly suggests that Defendants' fees are not reasonable.

### 2.   The Hourly Rates Sought By The Crow Defendants Are Not Reasonable

"The critical inquiry in determining reasonableness [of attorneys' fees] is now generally recognized as the appropriate hourly rate." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). It is therefore up to the prevailing attorneys to justify the amount requested by producing satisfactory evidence that the "requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation [known as the prevailing market rate]." *Id.* at 896; *see also Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir.

1993); *Atari v. McNeal*, 2001 U.S. Dist. LEXIS 22906, *7-8 (E.D. La 2001); *Tyler*, 2000 U.S. Dist. LEXIS 10494 at *12.

As set forth above, counsel for the Crow Defendants had little or no experience in copyright litigation. Hence, the rates charged by the Crow Defendants' counsel must be reduced to reflect their lack of experience. *Blum*, 465 U.S. at 896, n. 11. An attorney's rates and hours should be reduced when practicing in an unfamiliar area of the law.

   3. The Requested Fees Were Not
     Reasonable Nor Necessary

Although the discretionary award of fees should be denied, a careful review of the Defendants' fee statements reveal that the amount of fees requested are not reasonable and necessary. The declarations of Thomas W. Sankey (Tab "B") and Douglas Becker (Tab "A") specifically highlight many of the problems with the requested fees. Additionally, as pointed out in the attached Declarations, when the *Johnson* factors are taken into consideration, a substantial reduction in the lodestar is required. (Becker Decl. at ¶ 15).

The Declarations further conclude that the requested fees are not reasonable and necessary. The party requesting an award of fees has the burden of proof which has not been met in this case. Defendants' request for their attorneys' fees should be denied.

  **F. The Crow Defendants' Motion For The Recovery
    Of Costs Is Contrary To 28 U.S.C. § 1920**

   1. The Fifth Circuit Has Narrowly Construed
     28 U.S.C. § 1920 In The Awarding Of Costs

28 U.S.C. §1920 lists the following as recoverable, taxable costs: 1) fees of the clerk and marshall; 2) fees of the court reporter for any part of a transcript "necessarily obtained" for use in the case, including both trial and deposition transcripts; 3) fees and disbursements for printing; 4) fees and disbursements for witnesses; 5) fees for the exemplification and copies of papers

necessarily obtained for use in the case; 6) docket fees; 7) compensation of court-appointed experts and interpreters, salaries, fees, expenses, and costs of special interpretation services.

The Fifth Circuit has narrowly construed those costs which may be awarded to a prevailing party under 28 U.S.C. § 1920. *International Woodworkers of America v. Champion Int'l Corp.*, 790 F.2d 1174, 1176-77 (5th Cir. 1986). The Crow Defendants' Bill of Costs falls afoul of those costs recoverable under Section 1920.

      2.      The Crow Defendants' Application
            For Costs Is Contrary To Section 1920

         a.     Expert Witness Fees Are Not Properly
             Taxable As Costs Under 28 U.S.C. § 1920

The Crow Defendants seek to recover $49,438.43 in expert witness fees. (Defendants' Brief at 13). Witness costs are taxable under 28 U.S.C. § 1920, but *only* to the extent provided for under 28 U.S.C. § 1821. *Crawford Fitting Co v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987); *Interstate Contracting Corp. v. Dallas*, 2002 U.S. Dist. LEXIS 1496, *9-10 (N.D.Tex. 2002). Section 1821 allows a maximum of forty dollars ($40.00) per day, per witness for attendance at trial and depositions and the travel time incurred going to and returning from the trial or deposition. Additionally, a subsistence fee for the witness for any overnight stay incurred and mileage fees in an amount authorized by Section 1821 are also taxable costs.

Plaintiff took the depositions of only two of Defendants' experts, Niles G. Bolton and Jeffrey Spilker. Hence, the maximum witness fees payable to the Crow Defendants under Section 1821 is $80.00. 28 U.S.C. § 1821.

The Crow Defendants recognize that 28 U.S.C. § 1920 does *not* authorize the recovery of expert fees. (Defendants' Brief at 13, ftn. 21). Defendants nevertheless seek to recover these

costs pursuant to 17 U.S.C. § 505. As recognized by the Crow Defendants, there is no authority for this proposition, and the Fifth Circuit does not recognize Section 505 of the Copyright Statute as a vehicle to expand those costs awardable under 28 U.S.C. § 1920.[25]

> b.   Travel Expenses Of Attorneys Are Not Properly
>       Taxable As Costs Under 28 U.S.C. § 1920

The Crow Defendants seek to recover $2,794.68 for "case-related travel and meals". (Defendants' Brief at 13). Travel expenses, including expenses associated with rental cars, hotels, mileage, taxi cabs, airfare, meals and parking are *not* allowable as costs under 28 U.S.C. § 1920. *Auto Wax Co., Inc. v. Mark V Products, Inc.*, 2002 U.S. Dist. LEXIS 2944, *26-27 (N.D.Tex. 2002); *Communications Workers of America v. Ector County Hospital District*, 241 F.Supp. 2d 617, 638 (W.D. Tex. 2002); *Embotelladora v. Agral Regiomontana, S.A. de C.V. v. Sharp Capital, Inc.*, 952 F.Supp. 415, 418 (N.D.Tex. 1997).

