

FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

MAY 2 7 2003

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | | |
|---|---|---|
| WOMACK+HAMPTON ARCHITECTS, L.L.C. | § | |
|     Plaintiff, | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. A 01CA 59 1 JN |
| | § | (Consolidated No. A-02 CV 793 JRN) |
| | § | |
| METRIC HOLDINGS LTD., et al. | § | |
| | § | JURY TRIAL DEMANDED |
|     Defendants. | § | |

**PLAINTIFF WOMACK+HAMPTON ARCHITECTS, L.L.C.'S
RESPONSE AND BRIEF IN OPPOSITION TO CAI AND THE CHILES DEFENDANTS'
APPLICATION FOR ATTORNEYS' FEES AND COSTS**

Plaintiff, Womack+Hampton Architects, L.L.C. (hereinafter "WHA"), herein files its Response and Brief in Opposition to the application of CAI and Chiles (hereinafter "the Chiles Defendants") for the recovery of their attorneys' fees and costs.

Under 17 U.S.C. § 505, the award of attorneys' fees is discretionary with the Court. However, those factors which the Court must take into account in awarding such fees are not present here. In this connection, there is no evidence that Plaintiff's claims against the Chiles Defendants were either frivolous or unreasonable, or that the instant litigation was undertaken with an improper motive. Further, the factors identified by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) demonstrate that the fees sought by the Crow Defendants are not reasonable.

The Chiles Defendants have not properly segregated or separately identified those costs which they seek to recover and thus their application for costs should be denied. Moreover, all costs sought by the Chiles Defendants are not recoverable under 28 U.S.C. § 1920. Hence, the

---



Chiles Defendants' Application for costs should also be denied or, in the alternative, substantially modified.

In support of its Response, WHA relies upon the Declaration of Gregory M. Luck, Thomas W. Sankey, Doug Becker and Marshall Leaffer, filed concurrently herewith.

## I.
## FACTUAL BACKGROUND

In or about 1996-1998, the Crow Defendants commissioned WHA to prepare architectural drawings and to render architectural services in connection with five projects designated: "RESERVE AT ARBROOK PARK", "WINDFERN," "RESERVE AT CHEYENNE", "CAMBRIA" and "RESERVE AT CHARLES PLACE". WHA rendered professional services to the Crow Defendants for each of these projects under separate "Owner/Architect Agreements". These Agreements, identical in all respects with respect to the issues relevant to this litigation, provided that WHA retained all rights in the copyrights in such works:

> A.   The Drawings, Specifications, and other documents prepared by the Architect for this project are instruments of the Architect's service for use *solely with respect to this project* and the *Architect shall be deemed the author of these documents and shall retain all common law, statutory, and other reserved right, including copyright.* The Owner shall be permitted to retain copies including reproducible copies of the Architect's Drawings, Specifications, and other documents for information and reference in connection with the Owner's use and occupancy of the project. The Owner's rights to the Architect's Drawings, Specifications, and other Project related documents shall also extend to the Owner's Lender and Owner's equity partner, (as well as the partnership formed by Owner and such equity partner), and Architect shall, upon request, execute documents to confirm the right of such parties to have and use the Architect's Drawings, Specifications and other applicable project documents to the same extent as the Owner.

(Exhibit "A" to Luck Decl.; Section IX (A)) (emphasis added).

These Agreements further provided that all rights conveyed to the Crow Defendants for those architectural works developed by Plaintiff under each contract were expressly limited to that project. (*Id.*)

In discovery, the Chiles Defendants admitted that they had been employed by the Crow Defendants to copy Plaintiff's copyrighted plans for a new project designated "The Reserve At NorthBend". Gary Chiles, the owner of the Chiles Defendants, had earlier been sued for copyright infringement and therefore knew that copying WHA's plans, without authorization to do so, would expose him and his company to a claim for copyright infringement. Gary Chiles therefore approached the Crow Defendants to ensure that the Crow Defendants had obtained a license to re-use WHA's plans.[1] When Chiles discovered that a license from WHA had not been obtained, and that the Crow Defendants had not paid the re-use fee, he requested indemnity from the Crow Defendants.[2] When this indemnification was not forthcoming, the Chiles Defendants sued the Crow Defendants for indemnification.[3]

The Crow Defendants have admitted that they knew they risked exposure for infringement by reusing WHA's copyrighted plans without a license to do so.[4] Furthermore, on prior occasions for different projects the Crow Defendants recognized the need to obtain, and did *first* obtain, a re-use license to avoid infringement *prior* to re-using WHA's copyrighted plans.[5]

---

[1]     Chiles Dep. Tr. at p. 14, ll. 6-16 (Exhibit "B" to Luck Decl.)

[2]     Chiles Dep. Tr. at p. 71, ll. 1-11.

[3]     Defendant Chiles Architects' Cross-claim Against Defendant Trammel Crow (Exhibit "C" to Luck Decl.)

