

FILED

JUN 5 2003

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| WOMACK + HAMPTON ARCHITECTS, L.L.C. | § § | Civil Action No. A 01CA 59 1 JRN |
| Plaintiff | § | (Consolidated No. 1-02-CV 793 JRN) |
| v. | § § | |
| METRIC HOLDINGS, LTD. ET AL | § § | JURY TRIAL DEMANDED |
| Defendant | § | |

*Docket as: Supplement*

## DECLARATION OF PROFESSOR MARSHALL LEAFFER

1.	I am over twenty-one (21) years of age, have never been convicted of a crime involving moral turpitude and am competent to give this Declaration.

2.	I am a distinguished scholar in Intellectual Property Law and University fellow at the Indiana University School of Law.   I received my Bachelor of Arts from the University of Texas in 1964. I received my Master of Arts from the University of Illinois in 1968. I received my Juris Doctorate degree from the University of Texas School of Law in 1971. I received my L.L.M. in trade regulations from the New York University School of Law in 1977.

3.	I have been called upon as an expert in several copyright infringement cases. I have never been disqualified to testify as an expert.

4.	My other credentials are contained in my curriculum vitae, which is attached hereto as Exhibit "A".

5.	I have reviewed the following documents in forming my opinions in this declaration:

	a.	Plaintiff's Third Amended Complaint;

	b.	Answers and Counterclaims filed by all Defendants;



409

c. Motions for Summary Judgment regarding damages;

d. Responses and Cross-Motions;

e. Replys;

f. Magistrate's Reports and Recommendations;

g. Objections to Reports and Recommendations of the U.S. Magistrate Judge on the Crow Defendants' Motion for Partial Summary Judgment;

h. Crows Response to Womack+Hampton Architects' Objections to the Report and Recommendation of the U.S. Magistrate Judge;

i. Motions for Reconsideration and Responses thereto;

j. Judge Nowlin's Orders adopting said reports and recommendations;

k. Declarations of Kenneth J. Valach;

l. Declaration of Robert Buzbee and Supplemental Declaration of Robert Buzbee;

m. Declaration of Lewis Bunch;  and

n. The Defendants' Motions for Attorneys' Fees and Exhibits.

o. My prior expert reports in this case.

6. In addition to the pleadings, testimony and documents as specified in Paragraph 5 above, my opinions are based on my education, experience, knowledge of copyright law,  and my understanding of the applicable legal principals as described below.

7. It is my opinion that none of the factors followed by the U.S. Supreme Court and the Fifth Circuit in awarding attorneys' fees to the prevailing party in a copyright infringement case favor the award of fees to the Defendants in this case.

8. The Plaintiff's case is not objectively unreasonable – in fact, it is my opinion that it is objectively reasonable.  After a review of the Owner/Architect agreements in this case, it is my opinion that the agreement does not allow a re-use of architectural plans without first paying

a re-use fee. Additionally, there is no right granted to the Crow Defendants to make derivative works. Under copyright law, license agreements are to be strictly construed to grant only rights which are expressed in the contract. This Court's opinions which discuss what the parties "contemplated" is contrary to the manner in which licenses are to be construed. That said, pursuit of copyright infringement claims against these defendants is not only reasonable, but warranted.

9.     With all due respect to the decisions of the Magistrate Judge and the District Court, my opinion is that the Crow Defendants acted outside the scope of the license agreement by not paying the re-use fee prior to their admitted copying and re-use – which is by definition unauthorized and therefore infringement.   Chiles and the SDT defendants are all responsible parties under the copyright statute as they had no authorization to utilize Plaintiff's plans and specifications.

10.    Be that as it may, and understanding that the Court has ruled otherwise, the Plaintiff's allegations and prosecution of causes of action for copyright infringement that I have reviewed are plainly not frivolous and/or in bad faith.

11.    The pleadings, testimony and documents that I have reviewed reveal no improper motivation by WHA in pursuing this copyright infringement case. Furthermore, the balancing of the equities does not favor awarding fees to Defendants and would not serve to achieve consideration of compensation and deterrence. In support of this conclusion, I rely upon the following factors:

a.     Defendants admit that they reused the plans and specifications without paying any fees;

b.    The Chiles Defendants testified that they warned the Crow Defendants on numerous occasions that they were committing copyright infringement and that they needed to pay the fee and get an agreement to reuse;

c.    On prior occasions of reuse, the Crow Defendants first paid a reuse fee to obtain a reuse license;

d.    Based upon Chiles concerns regarding copyright infringement and following a crossclaim, the Crow Defendants agreed to and did provide complete indemnification;

e.    The Crow Defendants made the decision to build and sell a multi-million dollar apartment project knowing they had never paid a fee to reuse the plans;

f.    The Defendants have admitted that they modified Plaintiff's original plans and therefore created derivative works;

g.    The Owner/Architect Agreement did not allow the Defendants to create derivative works;