> c.   Computer Research Charges Are Not Properly
>       Taxable As Costs Under 28 U.S.C. § 1920

The Crow Defendants seek to recover $23,281.82 for "computer research". (Defendants' Brief at 13). On-line research fees are not properly taxable as costs under Section 1920. *See, Auto Wax Co., Inc.*, 2002 U.S. Dist. LEXIS 2944 at *26-27; *Communications Workers of America v. Ector County Hospital District*, 241 F.Supp. 2d at 617, 637-38 (W.D. Tex. 2002); *Embotelladora*, 952 F.Supp. at 418.

---

[25] The Supreme Court has also noted that § 1920 embodies Congress' choice as to which expenses a federal court may tax as costs: "Any argument that a federal court is empowered to exceed the limitations explicitly set out in §§ 1920 and 1821 without *plain* evidence of Congressional intent to supersede those sections ignores our longstanding practice of consulting statutes *in pari materia*". *Crawford Fitting Co., Inc.* 482 U.S. at 445 (emphasis added). Numerous courts have followed the Supreme Court's lead and held that taxation of costs in a copyright infringement case is limited to those costs expressly identified in 28 U.S.C. § 1920. *See, Artisan Contractors Assoc. of America, Inc. v. Frontier Ins. Co.*, 275 F.3d 1038, 1039 (11th Cir. 2001); *Pinkham v. Camex, Inc.*, 84 F.3d 292, 294-95 (8th Cir. 1996); *Arthur Kaplan Co , Inc. v. Panaria Int'l, Inc.*, 1999 U.S. Dist. LEXIS 6315, * 5-6 (S.D.N.Y. 1999); *Brewer-Giorgio v. Bergman*, 985 F. Supp. 1478, 1485 (N.D. Ga. 1997); *In Design v. K-Mart Apparel Corp.*, 1995 U.S. Dist.

---

d.   Only Certain Copy Charges Are Properly
Taxable As Costs Under 28 U.S.C. § 1920

The Crow Defendants seek to recover $10,187.55 for in-house copy charges and

$7,087.47 in outside copy charges. (Defendants' Brief at 13).   Only those copies that were

reasonably and necessarily obtained for use *at trial* are allowed to be taxed as costs.  *Coats v.*

*Penrod Drilling Corp.*, 5 F.3d 877, 892 (5th Cir. 1993), *cert. denied*, 510 U.S. 1195 (1994);

*Fogleman v. Aramco*, 920 F.2d 278, 286 (5th Cir. 1991).   In order to recover these costs,

however, the charges must be itemized such that the Court can determine what items were

copies, whether multiple copies of the same document were obtained, etc.   The non-prevailing

party is not "held responsible for multiple copies of documents, attorney correspondence, or any

of the other multitude of papers that may pass through a law firm's Xerox machines".

*Fogleman*, 920 F.2d at 286; *Interstate Contracting Corp.*, 2002 U.S. Dist. LEXIS 1496 at *14-

15.

The Crow Defendants have not itemized those copy costs which may be properly

recoverable 28 U.S.C. § 1920.  Hence, no costs for such copies should be awarded.

e.   Telephone Charges Are Not Properly
Taxable As Costs Under 28 U.S.C. § 1920

The Crow Defendants seek to recover $731.24 for "long distance telephone calls".

(Defendants' Brief at 13).   Telephone charges are *not* allowable under 28 U.S.C. § 1920 since

such charges are overhead costs which are incumbent to running a business.  *Auto Wax Co., Inc.*,

2002 U.S. Dist. LEXIS 2944 at *31-32; *Communications Workers of America*, 241 F.Supp. 2d at

637-38.

---

LEXIS 19256, * 21 (S.D.N.Y. 1995); *Data Gen. v. Grumman Sys. Support Corp.*, 825 F.Supp. 361, 366-67
(D. Mass. 1993), *aff'd*, 36 F.3d 1147 (1st Cir. 1994).

       f.      Postage And Delivery Charges Are Not Properly
              Taxable As Costs Under 28 U.S.C. § 1920

The Crow Defendants seek to recover $5,023.53 for postage and delivery charges. (Defendants' Brief at 13). Postage and delivery charges are *not* allowable under 28 U.S.C. § 1920 since such charges are another of the overhead costs incumbent to running a business. *Auto Wax Co., Inc.*, 2002 U.S. Dist. LEXIS 2944 at *28-30; *Interstate Contracting Corp.*, 2002 U.S. Dist. LEXIS 1496 at *10-11; *Communications Workers of America*, 241 F.Supp. 2d at 637-38; *Embotelladora*, 952 F.Supp. at 418.

       g.      Facsimile Charges Are Not Properly
              Taxable As Costs Under 28 U.S.C. § 1920