[4]     Buzbee Dep. Tr. at p. 37, ll. 6-10 (Exhibit "D" to Luck Decl.)

[5]     Buzbee Dep. Tr. at p. 31, ll. 25; p. 32, ll. 1-6; p. 86, ll. 1-10; Hampton Dep. Tr. at p. 76, ll. 17-25; p. 77, ll. 1-6 (Exhibit "E" to Luck Decl.).

During discovery, the Crow Defendants admitted that they had re-used, without a license to do so, WHA's plans for a project designated "Los Rios". This project was located in Plano, Texas. The Crow Defendants employed SDT Architects, a Houston-based architectural firm, to copy Plaintiff's plans for this project.

## II.
## ARGUMENT

### A.    The Chiles Defendants Are Not Entitled To The Recovery Of Their Attorneys' Fees

#### 1.    The Standard For The Recovery Of Fees

17 U.S.C. § 505 sets forth that the Court may allow the recovery of attorneys' fees to the prevailing party in a copyright action. Attorneys' fees are to be awarded "only as a matter of the court's discretion". *Creations Unlimited, Inc. v. McCain*, 112 F.3d 814, 817 (5th Cir. 1997), citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994).

The Court must consider several factors in its decision of whether to exercise its discretion to award attorneys' fees. These factors are: frivolousness of the action, improper motivation, objective unreasonableness (both factual and legal), and the need in particular circumstances to advance considerations of compensation and deterrence. *Fogerty*, 510 U.S. at 535 (citing *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (3rd Cir. 1986)); *Creations Unlimited, Inc.*, 112 F.3d at 817.

Where the non-prevailing party's claims were at least colorable and not objectively unreasonable, attorneys' fees should be denied. *Johnson v. Tuff-N-Rumble Mgmt., Inc.*, 2000 U.S. Dist. Lexis 12071, * 34-35 (E.D. La. 2000); *McKinley v. Raye*, 1998 U.S. Dist. Lexis 3019, * 18-19 (N.D. Tex. 1998) (Defendant's claim for attorneys' fees denied because plaintiff's

claims were neither frivolous nor improperly motivated and plaintiff's claims had "sufficient legal and factual factors to be objectively reasonable" and, further, because "[i]t would be inconsistent with the purpose of the Copyright Act to deter plaintiffs from bringing suit when they have a good faith belief that their copyright has been infringed.") (Leaffer Decl. at ¶ 11(c); Tab "C").

> 2.    The Factors Relevant To The
> Determination Under 17 U.S.C. § 505
> Militate Against An Award Of Fees In This Case

The Chiles Defendants initially base their Motion for fees on the argument that Plaintiff's copyright claim was frivolous. (Defendants' App. at 6).[6] In support of this contention, the Chiles Defendants point to their conclusion that the operative Agreements provided a license for the Crow Defendants' re-use of Plaintiff's copyrighted works. (*Id.* at 6).

The Chiles Defendants are less than candid with the Court concerning their conclusion, made after-the-fact, that their use of Plaintiff's copyrighted plans only gives rise to an action for contractual damages. The Chiles Defendants omit to mention that they concluded that they had exposure for copyright infringement and copyright damages arising out of their re-use of WHA's architectural plans and thus brought a claim for indemnification against the Crow Defendants, one of Chiles' biggest clients. The Chiles Defendants would plainly not have sued their biggest client if they genuinely felt that Plaintiff's copyright claim was "frivolous".

The Report and Recommendation of the United States Magistrate Judge as issued on October 10, 2002 and the Amended Report and Recommendation of the United States Magistrate

---

[6]    The notation "Defendants' App." refers to Defendants' CAI and Chiles' Application for an Award of Costs and Attorneys' Fees.

Judge as issued on January 24, 2003 turned on the Magistrate Judge's finding that the following language granted a license to the Crow Defendants to re-use Plaintiff's copyrighted works:

> B.     The Owner agrees not to use, copy or cause to have copied, the drawings and specification prepared for this project on subsequent phases or other sites *without proper compensation to the Architect*, which shall be based upon a mutually agreed upon of $150.00 per unit (base architectural fee), plus engineering services, plus contingent additional hourly charge and expenses for plan modifications necessary to adapt these plans and specifications to other sites.

(Owner/Architect Agreement; Section IX (B); Exhibit "A" to Luck Decl.)(emphasis added).