h.    Attached hereto as Exhibit "B" is a true and correct copy of my Rebuttal Expert Report dated October 11, 2002, wherein, *inter alia*, I have opined that the damages claimed by Plaintiff is the proper measure of damages recoverable by a copyright plaintiff for acts of infringement. Under Section 504(b), the copyright holder is only required to submit evidence of the gross revenues/profits realized by the infringer. 17 U.S.C. §504(b); *John G. Danielson, Inc. v. Winchester-Conant Properties, Inc.*, 186 F. Supp. 2d 1, 26 (D.Mass.2002). A rebutable presumption then arises that all of those revenues/profits can be recovered by the copyright holder. *Data General Corp. v. Grumman Sys. Support Corp.*, 36 F.3d 1147, 1173-74 (1st Cir. 1994); *Andreas v. Volkswagen of America, Inc.*, 172 F.Supp.2d at 1170. To rebut this

presumption, the infringer must prove by a preponderance of the evidence the elements in this revenue/profit that are alleged to be deductible expenses. *Grumman, supra; Walker v. Forbes, Inc.,* 28 F. 3d 409, 412 (4th Cir. 1994). If the infringer fails to carry its burden of proof to show those elements of its gross revenues which are not properly deductible, *all of defendants' revenues/profits* are deemed attributable to the infringement. *Walker,* 28 F.3d at 414.

Any uncertainty about how revenues/profits should be apportioned is resolved in favor of the copyright claimant. *Se, Gaste v. Kaiserman,* 863 F. 2d 1061, 1070 (2nd Cir. 1988). In this connection, only those expenses which are proven with considerable specificity to relate to the infringing work may be deducted. *Allen-Mayland v. International Bus. Mach., Inc.,* 770 F. Supp. 1014, 1024 (E.D. Pa. 1991). In instances where an infringer has engaged in deliberate infringement, it may not be entitled to any offset of its expenses. The infringer will also not be allowed to offset where it fails to achieve its burden in presenting its deductible expenses. *See Russell v. Price,* 612 F.2d 1123, 1130-31 (9th Cir. 1979).

Aside from direct profits, a copyright claimant may also recover the defendant's indirect profits upon presentation of a logical connection between a defendant's gross revenues and the infringement. *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.,* 772 F.2d 505, 517 (9th Cir. 1985). Those indirect profits may include profits made on items not covered by the claimant's copyright. *See, Frank Music Corp, supra; Grumman,* 36 F. 3d at 1173-75; *Andreas,* 172 F.Supp. 2d at 1169-70; *Sunset Lamp Corp. v. Alsy Corp.,* 749 F. Supp. 520, 522-23 (S.D.N.Y. 1990)

        i.      There are also miscellaneous factors which disfavor the awarding of fees to the Defendants in this case. These factors include the following:

(a)   WHA had not registered its plans prior to the alleged infringement and therefore would not have been entitled to an award of attorneys' fees in this case. In fact, they filed a stipulation to this fact. Therefore, if the parties are to be treated equally, as supported by the case law, neither Plaintiff or Defendant should be entitled to an award of attorneys' fees.

(b)   It is my opinion in this case that Defendants were willful and deliberate infringers. The facts reveal that that Womack Hampton Architects put the Chiles Defendants and the Crow Defendants on notice that their use of Womack Hampton Architect's plans was unauthorized and would be considered an infringement. [Letter of October 7, 1998; Exhibit "C"]. I am further aware that both the Crow Defendants and the Chiles Defendants confided between themselves that they risked a suit for copyright infringement. [Chiles Dep. Tr. at 20-21; Exhibit "D"; Buzbee Dep. Tr. at 39; Exhibit "E"]. These same Defendants further recognized that the issue of their infringement of Plaintiff's copyrights had not been resolved. [Buzbee Dep. Tr. at 39]. Finally, the Chiles Defendants demanded indemnity as a result of their copying of Plaintiff's copyrighted plans. [Chiles Dep. Tr. at 71; Buzbee Dep. Tr. at 62, 66]. Each of the above actions is inconsistent with a party who believed its conduct to be made in good faith.

(c)   Pursuit of willful and deliberate infringers should not be discouraged by awarding them fees. It would be inconsistent with the purpose of the Copyright Act to deter Plaintiffs from bringing suit when they had a good faith belief that their copyright had been infringed. *Kinley v. Raye,* 1998 U.S. Dist. LEXIS 3019 *18-19 (M.D. Tex. 1998).

12.   It is therefore my opinion that all of the factors in this case disfavor awarding the Defendants their attorneys' fees.

I declare under penalty of perjury that the foregoing is true and correct and that the

statements made upon information and belief are believed by me to be true.

Executed this _____ day of May, 2003.

Marshall A. Leaffer

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

## NOTICE OF DOCUMENT(S) NOT IMAGED
## AND CONTAINED IN EXHIBIT FOLDER

Civil Case No.        A-01-CA-591 JN

WOMACK+HAMPTON ARCHITECTS

VS.

METRIC HOLDINGS, LTD., et al.

Attachments to
Document #:        409

Description:        Exhibits "A" - "E" to the Supplement to
                   (Declaration of Marshall Leaffer) response
                   in opposition to Chiles defendants' motion
                   for attorneys' fees and costs

Filed By:          SL

File Date:         6/5/03

_____
DEPUTY CLERK