The Crow Defendants seek to recover $969.42 for telecopier charges. (Defendants' Brief at 13). Facsimile costs are *not* allowable under 28 U.S.C. § 1920 as this is also one of the overhead costs incumbent to the running of a business. *Communications Workers of America*, 241 F.Supp. 2d at 637-38; *Embotelladora*, 952 F.Supp. at 418.

       h.      Staff "Overtime" Charges Are Not Properly
              Taxable As Costs Under 28 U.S.C. § 1920

The Crow Defendants seek to recover $457.52 for staff overtime charges. (Defendants' Brief at 13). Staff overtime charges are *not* allowable under 28 U.S.C. § 1920 as this is also one of the overhead costs incumbent to the running of a business. *Communications Workers of America*, 241 F.Supp. 2d at 637-38; *Embotelladora*, 952 F.Supp. at 418.

       i.      Mediator Charges Are Not Properly
              Taxable As Costs Under 28 U.S.C. § 1920

The Crow Defendants seek to recover $2,500.00 in mediation fees. (Defendants' Brief at 13; Tab B). Mediator fees are not allowable under 28 U.S.C. § 1920. *Mota v. University of Texas Houston Health Science Center*, 261 F.3d 512, 530 (5th Cir. 2001).

j.     Video Editing Charges Are Not Properly
Taxable As Costs Under 28 U.S.C. § 1920

The Crow Defendants seek to recover $100.00 in video editing fees. (Defendants' Brief at 13; Tab B). Video tapes of a deposition, video technician's fees, and videotape editing fees are not allowable under 28 U.S.C. § 1920 which only allows for the recovery of fees of the court reporter and any part of the transcript necessarily obtained for use in the case. *Mota*, 261 F.3d at 530 (quoting *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1049 (5th Cir. 1998); *Interstate Contracting Corp.*, 2002 U.S. Dist. LEXIS 1496 at *11.

*          *          *

In light of the above, the only costs requested by the Crow Defendants which are properly awardable under 28 U.S.C. § 1920 are $80.00 for witness fees for Jeffrey Spilker and Niles G. Bolton.

### III.
### CONCLUSION

For the reasons set forth above, the Crow Defendants' application for the recovery of attorneys' fees should be denied.

The Crow Defendants' application for the recovery of their costs should be denied, or in the alternative, modified to provide for the recovery in the amount of $80.00.

Respectfully submitted,

**HANCE, SCARBOROUGH, WRIGHT
WOODWARD & WEISBART, L.L.P.**
111 Congress Avenue, Suite 500
Austin, Texas 78701
(512) 479-8888 Telephone
(512) 482-6891 Facsimile

By: _____
Terry L. Scarborough
State Bar No. 11760000

Gregory M. Luck
State Bar No. 12666380
Thomas W. Sankey
State Bar No. 17635670
**SANKEY & LUCK, L.L.P.**
6200 Chase Tower, 600 Travis
Houston, Texas 77002
(713) 224-1007 Telephone
(713) 223-7737 Facsimile

Timothy N. Trop
State Bar No. 20236600
**TROP, PRUNER & HU, P.C.**
8554 Katy Freeway, Suite 100
Houston, Texas  77024
(713) 468-8880 Telephone
(713) 468-8883 Facsimile

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record herein by way of:

☒ U.S. Mail, First Class
☐ Certified Mail (return receipt requested)
☐ Facsimile
☐ Federal Express
☐ Hand Delivery

on this 27th day of May, 2003, to-wit:

> Rick Harrison
> FRITZ BYRNE HEAD & HARRISON, L.L.P.
> 98 San Jacinto, Suite 2000
> Austin, Texas  78701
> (512) 476-2020
> (512) 477-5267 (fax)
> ATTORNEYS FOR CHILES DEFENDANTS
>
> Richard D. Yeomans
> GRAVES DOUGHERTY HEARON
>   & MOODY, L.L.P.
> 515 Congress Avenue, Suite 2300
> Austin, Texas  78701
> (512) 480-5600
> (512) 478-1976 (fax)
> ATTORNEYS FOR CROW DEFENDANTS
>
> John P. Cahill
> HAYS MCCONN RICE & PICKERING
> 1200 Smith Street, Suite 4200
> Houston, Texas  77002
> (713) 654-1111
> (713) 650-0027 (fax)
> ATTORNEYS FOR SDT DEFENDANTS

Terry L. Scarborough

---

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

### NOTICE OF DOCUMENT(S) NOT IMAGED
### AND CONTAINED IN EXHIBIT  FOLDER

Civil Case No.        A-01-CA-591 JN

Womack+Hampton Architects L.L.C

VS.

Metric Holdings Ltd., et al.

Attachments to
Document #:          394

Description:          Appendix to Plaintiff's Response and Brief
                     in Opposition to the Crow Defendants'
                     Application for Attorneys' Fees and Costs
                     (with SEALED Exhibits "A" and "H")

Filed By:             Womack+Hampton

File Date:            5/27/03

_____
DEPUTY CLERK