The Magistrate Judge impliedly held that this language, requiring payment prior to the Crow Defendants' re-use, was *not* a condition precedent to the grant of a license.[7]

WHA reasonably took the position that the operative language of Section IX(B) did in fact give rise to a condition precedent.  (Leaffer Decl. at ¶ 8).  WHA based this conclusion on the holdings in *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1088 (9th Cir. 1989); *Gilliam v. ABC Broadcasting Cos., Inc.*, 538 F.2d 14, 20-21 (2nd Cir. 1976); *McRoberts Software, Inc. v. Media 100*, 2001 U.S. Dist. LEXIS 16794 (S.D. Ind. 2001) and other authorities which had held that the payment of the license fee was a prerequisite to the granting of any rights held under a copyright. Hence, WHA's pursuit of a cause of action premised on the conclusion that the payment of a re-use fee was a condition precedent cannot be frivolous since Plaintiff's conclusion tracks the reasoning of other authorities addressing this precise issue.  *At a minimum*, the construction of Section IX(B) gives rise to a colorable case which forecloses the award of fees. *Tuff-N-Rumble*, 2000 U.S. Dist. LEXIS 12071 at *34-35.

---

[7]     Report and Recommendation of the United States Magistrate Judge at 7 (Exhibit "F" to Luck Decl.); Amended Report and Recommendation of the United States Magistrate Judge at 8 (Exhibit "G" to Luck Decl ).

Even if the operative language of Section IX(B) did grant a license to re-use absent payment, Plaintiff's conclusion that an action for copyright infringement nevertheless lies was also reasonable. The Crow Defendants admitted that they hired a third party (the Chiles Defendants) to re-use Plaintiff's plans *and* created a derivative work in the modification of these plans. The Supreme Court has made the law very clear that a license *must* be construed as preserving in the copyright holder those rights not expressly conveyed. *Henry v. A.B. Dick Co.*, 224 U.S. 1, 24 (1912); *Inslaw, Inc. v. U.S.*, 40 Fed. Cl. 843, 854-55 (1998); *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1088 (9th Cir. 1989). (Leaffer Decl. at ¶ 11(f) and (g)). The courts have been equally clear in holding that the Court is not free to add terms of conveyance where none were agreed to by the parties. *Gilliam v. American Broadcasting Cos.*, 538 F.2d 14, 23 (2nd Cir. 1976) (Leaffer Decl. at ¶ 8).

Plaintiff's conclusion that at least *two independent theories* of liability supported a cause of action for copyright infringement was therefore reasonable. In both instances, liability for copyright infringement and damages is supported by relevant caselaw arising out of the United States Supreme Court, and recognized and followed indecisions of courts from other circuits. WHA is therefore not constrained to concur with the Chiles Defendants' litigation-driven conclusion that it had "no need" to pursue a copyright claim. (Defendants' App. at 6). As set forth above, these authorities hold under facts less favorable than those at bar that a cause of action for copyright infringement will lie. One of the premier experts in this area of copyright law, Professor Marshall Leaffer, agrees. (Leaffer Decl. at ¶ 9).[8]

---

[8]        Professor Marshall A. Leaffer is a professor of law at Indiana University School of Law and is a distinguished scholar in intellectual property law. Professor Leaffer has co-authored leading texts on copyright law and is a recognized lecturer in this area. (*See* Appendix 1 to the Rebuttal Expert Report of Marshall A. Leaffer, Exhibit "A" to Leaffer Decl.).

The Chiles Defendants further rely on Plaintiff's damage claim as an indicia of the purported frivolous nature of Plaintiff's cause of action. (Defendants' App. at 6-7).    The Chiles Defendants would have this Court believe that WHA's damage claim, which sought to recover damages explicitly allowed under 17 U.S.C. § 504, was untenable as a matter of law.    The Court *did not* rule on the measure of damages which could be recovered by WHA in this action should it be allowed to proceed on its copyright claim.    Therefore, like the Crow Defendants', the Chiles Defendants' pontification on the law, is just that - - attorney argument.    There is no finding that WHA's damage claim was improper or not supportable under controlling caselaw. (Leaffer Decl. at ¶ 11(h).

A copyright claimant may seek damages pursuant to 17 U.S.C. § 504 which sets forth in pertinent part:

> The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. *In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.*

17 U.S.C. § 504(b)(emphasis added).

The Chiles Defendants focus the inquiry on Plaintiff's alleged damage claim *against the Crow Defendants.* (Defendants' App. at 7).    However, the Chiles Defendants have no standing to rely upon WHA's damage claim against the Crow Defendants.    Hence, Defendants' conclusion that WHA's damage claim against the Crow Defendants was not viable is irrelevant to the issue before the Court in their application for attorneys' fees under 28 U.S.C. § 1920.    For

these same reasons, the Chiles Defendants' reference to the holding in *Davis v. Gap, Inc.*, 246 F.3d 152, 172 (2nd Cir. 2001) is *non-sequitur*.

The proper emphasis on the Chiles Defendants' Motion for their fees are those claims asserted *against the Chiles Defendants*. Plaintiff sought damages from the Chiles Defendants in the amount of $121,800, which amount reflected those admitted gross revenues realized by the Chiles Defendants as a result of their infringement.[9] The Chiles Defendants make no attempt to show that the methodology employed by Mr. Domercq was unsound, or that the copyright damages sought by WHA were not supportable.

In conclusion, Plaintiff's copyright claim and its claim for damages against the Chiles Defendants were premised on statutory authority and established legal precedent. Hence, an award of attorneys' fees cannot be based upon a finding that Plaintiff's copyright claim against the Chiles Defendants was frivolous. *McKinley, supra.*

### B. WHA's Copyright Claim Was Not Motivated By An Improper Purpose

The Chiles Defendants allege that Plaintiff's claim was motivated by "greed and revenge". The primary basis for the Chiles Defendants' unsupported conclusion was that WHA wanted to "punish Crow". (Defendants' App. at 7). The Chiles Defendants again have no standing to make this argument since there is no allegation that the purpose of Plaintiff's claim was to punish the Chiles Defendants.

The Chiles Defendants also point to Plaintiff's alleged delay in filing suit. The law recognizes penalties for the dilatory enforcement of rights in the prosecution of lawsuits. These

---

[9]    Expert Report of Richard J. Domercq at 5 (Exhibit "H" to Luck Decl.)

penalties take the form of the statute of limitations and defenses for laches and estoppel.[10]  These penalties do not, however, extend to the conclusion that the delay was motivated by "greed" or "revenge".   Again, the Chiles Defendants' litigation-driven conclusion wants for any factual support.

Plainly, the sole commodity WHA has to sell is the originality of its copyrighted works. The Crow Defendants admitted the worth and unique value of WHA's works when they refused to allow the Chiles Defendants to create original architectural works for the NorthBend project, instead requiring the Chiles Defendants to use Plaintiff's works.[11]

As an architectural firm, WHA cannot long survive in business if its original copyrighted works are used without compensation.   The congressionally sanctioned desire to protect the unauthorized use of copyrighted materials is at the very core of the recently enacted Architectural Works Copyright Protection Act (AWCPA).[12]   By any objective standard, Plaintiff's decision to employ the mechanism of ("AWCPA") to protect its copyrighted works does not present an improper motive.   *See, McKinley*, 1998 U.S. Dist. LEXIS 3019 at *18-19. (Leaffer Decl. at ¶ 11(a) - (i)).

---

[10]   The Chiles Defendants moved for summary judgment on the issue of application of the statute of limitations to bar Plaintiff's claim against Gary Chiles.  This motion was not ruled on by the Court.  Hence, Defendants' conclusion that Plaintiff's claims were dilatory is again nothing more than rhetoric.

[11]   Chiles Dep. Tr. at p. 21, ll. 13-21.

[12]   Act of December 1, 1990, Pub. L. No. 101-650, Sec. 701, 104 Stat. 5089 (short title).

**PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO CHILES DEFENDANTS'
APPLICATION FOR ATTORNEYS' FEES AND COSTS**                                              **Page 10**

### C.   WHA's Copyright Claim Was Not Objectively Unreasonable

The Chiles Defendants' argument that WHA's copyright claim is "unreasonable" is part and parcel of its argument that Plaintiff's claim was frivolous.  As such, this argument has been addressed above.

The Chiles Defendants additionally rely on WHA's refusal to accept the conclusions reached in the Report and Recommendation of the Magistrate Judge as evidence of Plaintiff's purported "unreasonable" conduct.  (Defendants' App. at 8).  This argument, also advanced by the Crow Defendants, is unsound.  By their argument, the Chiles Defendants would abrogate WHA's right to appeal the findings of the Magistrate Judge (or the District Judge), since to do so would be *de facto* "unreasonable".  This is not, nor has it ever been, the law and the Chiles Defendants' Motion is silent on any authority to support this position.  Again, the Chiles Defendants' conclusion that WHA adopted an "illogical interpretation of the re-use Agreement" is Monday morning quarterbacking.  Plainly, the Chiles Defendants would not have filed a claim for indemnification against their largest client if they believed Plaintiff's claims were "illogical".

The Chiles Defendants also seek judicial notice of the number of motions filed by Plaintiff. (Defendants' App. at 9).  The Chiles Defendants again lack standing to complain about all such motions not directed to them.  Furthermore, and as set forth in Plaintiff's Response to the Crow Defendants' application for fees, many of the pleadings referenced by the Chiles Defendants were actually filed by its co-defendant, Crow.[13]

Nor was WHA's filing of dispositive motions and motions for reconsideration "unreasonable".  Again, the Chiles Defendants attempt to rely on motions not directed to them,

---

[13]   While criticizing WHA for its motion practice, the Crow Defendants filed no less than 26 substantive motions.

but instead to the Crow Defendants.  The Crow Defendants asserted fourteen (14) affirmative defenses.[14]  The Chiles Defendants asserted an additional four (4) affirmative defenses.[15]  WHA took discovery of the factual basis for the claims and defenses of both the Chiles and Crow Defendants.  In discovery, Defendants admitted the lack of factual support for many of these defenses and claims.  Other defenses and claims had no legal basis.  Hence, WHA fulfilled the admonition of the Supreme Court and employed the mechanism of summary judgment in an effort to "serve the just, speedy and inexpensive determination" of these issues before trial.[16]  None of WHA's motions has been demonstrated to be lacking in merit, and the number of such motions, prompted by Defendants' assertion of a plethora of defenses and counterclaims, most of which lacked a factual or legal basis, cannot be characterized as "unreasonable".

The Chiles Defendants also attack WHA's naming of Gary Chiles as an individual defendant. (Defendants' App. at 9).  WHA alleged that Gary Chiles was liable for infringement by direct and contributory copyright infringement, inducement, and vicarious liability.[17]  The Chiles Defendants point to the fact that Plaintiff's failure to allege "fraud or other misconduct" as somehow indicative of the unreasonableness of WHA's copyright claims against Chiles. (Defendants' App. at 9).  This argument is disingenuous.  It is uncontroverted that Gary Chiles personally participated in the admitted copying of Plaintiff's copyrighted material.  Gary Chiles

---

[14]   Answer of TCR Defendants to Plaintiff's Third Amended Complaint (Exhibit "I" to Luck Decl.).

[15]   Answer of Chiles Architects, Inc. and Gary Chiles to Plaintiff's Third Amended Complaint (Exhibit "J" to Luck Decl.).

[16]   The Supreme Court has characterized the mechanism of summary judgment as "an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action'". *Celotex Corp v Catrett*, 477 U.S. 317, 327 (1986).

[17]   Plaintiff's Second Amended Complaint (Exhibit "K" to Luck Decl.)

further aided, abetted, and induced the Crow Defendants to infringe Plaintiff's copyrights.  As the architect in charge of the project, Gary Chiles was personally responsible for preparation of the infringing plans and he was further involved in the construction of the buildings based on the copied plans.[18]  Thus, Gary Chiles' liability arises both from his individual conduct as well as from his assistance to the Crow Defendants in the actual construction of the infringing structure. The Chiles Defendants' reference to the lack of Plaintiff's allegations of "fraud" and "misconduct" therefore grossly misstates the law.

In summation, nothing relied upon or identified by the Chiles Defendants demonstrates that Plaintiff's copyright claims were objectively unreasonable. (Leaffer Decl. at ¶ 8), (Becker Decl. at ¶ 20; Tab "A").

### D.    An Award Of Attorneys' Fees Will Not Serve To Achieve Considerations Of Compensation and Deterrence

The Chiles Defendants' Motion further mirrors that of the Crow Defendants in alleging that the award of attorneys' fees will achieve compensation and deterrence. (Defendants' App. at 9-10).

Just compensation and deterrence will not be effected by the award or Defendants' attorneys' fees in this case.  On the contrary, an award of attorneys' fees will unjustly compensate the Chiles Defendants for their admitted misappropriation (and thus infringement) of Plaintiff's copyrighted works.  The Chiles Defendants' application for the recovery of their fees, like that of the Crow Defendants, turns the whole concept of compensation and deterrence on its head.

---

[18]    Chiles Dep. Tr. at p. 94.

The only consideration advanced by the award of attorneys' fees in this case would be to discourage meritorious litigation under the Copyright Statute. *McKinley*, 1998 U.S. Dist. LEXIS 3019 at *18-19 (Defendant's claim for attorneys' fees denied because Plaintiff's claims were neither frivolous nor improperly motivated and Plaintiff's claims had "sufficient legal effect and factual factors to be objectively reasonable" and, further, because "[I]t would be inconsistent with the purpose of the Copyright Act to deter Plaintiffs from bringing suit when they had a good faith belief that their copyright had been infringed.") (Leaffer Decl. at ¶¶ 7 and 12), (Sankey Decl. at ¶ 12; Tab "B"), (Becker Decl. at ¶¶ 21-22).

**E.      The Amount Of Fees Sought By The
          Chiles Defendants Are Not Reasonable**

The Chiles Defendants rely upon the factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) to support the reasonableness of their attorneys' fees. In fact, *Johnson* demonstrates that the fee award sought by the Chiles Defendants is not reasonable.

   1.      The *Johnson* Lodestar Factors

          a.      The Hours Spent By The Chiles
                  Defendants' Counsel Were Not Reasonable

The Chiles Defendants identify that their counsel devoted 887.30 hours in defending Plaintiff's claims and asserting their counterclaims. (Defendants' App. at 4).[19] These hours are not reasonable by any standard.   (Becker Decl. at ¶¶ 10-11).   Relevant to the issue of reasonableness is the issue of the time and labor *required*.   With respect to this point, the *Johnson* Court warned that "where more than one attorney is involved, the possibility of

---

[19]     The notation "Defendants' Brief" refers to Defendants CAI and Chiles' Brief in Support of an Award of Attorneys' Fees and Costs

duplication of effort along with the proper utilization of time should be scrutinized. The time of two or three lawyers in a courtroom or conference when one would do, may obviously be discounted." *Johnson*, 488 F.2d at 717.

The Chiles Defendants have identified that they employed *five* lawyers to defend this litigation. This overstaffing strongly suggests a substantial discount must be forthcoming on the number of hours for which the Chiles Defendants seek to recover fees. *Johnson*, 488 F.2d at 717.

The number of hours expended by the Chiles Defendants is even more outrageous in light of the fact that, with the exception of their claim for indemnification against the Crow Defendants, the Chiles Defendants did little original briefing. Instead, the Chiles Defendants "piggybacked" on the motions and responses filed by the Crow Defendants. Exemplary of such a "me too" effort is the Chiles Defendants' instant application for its fees and costs which mirrors that filed by the Crow Defendants. Plainly, the Chiles Defendants cannot recover fees expended for duplicating (copying) the legal work of other defendants.

b.   The Factor For Preclusion Of Other
     Employment Also Militates Against A Fee Award

The fourth *Johnson* factor, the preclusion of other employment, relates to whether other business was foreclosed because of conflicts of interest incurred from the representation. The Chiles Defendants' arguments to the contrary, this factor clearly militates against a large fee award. Taking a case for an architectural firm against a small Dallas architectural firm could not possibly have raised any conflicts that would have precluded taking other work.

c.    The Attorneys' Fees Sought
By Defendants Are Not Customary

The fifth *Johnson* factor is a customary fee. The *Johnson* Court indicated that the customary fee for similar work in the community should be considered. Here, the Chiles Defendants were unable to find any situation in which a copyright defendant was awarded such a massive fee upon prevailing on summary judgment.

Hence, this factor does not support the reasonableness of Chiles' fees.

d.    The Nature Of The Fee Also
Militates Against An Award

The sixth *Johnson* factor is whether the fee is fixed or contingent. The Chiles Defendants do not explain how this factor supports the reasonableness of their fees. In fact, it does not. The *Johnson* Court considered whether the fees of the prevailing party, not the losing party, were contingent or hourly. *Johnson*, 488 F.2d at 714. This factor therefore does not support the Chiles Defendants' argument as to the reasonableness of their fees.

e.    The Factor For Time Limitations Does Not
Support The Reasonableness Of Defendants' Fees

The Chiles Defendants make no showing as to why this factor supports the reasonableness of their fees. In fact, there is no evidence that the Chiles Defendants incurred additional fees as a result of time limitations.

f.    The Lack Of Experience By Defendants'
Counsel In Similar Matters Strongly
Militates Against An Award Of Fees

The ninth *Johnson* factor goes to the experience, reputation, and ability of Defendants' attorneys. Certainly nothing suggests that the Chiles Defendants' counsel had prior experience in copyright cases. In fact, it is the best understanding of Plaintiff's counsel that this is the first

copyright case ever handled by lead counsel for the Chiles Defendants, Rick Harrison.  Mr. Harrison's inexperience in this type of litigation suggests that this is a substantial explanation for the enormous fees sought.

When considering the proper amount to be awarded in the attorneys' fees, the Court should take into account the attorney's familiarity with and experience in the field of expertise required by the case. *Johnson*, 488 F.2d at 719.  The non-prevailing party should not be required to pay excessive hours incurred because of counsel's unfamiliarity with the topic. *Orgel v. Clark Boardman Co., Ltd.*, 301 F.2d 119, 122 (2nd Cir. 1962); *Tyler v. International Brotherhood of Electrical Workers, Local Union 130*, 2000 U.S. Dist. LEXIS 10494, *13 (E.D. La. 2000) ("attorneys working outside of their fields of expertise may deserve an hourly fee lower than their normal billing rate because of their lack of experience"); *Quinto v. Legal Times of Washington, Inc.*, 511 F. Supp 579, 582 (D.D.C. 1981) ("the amount of time expended by [one party] must be substantially reduced since he was 'dealing with an unfamiliar subject and cannot fairly charge [the non-prevailing party] for (his) education'").

This factor, therefore, strongly militates against the reasonableness of Defendants' fees. (Becker Decl. at ¶ 12).

> g.    The Case Was Not "Undesirable"

*Johnson* referred to "undesirable" in the context of placing counsel handling the litigation in conflict with the members of their community. *Johnson*, 488 F.2d at 719.  There is nothing about this case which placed Defendants' counsel in tension with the community.

This criteria is plainly not applicable to the facts at bar.

h.   No Case Supports The Reasonableness
Of Defendants' Attorneys' Fees

The twelfth *Johnson* factor addresses a comparison of the fee with awards in similar cases.  The Chiles Defendants' inability to cite any case granting such an enormous award on summary judgment strongly suggests that Defendants' fees are not reasonable.

2.   The Hourly Rates Sought By The
Chiles Defendants Are Not Reasonable

"The critical inquiry in determining reasonableness [of attorneys' fees] is now generally recognized as the appropriate hourly rate." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984).  It is therefore up to the prevailing attorneys to justify the amount requested by producing satisfactory evidence that the "requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation [known as the prevailing market rate]."  *Id.* at 896; *see also Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993); *Atari v. McNeal*, 2001 U.S. Dist. LEXIS 22906, *7-8 (E.D. La 2001); *Tyler*, 2000 U.S. Dist. LEXIS 10494 at *12.

As set forth above, it is understood that counsel for the Chiles Defendants had little or no experience in copyright litigation.  Hence, the rates charged by the Chiles Defendants' counsel must be reduced to reflect their lack of experience.  *Blum*, 465 U.S. at 896, n. 11.

3.   The Requested Fees Are Not
Reasonable And Necessary

Although the discretionary award of fees should be denied, a careful review of the Defendants' fee statements reveal that the amount of fees requested are not reasonable and necessary.  The declarations of Thomas W. Sankey and Douglas Becker specifically highlight many of the problems with the requested fees.  Additionally, as pointed out in the Declarations,

when the *Johnson* factors are taken into consideration, a substantial reduction in the lodestar would be required.  (Becker Decl. at ¶ 15).

The Declarations conclude that the requested fees are not reasonable and necessary.  The Crow Defendants have the burden of proof which has not been met.  This is yet another reason why Defendants' requests for the recovery of fees should be denied.

F.    **The Chiles Defendants' Motion For The Recovery Of Costs Is Contrary To 28 U.S.C. § 1920**

1.    The Fifth Circuit Has Narrowly Construed 28 U.S.C. § 1920

28 U.S.C. §1920 lists the following as recoverable taxable costs: 1) fees of the clerk and marshall; 2) fees of the court reporter for any part of a transcript "necessarily obtained" for use in the case, including both trial and deposition transcripts; 3) fees and disbursements for printing; 4) fees and disbursements for witnesses; 5) fees for the exemplification and copies of papers necessarily obtained for use in the case; 6) docket fees; 7) compensation of court-appointed experts and interpreters, salaries, fees, expenses, and costs of special interpretation services.

The Fifth Circuit has narrowly construed those costs which may be awarded to a prevailing party under 28 U.S.C. § 1920.  *International Woodworkers of America v. Champion Int'l Corp.*, 790 F.2d 1174, 1176-77 (5th Cir. 1986).  The Crow Defendants' Bill of Cost falls afoul of those costs recoverable under Section 1920.

2.   The Chiles Defendants' Application
For Costs Is Contrary To Those Costs
Recoverable Under 28 U.S.C. § 1920

a.   Travel Expenses Of Attorneys Are Not Properly
Taxable As Costs Under 28 U.S.C. § 1920

The Chiles Defendants seek to recover their travel expenses.  Travel expenses, including expenses associated with rental cars, hotels, mileage, taxi cabs, airfare, meals and parking are *not* allowable as costs under 28 U.S.C. § 1920. *Auto Wax Co., Inc. v. Mark V Products, Inc.*, 2002 U.S. Dist. LEXIS 2944, *26-27 (N.D.Tex. 2002); *Communications Workers of America v. Ector County Hospital District*, 241 F.Supp. 2d 617, 638 (W.D. Tex. 2002); *Embotelladora v. Agral Regiomontana, S.A. de C.V. v. Sharp Capital, Inc.*, 952 F.Supp. 415, 418 (N.D.Tex. 1997).

b.   Computer Research Charges Are Not Properly
Taxable As Costs Under 28 U.S.C. § 1920

The Chiles Defendants seek to recover costs for "computer research".  On-line research fees are not properly taxable as costs under Section 1920.  *See, Auto Wax Co., Inc.*, 2002 U.S. Dist. LEXIS 2944 at *31-32; *Communications Workers of America*, 241 F.Supp. 2d at 637-38; *Embotelladora*, 952 F.Supp. at 418.

c.   Only Certain Copy Charges Are Properly
Taxable As Costs Under 28 U.S.C. § 1920

The Chiles Defendants seek to recover both in-house and outside copy charges.   Only those copies that were reasonably  and necessarily obtained for use at trial are allowed to be taxed as costs.  *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 892 (5th Cir. 1993), *cert. denied*, 510 U.S. 1195 (1994); *Fogleman v. Aramco*, 920 F.2d 278, 286 (5th Cir. 1991).  In order to recover these costs, however, the charges *must be itemized* such that the Court can determine what items were copies, whether multiple copies of the same document were obtained, etc. *Interstate*

*Contracting Corp. v. Dallas*, 2002 U.S. Dist. LEXIS 1496, *15 (N.D. Tex. 2002). The non-prevailing party is not "held responsible for multiple copies of documents, attorney correspondence, or any of the other multitude of papers that may pass through a law firm's Xerox machines". *Fogleman*, 920 F.2d at 286; *Interstate Contracting Corp.*, 2002 U.S. Dist. LEXIS 1496 at *14-15.

The Chiles Defendants are not entitled to the recovery of any copy costs since they failed to itemize which copy costs properly fall under Section 1920. (*Id.*)

d.   Telephone Charges Are Not Properly
Taxable As Costs Under 28 U.S.C. § 1920

The Chiles Defendants seek to recover for "long distance telephone calls". Telephone charges are *not* allowable under 28 U.S.C. § 1920 since such charges are overhead costs which are incumbent to running a business. *Auto Wax Co., Inc.*, 2002 U.S. Dist. LEXIS 2944 at *31-32; *Communications Workers of America*, 241 F.Supp. 2d at 637-38.

e.   Postage And Delivery Charges Are Not Properly
Taxable As Costs Under 28 U.S.C. § 1920

The Chiles Defendants seek to recover for postage and delivery charges. Postage and delivery charges are not allowable under 28 U.S.C. § 1920 since such charges are another of the overhead costs incumbent to running a business. *Auto Wax Co., Inc.*, 2002 U.S. Dist. LEXIS 2944 at *28-30; *Interstate Contracting Corp.*, 2002 U.S. Dist. LEXIS 1496 at *10-11; *Communications Workers of America*, 241 F.Supp. 2d at 637-38; *Embotelladora*, 952 F.Supp. at 418.

  f. Chiles' "Other" Charges Are Not
     <u>Reasonable Under 28 U.S.C. § 1920</u>

Chiles has identified an entry for "other charges", with no indication of what items are in the category of costs.  The amount is $61.03.  Without further identification, the Court can have no way of knowing if the charges are allowable or not.  Hence, the Chiles Defendants' application for those costs must be denied.

### III.
### <u>CONCLUSION</u>

For the reasons set forth above, the Chiles Defendants' application for the recovery of attorneys' fees should be denied.

The Chiles Defendants' application for the recovery of their costs should also be denied.

A proposed Order is attached herewith.

Respectfully submitted,

**HANCE, SCARBOROUGH, WRIGHT**
  **WOODWARD & WEISBART, L.L.P.**
111 Congress Avenue, Suite 500
Austin, Texas 78701
(512) 479-8888 Telephone
(512) 482-6891 Facsimile

By: _____
        Terry L. Scarborough
        State Bar No. 11760000

Gregory M. Luck
State Bar No. 12666380
Thomas W. Sankey
State Bar No. 17635670
**SANKEY & LUCK, L.L.P.**
6200 Chase Tower, 600 Travis
Houston, Texas 77002
(713) 224-1007 Telephone
(713) 223-7737 Facsimile

Timothy N. Trop
State Bar No. 20236600
**TROP, PRUNER & HU, P.C.**
8554 Katy Freeway, Suite 100
Houston, Texas  77024
(713) 468-8880 Telephone
(713) 468-8883 Facsimile

**ATTORNEYS FOR PLAINTIFF**

---

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record herein by way of:

☒ U.S. Mail, First Class
☐ Certified Mail (return receipt requested)
☐ Facsimile
☐ Federal Express
☐ Hand Delivery

on this 27th day of May, 2003, to-wit:

Rick Harrison
FRITZ BYRNE HEAD & HARRISON, L.L.P.
98 San Jacinto, Suite 2000
Austin, Texas  78701
(512) 476-2020
(512) 477-5267 (fax)
ATTORNEYS FOR CHILES DEFENDANTS

Richard D. Yeomans
GRAVES DOUGHERTY HEARON
  & MOODY, L.L.P.
515 Congress Avenue, Suite 2300
Austin, Texas  78701
(512) 480-5600
(512) 478-1976 (fax)
ATTORNEYS FOR CROW DEFENDANTS

John P. Cahill
HAYS MCCONN RICE & PICKERING
1200 Smith Street, Suite 4200
Houston, Texas  77002
(713) 654-1111
(713) 650-0027 (fax)
ATTORNEYS FOR SDT DEFENDANTS

Terry L. Scarborough

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

## IDENTIFICATION OF DOCUMENTS
## CONTAINED IN EXHIBIT FOLDER

Civil Case No.        A-01-CA-591 JN

Womack+Hampton Architects L.L.C

VS.

Metric Holdings Ltd., et al.

Group    1    OF    1    Group(s)

Attachments to
Document #:        396

Description:        Appendix to Plaintiff's Response and Brief
in Opposition to the Chiles Defendants'
Application for Attorneys' Fees and Costs
(with SEALED Exhibits "A" and "H")

Filed By:        Womack+Hampton

File Date:        5/27/03

_____
DEPUTY CLERK